## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Case No. 16-31928** |
| | § | |
| **ENERGY XXI LTD,** *et al.*, | § | **(Chapter 11)** |
| | § | |
| | § | **(Joint Administration Requested)** |
| **Debtors.**[1] | § | **(Emergency Hearing Requested)** |
| | § | |

### EMERGENCY MOTION (A) FOR AUTHORITY TO FILE A CONSOLIDATED LIST OF CREDITORS; (B) FOR AUTHORITY TO FILE A CONSOLIDATED LIST OF 50 LARGEST UNSECURED CREDITORS; (C) FOR APPROVAL OF THE FORM AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT OF THESE CHAPTER 11 CASES AND OTHER INFORMATION; AND (D) SETTING BAR DATES

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE IN THE UNITED STATES WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Anglo Suisse Offshore Pipeline Partners, LLC (9562), Delaware EPL of Texas, LLC (9562), Energy Partners Ltd., LLC (9562), Energy XXI GOM, LLC (0027), Energy XXI Gulf Coast, Inc. (8595), Energy XXI Holdings, Inc. (1638), Energy XXI, Inc. (2108), Energy XXI Leasehold, LLC (8121), Energy XXI Ltd (9286), Energy XXI Natural Gas Holdings, Inc. (7517), Energy XXI Offshore Services, Inc. (4711), Energy XXI Onshore, LLC (0308), Energy XXI Pipeline, LLC (5863), Energy XXI Pipeline II, LLC (8238), Energy XXI Services, LLC (3999), Energy XXI Texas Onshore, LLC (0294), Energy XXI USA, Inc. (8552), EPL of Louisiana, L.L.C. (9562), EPL Oil & Gas, Inc. (9562), EPL Pioneer Houston, Inc. (9749), EPL Pipeline, L.L.C. (1048), M21K, LLC (3978), MS Onshore, LLC (8573), Natural Gas Acquisition Company I, LLC (0956), Nighthawk, L.L.C. (9562), and Soileau Catering, LLC (2767). The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is: 1021 Main Street, Suite 2626, Houston, Texas 77002.

US 4078082

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***"), file this *Emergency Motion (A) for Authority to File a Consolidated List of Creditors; (B) for Authority to File a Consolidated List of 50 Largest Unsecured Creditors; (C) for Approval of the Form and Manner of Notifying Creditors of the Commencement of These Chapter 11 Cases and Other Information; and (D) Setting Bar Dates* (the "***Motion***") and in support respectfully state as follows:

## JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the Southern District of Texas (the "***Court***") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested herein are sections 105(a), 107(b), and 521 of title 11 of the United States Code (the "***Bankruptcy Code***"), rules 1007 and 6003 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and rules 3003-1 and 9013-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "***Local Rules***").

## EMERGENCY CONSIDERATION

4.     The Debtors request emergency consideration of this Motion. The Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and the success of these chapter 11 cases.  As discussed in detail below and in the First Day Declaration (as defined below), any delay in granting the relief requested could hinder the Debtors' operations and cause immediate and irreparable harm.  As such, the Debtors believe that emergency consideration is necessary and request that this Motion be heard at the Debtors' first day hearings.

2

## BACKGROUND

5.      Formed in 2005, Energy XXI Ltd ("***Energy XXI***"), an exempted company under the laws of Bermuda, is a publicly-traded, independent oil and natural gas production company. Energy XXI and the other Debtors, all of which are wholly-owned domestic subsidiaries of Energy XXI, are engaged in the acquisition, exploration, development, and operation of oil and natural gas properties primarily offshore on the Gulf of Mexico Shelf (the "***GoM Shelf***"), as well as onshore in Louisiana and Texas.  Based on production volume, the Debtors are the largest publicly-traded, independent operator on the GoM Shelf.

6.      On April 14, 2016 (the "***Petition Date***"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, no request for the appointment of a trustee or examiner has been made and an official committee of unsecured creditors has not been appointed in these chapter 11 cases.

7.      Additional information regarding the Debtors and these chapter 11 cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these chapter 11 cases, is set forth in the *Declaration of Bruce W. Busmire in Support of Chapter 11 Petitions and First Day Pleadings* (the "***First Day Declaration***"),[2] filed contemporaneously herewith and incorporated herein by reference.

