IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **ENERGY XXI LTD**, *et al.*, | § | CASE NO. 16-31928 |
| DEBTOR | § | |
| | § | (Chapter 11) |
| | § | |
| | § | (Jointly Administered) |

## EMERGENCY MOTION TO APPOINT AN OFFICIAL COMMITTEE OF EQUITY HOLDERS

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**A HEARING WILL BE CONDUCTED ON THIS MATTER ON _____, 2016 AT \_\_\_\_\_ IN COURTROOM 400, 4th FLOOR, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED; YOU SHOULD FILE AN IMMEDIATE RESPONSE.**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The Ad Hoc Committee of Equity Interest Holders (the "Ad Hoc Equity Committee")[1] hereby moves this Court on an emergency basis, pursuant to 11 U.S.C. §1102(a)(2) for the appointment of an official committee of equity holders. The grounds for this Motion are as follows:

## Grounds for Emergency

1. The Debtors have filed a plan and disclosure statement which provides for complete elimination of all equity interest holders. Approval of the plan is currently on a fast track. The deadline to object to the disclosure statement is June 17, 2016. A hearing to approve the disclosure statement is set for June 23, 2016. The members of the Ad Hoc Equity Committee are individual investors who do not have the means to contest total elimination of their investments. The only way for them to gain adequate representation is for the Court to appoint an official equity holders committee which can represent all of the equity holders and which must be paid for by the Debtors.

## Factual Background

2. Shortly before bankruptcy, Debtors' management essentially created the perception of massive insolvency by downgrading their "Proved Undeveloped Reserves" (i.e. "PUDS") to Probable Reserves and thereby creating a write down on March 31, 2016 of $2,670,900,000, or approximately 78% of the entire value of the enterprise. This was done notwithstanding the fact that prices bottomed during the week of January 18, 2016, at around $26.88 per barrel and increased to $37.99 per barrel by the end of March and have continued to increase to over $48 per barrel currently.

3. The creation of this perception of massive insolvency was apparently done in an attempt to justify management's decision to eliminate all of the existing equity and give the vast majority of it to the second lien note holders who will then hire existing management to run the company without any disclosure of compensation other than the mention of an Incentive Plan where management can retain up to 10% of the equity in the Reorganized Debtors.

4. To make matters even more distrustful, the management team received a total of $16,381,202.95 in payments during the year preceding bankruptcy including $4,585,876.65 paid to the CEO, Mr. Schiller. A significant portion of these payments were for so-called "bonuses" and large unidentified "expense reimbursements" paid during the worst downturn in the history of the company. Further, it is clear from SEC records that a number of

---

[1] Marshall Whitmer, Brett Morris, Bill Waltos, Scott Weingarden, Jack Gostle, Joe Shupak, Christian Schick, Robert Roig, Charles Leekley, Michael Mernah, Thomas Howland, Bruce Cacho-Negrepe, Ben Seale, Santiago Cordovez, Kristen C. Plaisance, and Henry J. Negrette.

these officers and directors recently were shareholders in the Debtors, but their names do not appear on the List of Equity Holders. These include Mr. Schiller, Mr. Busmire, Mr. De Pinho, Mr. Menown, and Mr. Dupree. This leaves open a question as to whether these officers and directors sold their shares prior to the bankruptcy. There is also evidence in the SEC records that Mr. Schiller has accepted loans from affiliates of various Energy XXI service providers which may appear to create a conflict of interest. In fact, the most recent Form 10-Q filed by the Debtors with the SEC appears to recognize these problem by stating that the Debtors need to,

> "amend the Company's Code of Business and Ethics to, among other things, include explicit prohibitions and heightened disclosure addressing activities or personal interests that create or appear to create a conflict between personal interests and the interests of the company and implement a new insider trading policy."

5. Notwithstanding these concerns and the excessive payments mentioned above, the plan sponsored by the management team and the second lien lenders provides for the release by the Debtors of any avoidance actions and derivative claims against the management team. The disclosure statement admits that these officers and directors are seeking impermissible third party releases.

6. Under these circumstances, it is critical that the Court order the appointment of an Official Equity Security Holders Committee so matters such as the foregoing can be thoroughly vetted and a potential deal negotiated before approval of a disclosure statement or plan.

