**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **ENERGY XXI LTD,** *et al.*, | § | **CASE NO.  16-31928** |
| **DEBTOR** | § | |
| | § | **(Chapter 11)** |
| | § | |
| | § | **(Jointly Administered)** |

**OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS OBJECTION TO
DEBTORS' AMENDED DISCLOSURE STATEMENT**
[Relates to 328, 398, and 502]

The Official Committee of Equity Security Holders (the "Equity Committee") in these

Chapter 11 cases hereby objects to the Amended Disclosure Statement filed by the Debtors (Doc.

No. 502).  The grounds for this objection are as follows:

**Factual Background**

1.     These Chapter 11 cases were filed on April 14, 2016, pursuant to a pre-petition

Restructuring Support Agreement ("RSA").[1]

2.     According to the Disclosure Statement the equity interests issued by the Debtor,

Energy XXI, can be described as follows per the Debtor and these numbers have not been

verified:

a.     692,450 shares of 5.625% Perpetual Convertible Preferred Stock;

b.     3000 shares of 7.25% Perpetual Convertible Preferred Stock; and,

c.     Undetermined number of issued shares of common stock par value $0.005
per share.

---

[1] The Equity Committee is currently investigating retention of Bermuda counsel to determine whether the Debtors violated Bermuda law by entering into the Restructuring Support Agreement and/or whether the Plan comports with Bermuda law. Prior to taking on such expense, the Equity Committee also reached out to the Debtors and other interested parties to see what, if any, Bermuda resources the parties were relying upon to determine the Restructuring Support Agreement is allowed under Bermuda law and the Plan meets the requirements of Bermuda law so that it is not patently unconfirmable.

3.      The Amended Disclosure Statement (Doc. No. 502, p.10) states that 97,507,056 shares were issued. However, the Winding Up Petition filed in Bermuda alleges that 95,459,002 shares were issued. This is a large disparity which needs to be explained and disclosed to all parties in interest.

4.      The Amended Disclosure Statement provides little information regarding the Bermuda proceeding. A copy of the Winding Up Petition is attached as **Exhibit A.**

5.      On May 20, 2016, Debtors filed their Joint Chapter 11 Plan of Reorganization proposing to wipe out all of its preferred and common equity holders.[2]

6.      On June 2, 2016, the Ad Hoc Equity Committee filed its Motion to Appoint an Official Equity Committee.

7.      On June 15, 2016, the Court entered its Order Directing Appointment of an Official Committee of Equity Security Holders.

8.      On June 17, 2016, the US Trustee appointed the Equity Committee.

9.      The Equity Committee has carefully reviewed the original Disclosure Statement and the Amended Disclosure Statement and believes certain key information is not disclosed. Therefore, the following objections are asserted.

### **Inadequacy of Information Contained In Disclosure Statement**

10.     In order to be approved, a disclosure statement must contain "adequate information" as that term is defined in 11 U.S.C. § 1125(a).  It is fundamental that for information contained in a disclosure statement to be adequate, it must contain accurate information sufficient to enable a hypothetical investor typical of the holders of claims or interests in the case to make

---

[2] There is a concern whether all equity received notice of the initial filing of this case given the disparity in the number of shares and the fact that the service Epiq sent out was not to the DTCC participant list for Energy XXI, but was sent out to a list of some of the usual brokers involved in public company cases.

an informed judgment about the plan.  The information contained in the Disclosure Statement is missing key data needed to make an informed decision about the Plan.  The Disclosure Statement needs to include the information discussed below.

11.     The following information should be disclosed:

a.     *Directors and Officers.*  A key part of any reorganization plan is who will be managing the Reorganized Debtor.  *See* Sec. 1129(a)(5).  The Disclosure Statement completely fails to identify the members of the proposed board of directors or the officers, except to state that John Schiller will remain on the New Parent Board to serve as CEO.  The Debtors should be required to identify each individual who will serve on the board and/or as an officer and describe their previous affiliations with the Debtor, its board and officers.  In addition, the Debtors should disclose the amount of preferred stock, common stock, options or warrants each Director and Officer owns in Energy XXI.

b.     *Insider Compensation.* Section 1129(a)(5)(B) further requires the disclosure of the compensation to be paid to any insider who is to serve as a post-confirmation officer and/or director.  John Schiller is an insider and the Disclosure Statement completely fails to identify his post-confirmation compensation other than to state that he will be the beneficiary of a Management Incentive Plan where he may be awarded as much as 8% of the equity in the Reorganized Debtor.  Unbelievably, the Term Sheet attached to the RSA states that the terms of the Management Incentive Plan will not be disclosed until the Effective Date, long after the plan is confirmed thereby making it impossible for creditors and equity holders to determine if the Management Incentive Plan is objectionable.  All terms of compensation for insiders must be included in the Disclosure Statement.