## RELIEF REQUESTED

8.      By this Motion, the Debtors seek entry of an order (the "***Order***"), substantially in the form attached hereto as **Exhibit A**:  (a) authorizing the Debtors to file a consolidated creditor

---

[2]      Capitalized terms used but not otherwise defined herein are used as defined in the First Day Declaration.

3

matrix and list of the 50 largest general unsecured creditors in lieu of submitting separate mailing matrices and creditor lists for each Debtor, (b) authorizing the Debtors to redact certain personal identification information for individual creditors, (c) approving the form and manner of notice of commencement of these chapter 11 cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code, and (d) setting bar dates for filing proofs of claim in these chapter 11 cases.  In addition, the Debtors request that the Court schedule a final hearing within approximately 25 days of the Petition Date to consider approval of this Motion on a final basis.

**A.      Consolidated Creditor's Matrix**

9.       Pursuant to Bankruptcy Rule 1007(a)(1), a debtor shall file "a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H . . ." FED. R. BANKR. P. 1007(a)(1). Although the list of creditors usually is filed on a debtor-by-debtor basis, in a complex chapter 11 bankruptcy case involving more than one debtor, the debtors may file a consolidated creditor matrix. *See* Exhibit G to the Procedures for Complex Chapter 11 Cases.

10.       Because the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome, the Debtors respectfully request authority to file one consolidated list of creditors (the "***Creditors Matrix***") for all of the Debtors.

**B.      Consolidated List of 50 Largest General Unsecured Creditors**

11.       Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders . . . ." FED. R. BANKR. P. 1007(d).  Because a large number of creditors assert claims against multiple Debtors, the Debtors request authority to file a single, consolidated list of their 50 largest general unsecured creditors (the "***Top 50 List***").  The Top 50 List will help alleviate administrative burdens, costs, and the possibility of duplicative service. Although they reserve

4

the right to do so in the future, in this Motion, the Debtors are not requesting authority to (a) file consolidated schedules of assets and liabilities and statements of financial affairs or (b) substantively consolidate the Debtors.[3]

**C.     Redaction of Certain Confidential Information.**

12.     Section 107(b) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A). The Debtors respectfully submit that cause exists to authorize the Debtors to redact address information of individual creditors – many of whom are the Debtors' employees – and interest holders from the Creditor Matrix because such information could be used to perpetrate identity theft.   The Debtors propose to provide an unredacted version of the Creditor Matrix to the following parties upon their request: (a) the Court, (b) the Office of the United States Trustee for the Southern District of Texas (the "*U.S. Trustee*"), (c) counsel to the ad hoc committee of Senior Lien Noteholders, and (d) counsel to any official committee of unsecured creditors appointed in these chapter 11 cases.

**D.     Service of the Notice of Commencement**

13.     Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: (1) the meeting of creditors under § 341 or § 1104(b) of the Code . . . ." FED. R. BANKR. P. 2002(a).  Subsection (f) of Bankruptcy Rule 2002 provides

---

[3]     Pursuant the Debtors' *Emergency Motion for Entry of an Order Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, and Statements of Financial Affairs* filed contemporaneously herewith, the Debtors are requesting an extension of the time within which they must file their respective schedules and statements.

US 4078082

that notice of the order for relief shall be sent by mail to all creditors.  FED. R. BANKR. P. 2002(f).

14.     Through Epiq Bankruptcy Solutions, LLC, the Debtors' proposed noticing and claims agent (the "***Noticing and Claims Agent***"), the Debtors propose to serve the Notice of Commencement, substantially in the form attached hereto as **Exhibit B**, to all parties entitled to notice of commencement of these chapter 11 cases to advise them of the section 341 meeting of creditors.  Service of the single Notice of Commencement will not only avoid confusion among creditors, but will prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous creditors' matrix. Accordingly, the Debtors submit that service of a single Notice of Commencement is warranted.

**E.     Setting of Bar Dates**

15.     Bankruptcy Rule 3003(a) provides that "[t]he court shall fax . . . the time within which proofs of claim or interest may be filed."  FED. R. BANKR. P. 3003(a).  Local Rule 3003-1(a) provides that, in chapter 11 cases, "unless otherwise ordered by the court or governed by [subsection (b)], proofs of claim and proofs of interest must be filed within 90 days after the first date set for the meeting of creditors under section 341(a), except that a proof of claim filed by a governmental unit must be filed within 180 days after the order for relief."  BLR 3003-1(a). However, Local Rule 3003-1(b) provides that Bankruptcy Rule 3003(a) does not apply to complex chapter 11 cases.  BLR 3003-1(b).