## Legal Authorities

7. This Court has jurisdiction by virtue of 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b).

8. Pursuant to 11 U.S.C. §1102(a)(1) the U.S. Trustee is required to appoint an official committee of creditors. However, the U.S. Trustee will only appoint an official committee of equity holders if she deems is appropriate.

9. The undersigned contacted the U.S. Trustee's office to determine if an equity committee was going to be appointed. The U.S. Trustee has declined to appoint a committee unless it becomes clear that equity will receive a distribution. As discussed more fully below, this is really putting the cart before the horse as the Debtors' plan proposes to wipe out equity entirely.

10. Pursuant to 11 U.S.C. §1102(a)(2), if the U.S. Trustee declines to appoint an equity committee, any party in interest may request the Court to order its appointment. If the request is granted, then the U.S. Trustee shall appoint the committee.

11. There is very little case law regarding the circumstances supporting the appointment of a committee. Apparently, the U.S. Trustee believes that an equity committee should be appointed only where the debtor is solvent and entitled to a distribution. *Collier's* vigorously disagrees in multiple respects. With respect to the solvency issue, it states,

> United States trustees often look at the schedules filed by the debtor and determine whether to appoint an equity committee based on whether the schedules indicate that the debtor is solvent. <u>Yet the solvency of the debtor should not be the only factor, or even the principal factor, in deciding whether to appoint a committee of equity security holders.</u> In many chapter 11 cases, only the passage of time and the debtor's attempt to restructure its business will determine whether a recovery will be available for equity.

7-1102 *Collier on Bankruptcy* P 1102.03. In fact, one case has held that solvency is not to be considered by the appointing court. *See In re White Motor Credit Corp.*, 27 B.R. 554 (N.D. Ohio 1982), where the court stated,

> Appellants' last assignment of error is the Bankruptcy Court's refusal to permit evidence regarding White Motor's insolvency. As this Court held in its ruling of April 26, 1982, the issue of White Motor's insolvency was irrelevant in light of the fact that an equity security holders' committee is specifically authorized by § 1102(a)(2) and inasmuch as the interests of the security holders cannot be determined until a reorganization plan is formulated. Accordingly, it was not error for the Bankruptcy Court to deny the continuance and exclude evidence of White Motor's insolvency.

*Id at* 558.

12. *Colliers* asserts that equity committees are essential in cases such as this where the Debtors are going to emerge as a going concern. It states,

> If the debtor has a business that is basically sound, but has sought chapter 11 due to excess indebtedness, the case is most likely to involve negotiations over who gets what under a plan. <u>In such a case, equity security holders deserve a committee to represent their interests in that process</u>.

7-1102 Collier on Bankruptcy P 1102.03. Based on the plan filed by the Debtors, they intend to eliminate excess indebtedness and continue to operate with the exact same management team.

13. Additionally, *Collier's* points out that equity committees are particularly appropriate in larger public company cases where there is a divergence of interest between management and stockholders. It states,

> Appointment is generally only appropriate in chapter 11 cases involving corporations with publicly traded stock. In smaller businesses, stockholders and management are often one and the same and an equity security holders' committee would be pointless. <u>Only in larger corporations is the divergence of interest between management and stockholders such that an equity committee may be warranted.</u>

7-1102 Collier on Bankruptcy P 1102.03. As indicated in the factual background above, the Ad Hoc Equity Committee believes the interests of management and the shareholders have significantly diverged.

{851000-00001 SKR 6/1/2016 01058946.DOCX 1 }   4

14. Finally, *Collier's* points out that,

> The officers and directors of a company in chapter 11 have fiduciary duties running to both creditors and shareholders. Their primary focus will generally be on reorganizing the debtor and it would be distracting and inappropriate for them to be looking out for the interests of stockholders at the expense of creditors. <u>If the reorganization will involve issues that pit the interests of creditors against the interest of stockholders it would be appropriate for the United States trustee to appoint a committee of equity security holders to represent the interests of equity holders in the case.</u>

7-1102 Collier on Bankruptcy P 1102.03. The underlined portion of the quote indicates that equity committees are appropriate where the interests of creditors are pitted against the interests of stockholders. Again, this is precisely the case at bar.