c.     *Releases.*  The Disclosure Statement describes broad general releases to be provided to the directors, officers and plan sponsors without any disclosure of any investigation into the claims that could exist other than to disclose the officers were subject to potential preference claims.  The Debtors are aware that the pending SEC Investigation could result in claims the Debtors may have against the parties involved or shareholders may have claims whether direct or derivative claims on behalf of the Company. The fact investigation could lead to a finding that there were violations of other federal or state civil or criminal laws.

d.     *Unexplained Financial Reporting Fluctuations.*  The Debtors most recent financial filings after the retention of financial restructuring professionals in early 2016, vary significantly from the prior financials reported by the Company.  For example, Energy XXI's January 2016 investor presentation (**Exhibit B**) where the values set forth therein do not comport with the

values set forth in the Form 10Q filed on February 16, 2016 for the period ending December 31, 2016. **(Exhibit C).** From June 2015 to December 2015, the Debtors property went from a reported value of $3.9 billion to about $1.1 billion. In the January 2016 presentation, the proved reserves alone have a reported value of $2.8 billion and this was transmitted after the December 31, 2015 date. Exhibit B, p. 3. The Disclosure Statement should provide a better explanation regarding the impairments and fluctuations in the financials being reported to shareholders via investor presentations and the SEC filings.

e.   Also, the Disclosure Statement completely fails to describe any potential claims the Plan is supposed to release or, rather, the investigation into what claims exist which should be preserved and which claims released. All such claims need to be described in detail in the Disclosure Statement. Moreover, the consideration being paid or provided to the Released Parties needs to be described in detail. Judge Isgur ordered this information to be added to the Disclosure Statement before the hearing to appoint the official committee. The Debtor amended the Disclosure Statement, but during the hearing on the motion to appoint the equity committee Judge Isgur found that the Debtors failed to adequately provide this information. In addition, the Debtors acknowledged that the alleged intent of the releases and the language in the Disclosure Statement were disjointed and required an amendment to meet the intent of the parties who approved the releases. No further amendment has been filed as of this date.

f.   *Conflicts and Insider Trading.* During the hearing on the motion to appoint the official committee, undisputed evidence was presented that certain officers and directors of the Debtor including Mr. Schiller may have conflicts in that they took loans from vendors and/or the owners, officers and/or directors of the Debtors' vendors/customers which still remain due and owing. In addition, there is a concern that insiders may have engaged in improper insider trading. Judge Isgur ordered disclosures relating to the claims the Debtors have against the insiders proposed to benefit from Plan releases. The Debtors were ordered to amend the Disclosure Statement by midnight on June 14, 2016. The Debtor timely amended the Disclosure Statement, but the lengthy amendments which were inserted were still insufficient to provide information regarding the Debtors investigation into the loans that Mr. Schiller obtained. The Amended Disclosure Statement was the first time that the Debtors disclosed that there was an SEC Investigation. At the June 15, 2016 hearing on the motion to appoint the equity committee, Judge Isgur found that the Debtor failed to adequately provide this information.

g.   *Security Interests Against Officers and Directors.* At the June 15, 2016 hearing on the motion to appoint an equity committee, there was a discussion regarding the potential claims equity holders may have against the Debtors' officers and directors. As such, the Debtors should disclose the

loans and security interests asserted against officers like John Schiller which involve individuals or entities who are affiliated with Energy XXI's vendors, counterparties or customers.  For example, in August 2015, a UCC-1 Financing Statement was filed against Mr. Schiller by Michael Blake asserting a lien over all of Mr. Schiller's property.  On information and belief, Mr. Blake is an owner of Blake International Rigs, LLC and other affiliated entities which reportedly did business with the Debtors.[3]

h.  *Loans to Mr. Schiller by Vendors/Customers or Counterparties.*  Mr. Schiller should be required to disclose any and ALL loans he received from vendors/customers, including the officers, directors and owners of such entities, or anyone else affiliated with the Debtors.  For example, in late November 2015, a suit was filed by Stephen Williams against Mr. Schiller attempting to collect a total of over $3 million owed on promissory notes.  The matter was non-suited shortly before the filing of the Bankruptcy.  On information and belief, Stephen Williams, the plaintiff, is the owner of entities which are creditors in the Bankruptcy.   Further, apparently after Energy XXI's internal investigation interviews were concluded, one of Mr. Schiller's persona lenders filed a UCC-Financing Statement against all of Mr. Schiller's assets.  All loans with vendors or other interested parties should be disclosed including any amounts that remain unpaid and the reasons for such loans. The Debtors propose to name Mr. Schiller as the CEO which makes such information highly relevant especially given the past costs and expenses involved in the earlier investigation and ongoing SEC investigation.