16.     Contemporaneously herewith, the Debtors have filed a *Notice of Designation as Complex Chapter 11 Cases* requesting complex chapter 11 bankruptcy case treatment. Accordingly, the Debtors request that the Court set bar dates for filing proofs of claim in these chapter 11 cases.  Specifically, the Debtors request that the Court require unsecured creditors and

6

governmental entities to file proofs of claim within 60 days and 180 days, respectively, after the first date set for the meeting of creditors under section 341(a) of the Bankruptcy Code.

## NOTICE

17.     Notice of this Motion has been provided by delivery to:  (a) the Office of the United States Trustee for the Southern District of Texas; (b) the First Lien Agent; (c) counsel to the First Lien Agent; (d) the indenture trustee under the Debtors' Second Lien Notes; (e) counsel to the ad hoc committee of Second Lien Noteholders; (f) the indenture trustee under the Debtors' EGC Unsecured Notes; (g) the indenture trustee under the Debtors' EPL Unsecured Notes; (h) the indenture trustee under the Convertible Notes; (i) the Debtors' 50 largest unsecured creditors (on a consolidated basis); (j) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002; (k) the United States Securities and Exchange Commission; (l) the Internal Revenue Service; and (m) all other applicable government agencies to the extent required by the Bankruptcy Rules or the Local Rules.  In light of the nature of the relief requested in this Motion, the Debtors submit that no further notice is necessary.

## NO PRIOR REQUEST

18.     No prior motion for the relief requested herein has been made to this Court or any other Court.

US 4078082

## PRAYER

The Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, and grant such other and further relief to which the Debtors may be justly entitled.

Dated: April 14, 2016
Houston, Texas

**VINSON & ELKINS LLP**

By: */s/  Bradley R. Foxman*
Harry A. Perrin (TX 15796800)
Bradley R. Foxman (TX 24065243)
Reese A. O'Connor (TX 24092910)
First City Tower
1001 Fannin Street, Suite 2500
Houston, TX 77002-6760
Tel:  713.758.2222
Fax:  713.758.2346
hperrin@velaw.com; bfoxman@velaw.com;
roconnor@velaw.com

- and -

Paul E. Heath (TX 09355050)
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, TX 75201
Tel:  214.220.7700
Fax: 214.999.7787
pheath@velaw.com

- and -

David S. Meyer (NY 4576344)
Jessica C. Peet (NY 5265913)
Lauren R. Kanzer (NY 5216635)
666 Fifth Avenue, 26th Floor
New York, NY 10103-0040
Tel:  212.237.0000
Fax: 212.237.0100
dmeyer@velaw.com; jpeet@velaw.com;
lkanzer@velaw.com

**PROPOSED ATTORNEYS FOR THE
DEBTORS**

US 4078082

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 14, 2016, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Bradley R. Foxman*
One of Counsel

9

US 4078082

**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 16-31928** |
| | § | |
| **ENERGY XXI LTD,** *et al.*, | § | **(Chapter 11)** |
| | § | |
| | § | **(Joint Administration Requested)** |
| **Debtors**[1] | § | **(Emergency Hearing Requested)** |
| | § | |

**ORDER (A) GRANTING AUTHORITY
TO FILE A CONSOLIDATED LIST OF CREDITORS;
(B) GRANTING AUTHORITY TO FILE A CONSOLIDATED LIST OF
50 LARGEST UNSECURED CREDITORS; (C) APPROVING THE FORM AND
MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT OF THESE
CHAPTER 11 CASES AND OTHER INFORMATION; AND (D) SETTING BAR DATES**

Upon the Motion[2] filed by the above-referenced debtors and debtors in possession (collectively, the "***Debtors***") for entry of an order (the "***Order***"):  (a) authorizing the Debtors to file a consolidated creditor matrix and list of the 50 largest general unsecured creditors in lieu of submitting separate mailing matrices and creditor lists for each Debtor, (b) authorizing the Debtors to redact certain personal identification information for individual creditors, (c) approving the form and manner of notice of commencement of these chapter 11 cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code, and (d) setting bar dates for filing proofs of claim in these chapter 11 cases, all as more fully set forth in the