15. In summary, management has chosen to cram down the equity interests to zero. Every other constituency in this case is receiving something. The Debtors' equity interests are widely held. Many of the shareholders are individuals who hold the stock in their retirement accounts. The circumstances under which they are being wiped out are strange to say the least. As indicated above,

   a. Management arbitrarily wrote down the value of the assets creating the insolvency. To date, the Debtors have not produced a single document supporting the massive write down. In fact, the bankruptcy schedules do not contain any valuation even at cost. Rather, these assets are listed as a value of "unknown". Exhibit G to the Disclosure Statement is supposed to contain a valuation. But it was not attached. The equity holders should at least be entitled to see and test the basis for the huge write down.

   b. The same management team that created the write down took $17 million out of the company the year before the bankruptcy.

   c. The same management team indicated in the 10-Q that it needed to amend the company's business code of ethics to address conflicts of interest and insider trading.

   d. The same management team is receiving broad general releases for all past acts.

   e. Nevertheless, the same management team is going to retain an interest in the Reorganized Debtor through undisclosed employment and incentive plans, while other equity holders receive nothing.

16. These factors appear to create a huge conflict of interest between the equity holders and the management team. It simply is unfair for the equity holders to be wiped out by a clearly self-interested management team. Consequently, as envisioned by the Bankruptcy Code and Collier's, this case cries out for the appointment of an official equity committee which can represent the interests of equity holders in reaching a fair and just result in this case.

WHEREFORE, the Ad Hoc Committee prays that the Court enter an order directing the U.S. Trustee to appoint an official committee of equity holders and grant such other and further relief as is just and proper.

Dated: June 2, 2016

                        Respectfully submitted,

                        HOOVER SLOVACEK LLP

                        */s/ Edward L. Rothberg*
By:                                        
                        Edward L. Rothberg
                        State Bar No. 17313990
                        Email: rothberg@hooverslovacek.com
                        Hoover Slovacek LLP
                        Galleria Tower II
                        5051 Westheimer, Suite 1200
                        Houston, Texas 77056
                        Telephone: (713) 977-8686
                        Facsimile: (713) 977-5395

                        ATTORNEY FOR AD HOC COMMITTEE OF
                        EQUITY HOLDERS

## **CERTIFICATE OF CONFERENCE**

    I hereby certify that on multiple occasions, I discussed this motion with the U.S. Trustee's office. The U.S. Trustee's office has declined to exercise its discretion to appoint an official equity holders committee. I further hereby certify that I contacted Debtors' counsel, Harry Perrin by email on June 1, 2016 to determine if the Debtors oppose the motion. I have not received a response.

                                                  */s/ Edward L. Rothberg*
                                                  EDWARD L. ROTHBERG

## **CERTIFICATE OF SERVICE**

    I hereby certify that on June 2, 2016, a true and correct copy of the foregoing Emergency Motion to Appoint and Official Committee of Equity Holders was served via the Court's ECF notification system to the parties listed below at the email addresses listed below.

H Kent Aguillard on behalf of Creditor Bristow U.S. LLC
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Industrial & Oilfield Services, Inc.
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Dale Lindsey, Jr.

kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Harvis Johnson, Jr.
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Jami M. Becnel
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Marci L. Becnel
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Marvin Peter LeBlanc, Jr.
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Nichalos Miller
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Patrick R. Becnel, Jr.
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

Charles A Beckham, Jr on behalf of Creditor Exxon Mobil Corporation
beckhamc@haynesboone.com, kenneth.rusinko@haynesboone.com

Christopher Robert Belmonte on behalf of Interested Party Moody's Analytics Inc
cbelmonte@ssbb.com

David Mark Bennett on behalf of Creditor Nexen Petroleum Offshore USA Inc.
david.bennett@tklaw.com,
gracie.gonzales@tklaw.com;tj.crittendon@tklaw.com;Shannon.Savage@tklaw.com

David Mark Bennett on behalf of Creditor Nexen Petroleum U.S.A. Inc.
david.bennett@tklaw.com,
gracie.gonzales@tklaw.com;tj.crittendon@tklaw.com;Shannon.Savage@tklaw.com

Duane J Brescia on behalf of Creditor Seitel Data, Ltd.
duane.brescia@strasburger.com,
susan.millsapps@strasburger.com,donna.krupa@strasburger.com,bkrtcynotices@strasburger.com

Brandon Augustus Brown on behalf of Creditor Advanced Fire & Safety, LLC
bbrown@stewartrobbins.com, kheard@stewartrobbins.com