i.  *Valuation.*   During the hearing on the motion to appoint the official committee, undisputed evidence was presented that the Debtors represented to its equity holders that its enterprise value was $4.1 billion as of December 2015.  If you subtract $3 billion in debt, that leaves $1 billion of equity for shareholders.  Three months later the Debtors wrote down the value of its proved undeveloped reserves from $3.7 billion to $800 million despite stating that those reserves were economically feasible at current prices.  The Debtor put on an expert witness supporting a maximum value of $800 million, but that witness could not explain how the value dropped so dramatically while oil and gas prices were actually increasing.  The expert also could not identify why the Debtors promoted an enterprise value of $4.1 billion just months before his valuation being conducted showing a substantially lower enterprise value. The Debtors should be required to insert a detailed explanation of how the Debtors relied on PV-10 values in SEC reporting to shareholders, but then months later retain an expert

---

[3]  The Disclosure Statement provides "The SEC later requested information from Energy XXI and Mr. Schiller about the loans from personal acquaintances or their affiliates, certain of whom provided Energy XXI and certain of its subsidiaries with services."  Doc. No. 502, p. 290.  While the SEC may have a non-public investigation which makes which loans the SEC questioned the Debtors about confidential in some respect, that should not prevent the Debtors from disclosing all loans the Debtors know about between Mr. Schiller and vendors or creditors (or their officers and directors).

suggesting the PV-10 values were previously misstated. The Debtors' should be required to have their "reserve engineers"/book reserve auditor, Netherland, Sewell & Associates, provide explanations as to why the PV-10 values used before the retention of PJT Partners in February 2016 for restructuring were or were not accurate. Likewise, Mr. Peter Laurinaitis of PJT Partners should be required to explain why he deemed it proper to use a different value for the PV-10 values then was previously reported in SEC records.

j.  *SEC Claim.* The SEC filed a proof of claim in the amount of $3.9 million for various securities law violations. The Disclosure Statement and Plan propose to issue tradable shares to the second lien holders. The Debtors ought to disclose the nature of the alleged SEC violations before they are allowed to confirm a plan which allows them to terminate equity and issue new publicly traded shares or equity of any kind.

k.  *Insurance Policies.* The Disclosure Statement does not identify the extent of insurance coverage available and carrier for such coverage, including but not limited to any policies providing coverage for securities claims, director and officer claims, or other covered claims.

l.  *Bermuda Proceeding.* The Disclosure Statement provides no disclosures regarding the status of the Bermuda liquidation proceeding. At a recent hearing, the Debtors informed the parties and Court that the Bermuda proceeding was abated until November. The Disclosure Statement does not set forth what measures were taken to insure the Plan was permitted under Bermuda law or any findings from a Bermuda attorney that it will be recognized by the Bermuda Court. Further, the Effective Date is conditioned on the Bermuda Court recognizing the Plan under Bermuda law ultimately providing the Bermuda Court decision making authority over whether the Plan will become effective after it has been approved by this Court which creates uncertainty. See, Doc. No. 502, p. 74, ¶(I)(2)(2); p. 175, ¶(B)(2). Further, without having the Order appointing the provisional liquidator, the scope of the duties of the provisional liquidator in these proceedings is unknown. The provisional liquidator's role and responsibilities should be disclosed. While a couple of the Debtors are Bermuda entities, the winding up petition is only for the public company, Energy XXI, Ltd.

m.  *Restructuring Support Agreement.* The Debtors have also not provided any Bermuda authority to support that the Restructuring Support Agreement complies with Bermuda law. The Equity Committee has reached out to the Unsecured Creditors Committee and Debtors seeking their evaluations and findings regarding the applicability of Bermuda law. If necessary, the Equity Committee may need to retain Bermuda counsel and, in planning for such need, has reached out to Bermuda counsel. However, without providing a legal opinion on Bermuda law, a review of the Debtor's Bye-

laws and the Bermuda Companies Act appear to suggest that the Restructuring Support Agreement was not in compliance with Bermuda law because the Debtor should have presented the matter at a shareholder meeting in order for the Company to resolve to proceed with a voluntary winding up petition.

n.   *Notice to Shareholders.* As noted above, the Debtors did not serve initial notice of the Bankruptcy on the DTCC Participant List which raises a concern of whether all equity interests, including those with beneficial interests, received notice.  As such, the Equity Committee has suggested to the Debtors that if the Disclosure Statement should be approved by the Court it should be conditional approval with notice of the Order approving same and setting the plan confirmation related deadlines to the DTCC Participant List. This is something Epiq can help the Debtors in processing and has experience obtaining the lists in other matters.  A conditional approval would allow anyone who did not receive notice sufficient notice prior to the confirmation hearing to review and dispute any concerns prior to confirmation.

o.   *Disclosure of the Second Lien Holders and Undisclosed Parties Referenced in PJT Partners Application to Employ.*  The Second Lien Holders do not appear to be disclosed except to set forth the managers for various groups. The Second Lien Holders should be disclosed to identify if there are connections with other interested parties, especially given the reported issues with vendor loans to officers and directors. Likewise, PJT Partners was working with the Second Lien Holders on restructuring efforts and financial review for months before the filing of the Bankruptcy.  PJT Partners Application to Employ (Doc. No. 243, p. 62 – 63), states parties cannot be disclosed for confidentiality reasons.  As key witnesses for the confirmation and the parties which were involved when the financial reporting for the company was significantly modified, such connections should be disclosed for the purposes of the confirmation process.