---

[1]    The Debtors in these chapter 11 cases and last four digits of their respective federal tax identification numbers are: Anglo-Suisse Offshore Pipeline Partners, LLC (9562), Delaware EPL of Texas, LLC (9562), Energy Partners Ltd., LLC (9562), Energy XXI GOM, LLC (0027), Energy XXI Gulf Coast, Inc. (8595), Energy XXI Holdings, Inc. (1638), Energy XXI, Inc. (2108), Energy XXI Leasehold, LLC (8121), Energy XXI Ltd (9286), Energy XXI Natural Gas Holdings, Inc. (7517), Energy XXI Offshore Services, Inc. (4711), Energy XXI Onshore, LLC (0308), Energy XXI Pipeline, LLC (5863), Energy XXI Pipeline II, LLC (8238), Energy XXI Services, LLC (3999), Energy XXI Texas Onshore, LLC (0294), Energy XXI USA, Inc. (8552), EPL of Louisiana, L.L.C. (9562), EPL Oil & Gas, Inc. (9562), EPL Pioneer Houston, Inc. (9749), EPL Pipeline, L.L.C. (1048), M21K, LLC (3978), MS Onshore, LLC (8573), Natural Gas Acquisition Company I, LLC (0956), Nighthawk, L.L.C. (9562), and Soileau Catering, LLC (2767). The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is: 1021 Main Street, Suite 2626, Houston, Texas 77002.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

1

Motion; and the First Day Declaration; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and equity security holders; and the Court having found that proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and the Court having found that good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1.      The Motion is **GRANTED** to the extent set forth herein.

2.      The Debtors are authorized to file a single consolidated Creditors Matrix for all of the Debtors' chapter 11 cases.

3.      The Debtors are authorized to file a consolidated Top 50 List.

4.      The Debtors are authorized to redact address information of individual creditors listed on the Creditor Matrix; *provided*, *however* that the Debtors shall provide an un-redacted version of the Creditor Matrix to the following parties upon request: (a) the Court, (b) the U.S. Trustee, (c) counsel to the ad hoc committee of Senior Lien Noteholders; and (d) and counsel to any official committee of unsecured creditors appointed in these chapter 11 cases.

5.      The Debtors are authorized to serve the Notice of Commencement, substantially in the form attached as **Exhibit B** to the Motion, on all parties in interest in accordance with

US 4078082

Bankruptcy Rule 2002. Service of the Notice of Commencement shall be deemed adequate and sufficient notice of: (a) the commencement of the Debtors' chapter 11 cases and (b) the scheduling of the section 341 meeting of creditors.

6.       The general bar date by which unsecured creditors shall file proofs of claim shall be fixed as _____ ___, 2016 at __:__ _.m. (Central Time).

7.       The governmental bar date by which governmental entities holding claims against the Debtors must file proofs of claim shall be fixed as _____ ___, 2016 at __:__ _.m. (Central Time).

8.       A proof of claim filed by mail, hand, or overnight delivery shall be deemed filed only when the proof of claim is actually received by the Noticing and Claims Agent at the applicable addresses listed in the Notice of Commencement.

9.       The requirements of Bankruptcy Rule 6003 are satisfied.

10.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11.      This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: April ___, 2016
Houston, Texas

_____
**UNITED STATES BANKRUPTCY JUDGE**

3

US 4078082

**<u>Exhibit B</u>**

**Notice of Commencement**

US 4078082

Debtors  Energy XXI Ltd, *et al.*

United States Bankruptcy Court for the: Southern District of Texas, Houston Division