Brandon Augustus Brown on behalf of Creditor Production Inland Crews, LLC
bbrown@stewartrobbins.com, kheard@stewartrobbins.com

Robert Bernard Bruner on behalf of Creditor Ad Hoc Committee of Second Lien Noteholders

bob.bruner@nortonrosefulbright.com

Matthew D Cavenaugh on behalf of Creditor Capital One, N.A.
mcavenaugh@jw.com

Matthew D Cavenaugh on behalf of Creditor Dauphin Island Gathering Partners
mcavenaugh@jw.com

Matthew D Cavenaugh on behalf of Creditor Dauphin Island Gathering System, LLC
mcavenaugh@jw.com

Matthew D Cavenaugh on behalf of Creditor Ultra Petroluem
mcavenaugh@jw.com

Sonia Anne Chae on behalf of Interested Party Sonia Chae U.S. Securities & Exchange Commission
chaes@sec.gov, chaes@sec.gov

Robin B Cheatham on behalf of Creditor C&D Production Specialist Co., Inc.
robin.cheatham@arlaw.com, vicki.owens@arlaw.com

Louis C Cisz, III on behalf of Creditor California Public Employees' Retirement System
lcisz@nixonpeabody.com

Scott Thomas Citek on behalf of Creditor Ecoserv, LLC
scitek@lammsmith.com

Carl Dore, Jr on behalf of Creditor Wood Group PSN, Inc.
carl@dorelawgroup.net, vmartinez@dorelawgroup.net

James Scott Douglass on behalf of Interested Party James Scott Douglass
jsd@aol.com

John M Duck on behalf of Creditor Regions Bank
kathy.dahlgreen@arlaw.com

Hector Duran on behalf of U.S. Trustee US Trustee
Hector.Duran.Jr@usdoj.gov

Stanwood R Duval on behalf of Creditor Gulfstream Services, Inc.
stan@duvallawfirm.com

David Robert Eastlake on behalf of Creditor Oceaneering International, Inc.
eastlaked@gtlaw.com, jamrokg@gtlaw.com

Epiq Bankruptcy Solutions LLC

nmrodriguez@epiqsystems.com

Bradley Roland Foxman on behalf of Debtor EPL Pipeline, L.L.C.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor 4.Anglo-Suisse Offshore Pipeline Partners, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Delaware EPL of Texas, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor EPL Oil & Gas, Inc.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor EPL Pioneer Houston, Inc.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor EPL of Louisiana, L.L.C.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy Partners Ltd., LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI GOM, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Gulf Coast, Inc.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Holdings, Inc.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Leasehold, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Ltd
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Natural Gas Holdings, Inc.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Offshore Services, Inc.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Onshore, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Pipeline II, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Pipeline, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Services, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Texas Onshore, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI USA, Inc.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI, Inc.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor M21K, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor MS Onshore, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Natural Gas Acquisition Company I, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Nighthawk, L.L.C.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Soileau Catering, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Robert P Franke on behalf of Creditor Hanover Insurance Company
robert.franke@strasburger.com, mina.alvarez@strasburger.com

Adam J. Goldberg on behalf of Creditor Committee Official Commitee of Unsecured Creditors
adam.goldberg@lw.com

Thomas H Grace on behalf of Interested Party DNOW, L.P.
thgrace@vorys.com, sghaskins@vorys.com;kbconiglio@vorys.com

Thomas H Grace on behalf of Interested Party National Oilwell Varco, L.P.
thgrace@vorys.com, sghaskins@vorys.com;kbconiglio@vorys.com

Tara L Grundemeier on behalf of Creditor Cypress-Fairbanks ISD
houston_bankruptcy@publicans.com

Tara L Grundemeier on behalf of Creditor ATTN. TARA L. GRUNDE HARRIS COUNTY
houston_bankruptcy@publicans.com

Jennifer Jaye Hardy on behalf of Creditor Wells Fargo Bank, N.A.
jhardy2@willkie.com, mao@willkie.com

Christopher Richard Harris on behalf of Creditor Committee Official Commitee of Unsecured Creditors
christopher.harris@lw.com

Michael S Haynes on behalf of Creditor Quail Tools, L.P.
mhaynes@gardere.com, koliver@gardere.com;jcharrison@gardere.com

Michael S Haynes on behalf of Creditor Weatherford International, Inc.
mhaynes@gardere.com, koliver@gardere.com;jcharrison@gardere.com