12.   This limited objection should not be taken as a waiver of any objection the Equity Committee might have to confirmation of the Chapter 11 plan.  The Equity Committee hereby reserves its right to object to confirmation on any applicable grounds. The Equity Committee further reserves all rights to assert additional defects with the Disclosure Statement at the hearing to approve the Disclosure Statement.

Wherefore, the Official Equity Security Holders Committee prays that the Court deny approval of the Amended Disclosure (Doc. No. 502) unless the Debtors amend their disclosure statements to address the items noted above.

DATED: July 8, 2016.

Respectfully submitted,

HOOVER SLOVACEK LLP

*/s/ Deirdre Carey Brown*

By:_____
EDWARD L. ROTHBERG
State Bar No. 17313990
DEIRDRE CAREY BROWN
State Bar No. 24049116
5051 Westheimer Suite 1200
Houston, Texas 77056
Telephone: 713.977.8686
Facsimile:  713.977.5395

ATTORNEYS FOR THE OFFICIAL EQUITY COMMITTEE

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2016, a true and correct copy of the foregoing Combined Limited Objection to Disclosure Statements filed by Debtors was served upon the Debtors via electronic mail and to all parties requesting ECF notice.

H Kent Aguillard on behalf of Creditor Aggreko, Inc.
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Bristow U.S. LLC
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Flow Service & Consulting LLC
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Industrial & Oilfield Services, Inc.
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Dale Lindsey, Jr.
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Harvis Johnson, Jr.

kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Jami M. Becnel
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Marci L. Becnel
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Marvin Peter LeBlanc, Jr.
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Nichalos Miller
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Patrick R. Becnel, Jr.
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

Charles A Beckham, Jr on behalf of Creditor Exxon Mobil Corporation
beckhamc@haynesboone.com, kenneth.rusinko@haynesboone.com

Christopher Robert Belmonte on behalf of Interested Party Moody's Analytics Inc
cbelmonte@ssbb.com

David Mark Bennett on behalf of Creditor Arena Energy LP
david.bennett@tklaw.com, gracie.gonzales@tklaw.com;tj.crittendon@tklaw.com;Shannon.Savage@tklaw.com

David Mark Bennett on behalf of Creditor Arena Offshore, LP
david.bennett@tklaw.com, gracie.gonzales@tklaw.com;tj.crittendon@tklaw.com;Shannon.Savage@tklaw.com

David Mark Bennett on behalf of Creditor Devon Energy Production Company, LP
david.bennett@tklaw.com, gracie.gonzales@tklaw.com;tj.crittendon@tklaw.com;Shannon.Savage@tklaw.com

David Mark Bennett on behalf of Creditor Nexen Petroleum Offshore USA Inc.
david.bennett@tklaw.com, gracie.gonzales@tklaw.com;tj.crittendon@tklaw.com;Shannon.Savage@tklaw.com

David Mark Bennett on behalf of Creditor Nexen Petroleum U.S.A. Inc.
david.bennett@tklaw.com, gracie.gonzales@tklaw.com;tj.crittendon@tklaw.com;Shannon.Savage@tklaw.com

David Mark Bennett on behalf of Creditor Noble Energy, Inc.
david.bennett@tklaw.com, gracie.gonzales@tklaw.com;tj.crittendon@tklaw.com;Shannon.Savage@tklaw.com

Duane J Brescia on behalf of Creditor Seitel Data, Ltd.
duane.brescia@strasburger.com,
susan.millsapps@strasburger.com;donna.krupa@strasburger.com;bkrtcynotices@strasburger.com

Brandon Augustus Brown on behalf of Creditor Advanced Fire & Safety, LLC
bbrown@stewartrobbins.com, kheard@stewartrobbins.com

Brandon Augustus Brown on behalf of Creditor Production Inland Crews, LLC
bbrown@stewartrobbins.com, kheard@stewartrobbins.com

Deirdre Carey Brown on behalf of Creditor Ad Hoc Committee of Equity Holders
brown@hooverslovacek.com,
rodriguez@hooverslovacek.com;deirdrecbrown@yahoo.com;brown.hsllp@gmail.com;bankruptcy1@hooverslovacek.com

Deirdre Carey Brown on behalf of Interested Party Official Committee of Equity Security Holders
brown@hooverslovacek.com,
rodriguez@hooverslovacek.com;deirdrecbrown@yahoo.com;brown.hsllp@gmail.com;bankruptcy1@hooverslovace
k.com

Robert Bernard Bruner on behalf of Creditor Ad Hoc Committee of Second Lien Noteholders
bob.bruner@nortonrosefulbright.com