Petition Date: 4/14/16

Case number: 16-31928

## Official Form 309F (For Corporations or Partnerships)

## Notice of Chapter 11 Bankruptcy Case

12/15

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

US 4078082

| 1. Debtors' full names | Name of Debtors: | Employer Identification Number: |
|---|---|---|
| | Anglo-Suisse Offshore Pipeline Partners, LLC | 72-1409562 |
| | Delaware EPL of Texas, LLC | 72-1409562 |
| | Energy Partners Ltd., LLC | 72-1409562 |
| | Energy XXI GOM, LLC | 56-2140027 |
| | Energy XXI Gulf Coast, Inc. | 20-4278595 |
| | Energy XXI Holdings, Inc. | 90-0871638 |
| | Energy XXI, Inc. | 26-3832108 |
| | Energy XXI Leasehold, LLC | 45-3948121 |
| | Energy XXI Ltd | 98-0499286 |
| | Energy XXI Natural Gas Holdings, Inc. | 45-3137517 |
| | Energy XXI Offshore Services, Inc. | 47-2054711 |
| | Energy XXI Onshore, LLC | 20-0650308 |
| | Energy XXI Pipeline, LLC | 27-4165863 |
| | Energy XXI Pipeline II, LLC | 45-3938238 |
| | Energy XXI Services, LLC | 20-4583999 |
| | Energy XXI Texas Onshore, LLC | 20-0650294 |
| | Energy XXI USA, Inc. | 20-4278552 |
| | EPL of Louisiana, L.L.C. | 72-1409562 |
| | EPL Oil & Gas, Inc. | 72-1409562 |
| | EPL Pioneer Houston, Inc. | 75-2129749 |
| | EPL Pipeline, L.L.C. | 72-1471048 |
| | M21K, LLC | 90-0793978 |
| | MS Onshore, LLC | 37-1708573 |
| | Natural Gas Acquisition Company I, LLC | 90-0800956 |
| | Nighthawk, L.L.C. | 72-1409562 |
| | Soileau Catering, LLC | 47-4972767 |

| 2. All other names used in the last 8 years | Energy XXI (Bermuda) Limited<br>Energy XXI Natural Gas Partners, LLC<br>Energy XXI Natural Gas Partners LLC<br>Natural Gas Partners Assets, LLC<br>Energy XXI Natural Gas Partners Assets, LLC<br>Marlin Energy Offshore, LLC<br>Duke Energy Hydrocarbons, LLC<br>Energy XXI Texas GP, LLC<br>Marlin Texas GP, L.L.C.<br>Energy XXI Texas, LP<br>Marlin Texas, L.P.<br>Energy Partners, Ltd.<br>EPL Acquisition Corp. LLC<br>Pioneer Houston, Inc. | |
|---|---|---|
| 3. Addresses | 1021 Main Street, Suite 2626<br>Houston, TX 77002<br><br>-and-<br><br>Canon's Court<br>22 Victoria Street<br>P.O. Box 1179<br>Hamilton HM EX, Bermuda | |
| 4. Debtors' attorney<br>Name and address | Vinson & Elkins LLP<br>Attn: Bradley R. Foxman<br>First City Tower<br>1001 Fannin Street, Suite 2500<br>Houston, TX 77002-6760 | Contact phone Tel: 713.758.2222<br>Fax: 713.758.2346<br><br>Email bfoxman@velaw.com |
| 5. Bankruptcy clerk's office<br>Documents in this case may be filed at this address. You may inspect all records filed | David J. Bradley<br>Clerk of Court<br>P.O. Box 61010<br>Houston, TX 77208 | Hours open 8:00 a.m. to 5:00 p.m.<br>Monday through Friday<br>Contact phone Tel: 713.250.5500 |
| 6. Meeting of creditors<br>The debtor's representative must | _____ at _____<br>Date        Time<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | 515 Rusk Street, Suite 3401<br>Houston, Texas 77002 |

US 4078082

| 7.  Proof of claim deadline | **Deadline for filing proof of claim:** |
|---|---|
| | A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. |
| | Your claim will be allowed in the amount scheduled unless: |
| | • your claim is designated as *disputed*, *contingent*, or *unliquidated*; |
| | • you file a proof of claim in a different amount; or |
| | • you receive another notice. |
| | If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled. |
| | You may review the schedules at the bankruptcy clerk's office or online at www.pacer.gov. |
| | Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. |
| **8. Exception to discharge deadline** The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | You must start a judicial proceeding by filing a complaint if you want to have a debt excepted from discharge under 11 U.S.C. § 1141(d)(6)(A). **Deadline for filing the complaint:** |
| **9. Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **10.    Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| **11. Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge under 11 U.S.C. § 1141(d)(6)(A), you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |

Official Form 309F (For Corporations or Partnerships)          **Notice of Chapter 11 Bankruptcy Case**