Paul E Heath on behalf of Debtor Anglo-Suisse Offshore Pipeline Partners, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Delaware EPL of Texas, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor EPL Oil & Gas, Inc.
pheath@velaw.com

Paul E Heath on behalf of Debtor EPL Pioneer Houston, Inc.
pheath@velaw.com

Paul E Heath on behalf of Debtor EPL Pipeline, L.L.C.
pheath@velaw.com

Paul E Heath on behalf of Debtor EPL of Louisiana, L.L.C.
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy Partners Ltd., LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI GOM, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Gulf Coast, Inc.
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Holdings, Inc.
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Leasehold, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Ltd
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Natural Gas Holdings, Inc.
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Offshore Services, Inc.
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Onshore, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Pipeline II, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Services, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Texas Onshore, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI USA, Inc.
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI, Inc.
pheath@velaw.com

Paul E Heath on behalf of Debtor M21K, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor MS Onshore, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Natural Gas Acquisition Company I, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Nighthawk, L.L.C.
pheath@velaw.com

Paul E Heath on behalf of Debtor Soileau Catering, LLC

pheath@velaw.com

John F Higgins, IV on behalf of Interested Party Special Committee of the Board of EPL Oil & Gas, Inc.
jhiggins@porterhedges.com, ksteverson@porterhedges.com;emoreland@porterhedges.com

William James Hotze on behalf of Creditor Island Operating Company, Inc.
whotze@diamondmccarthy.com, lsimon@diamondmccarthy.com

Dennis L. Jenkins on behalf of Creditor Ad Hoc Group of EPL Noteholders
dennis.jenkins@wilmerhale.com

Dennis L. Jenkins on behalf of Interested Party Unaffiliated Holders of the 8.25% Senior Notes due 2018 issued by EPL Oil & Gas, Inc.
dennis.jenkins@wilmerhale.com

Benjamin W Kadden on behalf of Creditor Adriatic Marine, L.L.C.
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor B&J Martin, Inc.
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor Dynamic Production Services, Inc.
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor Fab-Con, Inc.
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor Fluid Crane & Construction, Inc.
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor Gulf Resource Management, Inc.
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor Louisiana Machinery Company, LLC
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor SeaTran Marine, LLC
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor United Construction Services, LLC
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor United Fire & Safety, Inc.
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Brian A Kilmer on behalf of Creditor Fieldwood Energy LLC
bkilmer@kcw-lawfirm.com, bkilmer@ecf.courtdrive.com

Henry Arthur King on behalf of Creditor PHI, Inc.
hking@kingkrebs.com,
cwomack@kingkrebs.com;dbaldass@kingkrebs.com;jburmaster@kingkrebs.com

Tyler Nathaniel Layne on behalf of Interested Party U.S. Bank National Association, as Indenture Trustee
tyler.layne@wallerlaw.com, chris.cronk@wallerlaw.com

David Edward Lemke on behalf of Interested Party U.S. Bank National Association, as Indenture Trustee
david.lemke@wallerlaw.com, cathy.thomas@wallerlaw.com;chris.cronk@wallerlaw.com

Kim Ellen Lewinski on behalf of Creditor Wood Group PSN, Inc.
klewinski@dorelawgroup.net

Demetra L Liggins on behalf of Creditor Nexen Petroleum Offshore USA Inc.
Demetra.Liggins@tklaw.com,
patricia.flores@tklaw.com;Nashira.Parker@tklaw.com;tj.crittendon@tklaw.com;Shannon.Savage@tklaw.com

Benjamin W. Loveland on behalf of Interested Party Unaffiliated Holders of the 8.25% Senior Notes due 2018 issued by EPL Oil & Gas, Inc.
Benjamin.loveland@wilmerhale.com

Tristan E Manthey on behalf of Creditor Wellbore Fishing & Rental Tools, LLC
tmanthey@hellerdraper.com,
kfritscher@hellerdraper.com;cnobles@hellerdraper.com;lbush@hellerdraper.com

Tristan E Manthey on behalf of Creditor Committee Official Commitee of Unsecured Creditors
tmanthey@hellerdraper.com,
kfritscher@hellerdraper.com;cnobles@hellerdraper.com;lbush@hellerdraper.com

Kevin M Maraist on behalf of Creditor Archrock Partners Operating, L.L.C. and Archrock Services, L.P.
kmaraist@albmlaw.com