Matthew D Cavenaugh on behalf of Creditor Capital One, N.A.
mcavenaugh@jw.com

Matthew D Cavenaugh on behalf of Creditor Dauphin Island Gathering Partners
mcavenaugh@jw.com

Matthew D Cavenaugh on behalf of Creditor Dauphin Island Gathering System, LLC
mcavenaugh@jw.com

Matthew D Cavenaugh on behalf of Creditor Ultra Petroluem
mcavenaugh@jw.com

Sonia Anne Chae on behalf of Interested Party Sonia Chae U.S. Securities & Exchange Commission
chaes@sec.gov, chaes@sec.gov

Ryan E Chapple on behalf of Creditor Tyronne Young
rchapple@cstrial.com, sbeam@cstrial.com

Robin B Cheatham on behalf of Creditor C&D Production Specialist Co., Inc.
robin.cheatham@arlaw.com, vicki.owens@arlaw.com

Louis C Cisz, III on behalf of Creditor California Public Employees' Retirement System
lcisz@nixonpeabody.com

Scott Thomas Citek on behalf of Creditor Ecoserv, LLC
scitek@lammsmith.com

Bradley Lane DeLuca on behalf of Debtor Energy XXI GOM, LLC
bdeluca@jdkklaw.com

Carl Dore, Jr on behalf of Creditor Wood Group PSN, Inc.
carl@dorelawgroup.net, vmartinez@dorelawgroup.net

James Scott Douglass on behalf of Interested Party James Scott Douglass
jsd@aol.com

John M Duck on behalf of Creditor Regions Bank
kathy.dahlgreen@arlaw.com

Hector Duran on behalf of U.S. Trustee US Trustee
Hector.Duran.Jr@usdoj.gov

Stanwood R Duval on behalf of Creditor Gulfstream Services, Inc.
stan@duvallawfirm.com

David Robert Eastlake on behalf of Creditor Oceaneering International, Inc.
eastlaked@gtlaw.com, jamrokg@gtlaw.com

Philip G Eisenberg on behalf of Debtor Energy XXI Ltd
peisenberg@lockelord.com

Epiq Bankruptcy Solutions LLC
nmrodriguez@epiqsystems.com

Cade A Evans on behalf of Creditor T. Baker Smith, LLC
cadeevans@allengooch.com, kathyguilbeau@allengooch.com

Bradley Roland Foxman on behalf of Debtor EPL Pipeline, L.L.C.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor 4.Anglo-Suisse Offshore Pipeline Partners, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Delaware EPL of Texas, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor EPL Oil & Gas, Inc.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor EPL Pioneer Houston, Inc.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor EPL of Louisiana, L.L.C.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy Partners Ltd., LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI GOM, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Gulf Coast, Inc.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Holdings, Inc.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Leasehold, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Ltd
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Natural Gas Holdings, Inc.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Offshore Services, Inc.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Onshore, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Pipeline II, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Pipeline, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Services, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Texas Onshore, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI USA, Inc.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI, Inc.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor M21K, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor MS Onshore, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Natural Gas Acquisition Company I, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Nighthawk, L.L.C.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Soileau Catering, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Robert P Franke on behalf of Creditor Hanover Insurance Company
robert.franke@strasburger.com, mina.alvarez@strasburger.com

Gena C Glover on behalf of Creditor A2D Technologies, Inc., d/b/a TGS Geological Products and Services
Gena.Glover@tgs.com, anessa.whitley@tgs.com;Camille.Edwards@tgs.com

Gena C Glover on behalf of Creditor TGS-NOPEC Geophysical Company
Gena.Glover@tgs.com, anessa.whitley@tgs.com;Camille.Edwards@tgs.com

Matthew A Gold on behalf of Creditor Argo Partners
courts@argopartners.net

Adam J. Goldberg on behalf of Creditor Committee Official Commitee of Unsecured Creditors
adam.goldberg@lw.com

Steven William Golden on behalf of Debtor Energy XXI Ltd
steven.golden@lockelord.com

Thomas H Grace on behalf of Interested Party DNOW, L.P.
thgrace@vorys.com, sghaskins@vorys.com;kbconiglio@vorys.com

Thomas H Grace on behalf of Interested Party National Oilwell Varco, L.P.
thgrace@vorys.com, sghaskins@vorys.com;kbconiglio@vorys.com

Tara L Grundemeier on behalf of Creditor Cypress-Fairbanks ISD

houston_bankruptcy@publicans.com

Tara L Grundemeier on behalf of Creditor ATTN. TARA L. GRUNDE HARRIS COUNTY
houston_bankruptcy@publicans.com

Jennifer Jaye Hardy on behalf of Creditor Wells Fargo Bank, N.A.
jhardy2@willkie.com, mao@willkie.com

Christopher Richard Harris on behalf of Creditor Committee Official Commitee of Unsecured Creditors
christopher.harris@lw.com