Zachary S McKay on behalf of Creditor Wood Group PSN, Inc.
zmckay@dorelawgroup.net

Todd C Meyers on behalf of Interested Party Wilmington Trust, National Association, as Indenture Trustee
tmeyers@kilpatricktownsend.com,
lcanty@kilpatricktownsend.com;mwilliams@kilpatricktownsend.com;gfinizio@kilpatrickowns

end.com;mhindman@kilpatricktownsend.com

Maria A Milano on behalf of Creditor Microsoft Corporation and Microsoft Licensing GP
mmilano@riddellwilliams.com

Mark Mintz on behalf of Creditor Gulf Island, LLC
mmintz@joneswalker.com, sliberio@joneswalker.com;hstewart@joneswalker.com

Matthew Armin Moeller on behalf of Creditor All Coast, LLC
matthew@moellerfirm.com

John A Mouton, III on behalf of Creditor Cardinal Coil Tubing, LLC
john@jmoutonlaw.com

John A Mouton, III on behalf of Creditor Vesco Rental & Pressure Control, LLC
john@jmoutonlaw.com

Lisa Marie Norman on behalf of Creditor Subsurface Consultants & Associates, LLC
lnorman@andrewsmyers.com, bratliff@andrewsmyers.com

Reese Andrew O'Connor on behalf of Debtor EPL Pipeline, L.L.C.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor 4.Anglo-Suisse Offshore Pipeline Partners, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Anglo-Suisse Offshore Pipeline Partners, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Delaware EPL of Texas, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor EPL Oil & Gas, Inc.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor EPL Pioneer Houston, Inc.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor EPL Pipeline, L.L.C.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor EPL of Louisiana, L.L.C.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy Partners Ltd., LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI GOM, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Gulf Coast, Inc.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Holdings, Inc.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Leasehold, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Ltd
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Natural Gas Holdings, Inc.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Offshore Services, Inc.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Onshore, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Pipeline II, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Pipeline, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Services, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Texas Onshore, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI USA, Inc.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI, Inc.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor M21K, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor MS Onshore, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Natural Gas Acquisition Company I, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Nighthawk, L.L.C.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Soileau Catering, LLC
roconnor@velaw.com

Jean Paul Picou Overton on behalf of Creditor Warrior Energy Services Corporation
jeanpaul.overton@superiorenergy.com

Stewart F Peck on behalf of Creditor Adriatic Marine, L.L.C.
speck@lawla.com

Stewart F Peck on behalf of Creditor B&J Martin, Inc.
speck@lawla.com

Stewart F Peck on behalf of Creditor Dynamic Production Services, Inc.
speck@lawla.com

Stewart F Peck on behalf of Creditor Fab-Con, Inc.
speck@lawla.com

Stewart F Peck on behalf of Creditor Fluid Crane & Construction, Inc.
speck@lawla.com

Stewart F Peck on behalf of Creditor Gulf Resource Management, Inc.
speck@lawla.com

Stewart F Peck on behalf of Creditor Industrial & Oilfield Services, Inc.
speck@lawla.com

Stewart F Peck on behalf of Creditor Louisiana Machinery Company, LLC
speck@lawla.com

Stewart F Peck on behalf of Creditor SeaTran Marine, LLC
speck@lawla.com

Stewart F Peck on behalf of Creditor United Fire & Safety, Inc.
speck@lawla.com

Lisa Ann Powell on behalf of Creditor Capital One, N.A.

lpowell@jw.com, lkcook@jw.com;pnickerson@jw.com

Patricia Williams Prewitt on behalf of Creditor EP Energy E&P Company, LP
pwp@pattiprewittlaw.com

Patricia Williams Prewitt on behalf of Creditor Venice Energy Services and Venice Gathering System
pwp@pattiprewittlaw.com

Adam S Ravin on behalf of Creditor Committee Official Commitee of Unsecured Creditors
adam.ravin@lw.com

Robert S Reich on behalf of Creditor Bordelon Marine, Inc.
rreich@rapllclaw.com,
mordonez@rapllclaw.com;lplunkett@rapllclaw.com;hchandler@rapllclaw.com;lgros@rapllclaw.com;mwyatt@rapllclaw.com;rlatuso@rapllclaw.com