Michael S Haynes on behalf of Creditor Quail Tools, L.P.
mhaynes@gardere.com, koliver@gardere.com;jcharrison@gardere.com

Michael S Haynes on behalf of Creditor Weatherford International, Inc.
mhaynes@gardere.com, koliver@gardere.com;jcharrison@gardere.com

Paul E Heath on behalf of Debtor Anglo-Suisse Offshore Pipeline Partners, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Delaware EPL of Texas, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor EPL Oil & Gas, Inc.
pheath@velaw.com

Paul E Heath on behalf of Debtor EPL Pioneer Houston, Inc.
pheath@velaw.com

Paul E Heath on behalf of Debtor EPL Pipeline, L.L.C.
pheath@velaw.com

Paul E Heath on behalf of Debtor EPL of Louisiana, L.L.C.
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy Partners Ltd., LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI GOM, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Gulf Coast, Inc.
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Holdings, Inc.
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Leasehold, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Ltd
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Natural Gas Holdings, Inc.
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Offshore Services, Inc.
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Onshore, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Pipeline II, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Services, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Texas Onshore, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI USA, Inc.
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI, Inc.
pheath@velaw.com

Paul E Heath on behalf of Debtor M21K, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor MS Onshore, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Natural Gas Acquisition Company I, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Nighthawk, L.L.C.
pheath@velaw.com

Paul E Heath on behalf of Debtor Soileau Catering, LLC
pheath@velaw.com

John F Higgins, IV on behalf of Interested Party Special Committee of the Board of EPL Oil & Gas, Inc.
jhiggins@porterhedges.com, ksteverson@porterhedges.com;emoreland@porterhedges.com

William James Hotze on behalf of Creditor Island Operating Company, Inc.
whotze@diamondmccarthy.com, lsimon@diamondmccarthy.com

Dennis L. Jenkins on behalf of Creditor Ad Hoc Group of EPL Noteholders
dennis.jenkins@wilmerhale.com

Dennis L. Jenkins on behalf of Interested Party Unaffiliated Holders of the 8.25% Senior Notes due 2018 issued by EPL Oil & Gas, Inc.
dennis.jenkins@wilmerhale.com

Benjamin W Kadden on behalf of Creditor Adriatic Marine, L.L.C.
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor B&J Martin, Inc.
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor Dynamic Production Services, Inc.

bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor Fab-Con, Inc.
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor Fluid Crane & Construction, Inc.
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor Gulf Resource Management, Inc.
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor Louisiana Machinery Company, LLC
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor SeaTran Marine, LLC
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor United Construction Services, LLC
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor United Fire & Safety, Inc.
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Brian A Kilmer on behalf of Creditor Fieldwood Energy LLC
bkilmer@kcw-lawfirm.com, bkilmer@ecf.courtdrive.com

Henry Arthur King on behalf of Creditor PHI, Inc.
hking@kingkrebs.com, cwomack@kingkrebs.com;dbaldass@kingkrebs.com;jburmaster@kingkrebs.com

Thomas E Lauria on behalf of Interested Party Ad Hoc Group of EGC Unsecured Noteholders
tlauria@whitecase.com,
tmacwright@whitecase.com;jdisanti@whitecase.com;mco@whitecase.com;azatz@whitecase.com

Tyler Nathaniel Layne on behalf of Interested Party U.S. Bank National Association, as Indenture Trustee
tyler.layne@wallerlaw.com, chris.cronk@wallerlaw.com

David Edward Lemke on behalf of Interested Party U.S. Bank National Association, as Indenture Trustee
david.lemke@wallerlaw.com, cathy.thomas@wallerlaw.com;chris.cronk@wallerlaw.com

Justin A Levy on behalf of Creditor Committee Official Commitee of Unsecured Creditors
justin.levy@lw.com

Kim Ellen Lewinski on behalf of Creditor Wood Group PSN, Inc.
klewinski@dorelawgroup.net

Demetra L Liggins on behalf of Creditor Nexen Petroleum Offshore USA Inc.
Demetra.Liggins@tklaw.com,
patricia.flores@tklaw.com;Nashira.Parker@tklaw.com;tj.crittendon@tklaw.com;Shannon.Savage@tklaw.com

Benjamin W. Loveland on behalf of Interested Party Unaffiliated Holders of the 8.25% Senior Notes due 2018 issued by EPL Oil & Gas, Inc.
Benjamin.loveland@wilmerhale.com

Tristan E Manthey on behalf of Creditor Wellbore Fishing & Rental Tools, LLC
tmanthey@hellerdraper.com, kfritscher@hellerdraper.com;cnobles@hellerdraper.com;lbush@hellerdraper.com

Tristan E Manthey on behalf of Creditor Committee Official Commitee of Unsecured Creditors
tmanthey@hellerdraper.com, kfritscher@hellerdraper.com;cnobles@hellerdraper.com;lbush@hellerdraper.com