Robert S Reich on behalf of Creditor Offshore Liftboats, LLC
rreich@rapllclaw.com,
mordonez@rapllclaw.com;lplunkett@rapllclaw.com;hchandler@rapllclaw.com;lgros@rapllclaw.com;mwyatt@rapllclaw.com;rlatuso@rapllclaw.com

Ryan J Richmond on behalf of Creditor Advanced Fire & Safety, LLC
rrichmond@stewartrobbins.com, ryan.richmond.cmecf@gmail.com;kheard@stewartrobbins.com

Ryan J Richmond on behalf of Creditor Production Inland Crews, LLC
rrichmond@stewartrobbins.com, ryan.richmond.cmecf@gmail.com;kheard@stewartrobbins.com

Robin Russell on behalf of Interested Party Special Committee of the Board of Energy XXI Gulf Coast, Inc.
rrussell@andrewskurth.com

Bruce J. Ruzinsky on behalf of Creditor Capital One, N.A.
bruzinsky@jw.com, ygalvin@jw.com

Craig A Ryan on behalf of Creditor Flow Petroleum Services, Inc.
ryan@onebane.com

Ryan Michael Seidemann on behalf of Creditor State of Louisiana, Dept. of Natural Resources, OMR
seidemannr@ag.state.la.us, lentoc@ag.state.la.us

Mitchell A Seider on behalf of Creditor Committee Official Commitee of Unsecured Creditors
mitchell.seider@lw.com

Gina D Shearer on behalf of Creditor Aspen American Insurance Company

Case 16-31928   Document 389   Filed in TXSB on 06/02/16   Page 19 of 20

gshearer@l-llp.com, tbarrera@l-llp.com;gshearer@ecf.courtdrive.com

Gina D Shearer on behalf of Creditor Chubb Group of Insurance Companies including Westchester Fire Insurance Company
gshearer@l-llp.com, tbarrera@l-llp.com;gshearer@ecf.courtdrive.com

Gina D Shearer on behalf of Creditor Liberty Mutual Insurance Company
gshearer@l-llp.com, tbarrera@l-llp.com;gshearer@ecf.courtdrive.com

Barnet B Skelton, Jr on behalf of Creditor Nexen Petroleum Offshore USA Inc.
barnetbjr@msn.com

Phil F Snow, Jr on behalf of Creditor WesternGeco LLC
philsnow@snowspencelaw.com,
janissherrill@snowspencelaw.com;lauraterrell@snowspencelaw.com

Owen Mark Sonik on behalf of Creditor Sheldon Independent School District
osonik@pbfcm.com, tpope@pbfcm.com;osonik@ecf.inforuptcy.com;houbank@pbfcm.com

Adam Raines Swonke on behalf of Creditor Prosperity Bank, N.A.
aswonke@wellscuellar.com

Adam Raines Swonke on behalf of Creditor Superior Natural Gas Corporation
aswonke@wellscuellar.com

Adam Raines Swonke on behalf of Creditor Superior Processing Services Corporation
aswonke@wellscuellar.com

Timothy Thriffiley on behalf of Creditor River Rental Tools, Inc.
tthriffiley@pivachlaw.com

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

Michael D Warner on behalf of Interested Party Wilmington Trust, National Association, as Indenture Trustee
mwarner@coleschotz.com, klabrada@coleschotz.com

Gregory M Weinstein on behalf of Creditor Philadelphia Indemnity Insurance Companies
gweinstein@weinrad.com

Morris Dean Weiss on behalf of Interested Party U.S. Bank National Association, as Indenture Trustee
morris.weiss@wallerlaw.com, sherri.savala@wallerlaw.com;annmarie.jezisek@wallerlaw.com

Stephen Lynn Williamson on behalf of Creditor Fugro Chance, Inc.

swilliamson@monbar.com, mokeefe@monbar.com

William Alfred Wood, III on behalf of Creditor Eni Petroleum US LLC
Trey.Wood@bracewelllaw.com

Matthew G Wylie on behalf of Creditor RCP Inc
mwylie@wylie-law.com

Timothy A York on behalf of Creditor RLI Insurance Company
tyork@qslwm.com, nchancellor@qslwm.com

Victor Weitao Zhao on behalf of Interested Party United States Department of the Interior
victor.w.zhao@usdoj.gov

                                              */s/ Edward L. Rothberg*
                                              EDWARD L. ROTHBERG