Kevin M Maraist on behalf of Creditor Archrock Partners Operating, L.L.C. and Archrock Services, L.P.
kmaraist@albmlaw.com

Zachary S McKay on behalf of Creditor Wood Group PSN, Inc.
zmckay@dorelawgroup.net

Todd C Meyers on behalf of Interested Party Wilmington Trust, National Association, as Indenture Trustee
tmeyers@kilpatricktownsend.com,
lcanty@kilpatricktownsend.com;mwilliams@kilpatricktownsend.com;gfinizio@kilpatricktownsend.com;mhindman@kilpatricktownsend.com

Maria A Milano on behalf of Creditor Microsoft Corporation and Microsoft Licensing GP
mmilano@riddellwilliams.com

Mark Mintz on behalf of Creditor Gulf Island, LLC
mmintz@joneswalker.com, sliberio@joneswalker.com;hstewart@joneswalker.com

Matthew Armin Moeller on behalf of Creditor All Coast, LLC
matthew@moellerfirm.com

John A Mouton, III on behalf of Creditor Cardinal Coil Tubing, LLC
john@jmoutonlaw.com

John A Mouton, III on behalf of Creditor Vesco Rental & Pressure Control, LLC
john@jmoutonlaw.com

Lisa Marie Norman on behalf of Creditor Subsurface Consultants & Associates, LLC
lnorman@andrewsmyers.com, jhinch@andrewsmyers.com

Reese Andrew O'Connor on behalf of Debtor EPL Pipeline, L.L.C.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor 4.Anglo-Suisse Offshore Pipeline Partners, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Anglo-Suisse Offshore Pipeline Partners, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Delaware EPL of Texas, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor EPL Oil & Gas, Inc.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor EPL Pioneer Houston, Inc.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor EPL Pipeline, L.L.C.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor EPL of Louisiana, L.L.C.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy Partners Ltd., LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI GOM, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Gulf Coast, Inc.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Holdings, Inc.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Leasehold, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Ltd
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Natural Gas Holdings, Inc.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Offshore Services, Inc.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Onshore, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Pipeline II, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Pipeline, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Services, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Texas Onshore, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI USA, Inc.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI, Inc.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor M21K, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor MS Onshore, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Natural Gas Acquisition Company I, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Nighthawk, L.L.C.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Soileau Catering, LLC
roconnor@velaw.com

Jean Paul Picou Overton on behalf of Creditor Warrior Energy Services Corporation
jeanpaul.overton@superiorenergy.com

William Patrick, III on behalf of Creditor Committee Official Commitee of Unsecured Creditors
wpatrick@hellerdraper.com

Stewart F Peck on behalf of Creditor Adriatic Marine, L.L.C.
speck@lawla.com

Stewart F Peck on behalf of Creditor B&J Martin, Inc.
speck@lawla.com

Stewart F Peck on behalf of Creditor Dynamic Production Services, Inc.
speck@lawla.com

Stewart F Peck on behalf of Creditor Fab-Con, Inc.
speck@lawla.com

Stewart F Peck on behalf of Creditor Fluid Crane & Construction, Inc.
speck@lawla.com

Stewart F Peck on behalf of Creditor Gulf Resource Management, Inc.
speck@lawla.com

Stewart F Peck on behalf of Creditor Industrial & Oilfield Services, Inc.
speck@lawla.com

Stewart F Peck on behalf of Creditor Louisiana Machinery Company, LLC
speck@lawla.com

Stewart F Peck on behalf of Creditor SeaTran Marine, LLC
speck@lawla.com

Stewart F Peck on behalf of Creditor United Fire & Safety, Inc.
speck@lawla.com

Lisa Ann Powell on behalf of Creditor Capital One, N.A.
lpowell@jw.com, lkcook@jw.com;pnickerson@jw.com

Patricia Williams Prewitt on behalf of Creditor EP Energy E&P Company, LP
pwp@pattiprewittlaw.com

Patricia Williams Prewitt on behalf of Creditor Tennessee Gas Pipeline Company, LLC
pwp@pattiprewittlaw.com

Patricia Williams Prewitt on behalf of Creditor Venice Energy Services and Venice Gathering System
pwp@pattiprewittlaw.com

Adam S Ravin on behalf of Creditor Committee Official Commitee of Unsecured Creditors
adam.ravin@lw.com

Robert S Reich on behalf of Creditor Bordelon Marine, Inc.

rreich@rapllclaw.com,
mordonez@rapllclaw.com;lplunkett@rapllclaw.com;hchandler@rapllclaw.com;lgros@rapllclaw.com;mwyatt@rapl
lclaw.com;rlatuso@rapllclaw.com

Robert S Reich on behalf of Creditor Offshore Liftboats, LLC
rreich@rapllclaw.com,
mordonez@rapllclaw.com;lplunkett@rapllclaw.com;hchandler@rapllclaw.com;lgros@rapllclaw.com;mwyatt@rapl
lclaw.com;rlatuso@rapllclaw.com

Ryan J Richmond on behalf of Creditor Advanced Fire & Safety, LLC
rrichmond@stewartrobbins.com, ryan.richmond.cmecf@gmail.com;kheard@stewartrobbins.com

Ryan J Richmond on behalf of Creditor Production Inland Crews, LLC
rrichmond@stewartrobbins.com, ryan.richmond.cmecf@gmail.com;kheard@stewartrobbins.com

Edward L Rothberg on behalf of Creditor Ad Hoc Committee of Equity Holders
rothberg@hooverslovacek.com,
ELRbankruptcy@gmail.com,ray@hooverslovacek.com;hsllpbankruptcy@gmail.com

Robin Russell on behalf of Interested Party Special Committee of the Board of Energy XXI Gulf Coast, Inc.
rrussell@andrewskurth.com

Bruce J. Ruzinsky on behalf of Creditor Capital One, N.A.
bruzinsky@jw.com, ygalvin@jw.com

Craig A Ryan on behalf of Creditor Flow Petroleum Services, Inc.
ryan@onebane.com

Ryan Michael Seidemann on behalf of Creditor State of Louisiana, Dept. of Natural Resources, OMR
seidemannr@ag.state.la.us, lentoc@ag.state.la.us

Mitchell A Seider on behalf of Creditor Committee Official Commitee of Unsecured Creditors
mitchell.seider@lw.com

Gina D Shearer on behalf of Creditor Aspen American Insurance Company
gshearer@l-llp.com, tbarrera@l-llp.com;gshearer@ecf.courtdrive.com

Gina D Shearer on behalf of Creditor Chubb Group of Insurance Companies including Westchester Fire Insurance
Company
gshearer@l-llp.com, tbarrera@l-llp.com;gshearer@ecf.courtdrive.com

Gina D Shearer on behalf of Creditor Liberty Mutual Insurance Company
gshearer@l-llp.com, tbarrera@l-llp.com;gshearer@ecf.courtdrive.com

Patrick M. Shelby on behalf of Creditor Wellbore Fishing & Rental Tools, LLC
rick.shelby@kellyhart.com

Barnet B Skelton, Jr on behalf of Creditor Nexen Petroleum Offshore USA Inc.
barnetbjr@msn.com

Phil F Snow, Jr on behalf of Creditor WesternGeco LLC
philsnow@snowspencelaw.com, janissherrill@snowspencelaw.com;lauraterrell@snowspencelaw.com

Owen Mark Sonik on behalf of Creditor Sheldon Independent School District
osonik@pbfcm.com, tpope@pbfcm.com;osonik@ecf.inforuptcy.com;houbank@pbfcm.com

Steven W Soule on behalf of Creditor Discovery Gas Transmision, LL
ssoule@hallestill.com

Steven W Soule on behalf of Creditor Discovery Producer Services, LLC
ssoule@hallestill.com

Steven W Soule on behalf of Creditor Transcontinental Gas Pipe Line Company, L.L.C.
ssoule@hallestill.com

Adam Raines Swonke on behalf of Creditor Prosperity Bank, N.A.
aswonke@wellscuellar.com

Adam Raines Swonke on behalf of Creditor Superior Natural Gas Corporation
aswonke@wellscuellar.com

Adam Raines Swonke on behalf of Creditor Superior Processing Services Corporation
aswonke@wellscuellar.com

Timothy Thriffiley on behalf of Creditor River Rental Tools, Inc.
tthriffiley@pivachlaw.com

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

Heather Ann Waller on behalf of Creditor Committee Official Commitee of Unsecured Creditors
heather.waller@lw.com

Michael D Warner on behalf of Interested Party Wilmington Trust, National Association, as Indenture Trustee
mwarner@coleschotz.com, klabrada@coleschotz.com

Gregory M Weinstein on behalf of Creditor Philadelphia Indemnity Insurance Companies
gweinstein@weinrad.com

Morris Dean Weiss on behalf of Interested Party U.S. Bank National Association, as Indenture Trustee
morris.weiss@wallerlaw.com, sherri.savala@wallerlaw.com;annmarie.jezisek@wallerlaw.com

Stephen Lynn Williamson on behalf of Creditor Fugro Chance, Inc.
swilliamson@monbar.com, mokeefe@monbar.com

William Alfred Wood, III on behalf of Creditor Eni Petroleum US LLC
Trey.Wood@bracewelllaw.com

Matthew G Wylie on behalf of Creditor RCP Inc
mwylie@wylie-law.com

Timothy A York on behalf of Creditor RLI Insurance Company
tyork@qslwm.com, nchancellor@qslwm.com

Victor Weitao Zhao on behalf of Interested Party United States Department of the Interior
victor.w.zhao@usdoj.gov

_____ /s/ Edward L. Rothberg _____