**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 16-31928 |
| | ) | |
| ENERGY XXI LTD, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |

**LETTER FROM THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
REGARDING STATUS CONFERENCE AND REQUEST TO COMPEL PRODUCTION
AND TESTIMONY FROM DEBTORS AND SECOND LIEN NOTEHOLDERS**

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Anglo-Suisse Offshore Pipeline Partners, LLC (9562), Delaware EPL of Texas, LLC (9562), Energy Partners Ltd., LLC (9562), Energy XXI GOM, LLC (0027), Energy XXI Gulf Coast, Inc. (8595), Energy XXI Holdings, Inc. (1638), Energy XXI, Inc. (2108), Energy XXI Leasehold, LLC (8121), Energy XXI Ltd. (9286), Energy XXI Natural Gas Holdings, Inc. (7517), Energy XXI Offshore Services, Inc. (4711), Energy XXI Onshore, LLC (0308), Energy XXI Pipeline, LLC (5863), Energy XXI Pipeline II, LLC (8238), Energy XXI Services, LLC (3999), Energy XXI Texas Onshore, LLC (0294), Energy XXI USA, Inc. (8552), EPL of Louisiana, L.L.C. (9562), EPL Oil & Gas, Inc. (9562), EPL Pioneer Houston, Inc. (9749), EPL Pipeline, L.L.C. (1048), M21K, LLC (3978), MS Onshore, LLC (8573), Natural Gas Acquisition Company I, LLC (0956), Nighthawk, L.L.C. (9562), and Soileau Catering, LLC (2767).  The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is: 1021 Main Street, Suite 2626, Houston, Texas 77002.

Dear Judge Jones:

Pursuant to the Court's July 25, 2016 scheduling order, the Official Committee of Unsecured Creditors (the "Committee"), together with the other Objecting Parties[2] in these cases, respectfully request that the Court compel the discovery outlined below.  As this Court is well aware, these cases are proceeding on a break-neck discovery schedule to prepare for the September 13, 2016 confirmation hearing date.  The parties have been working cooperatively to address outstanding document requests and schedule depositions of multiple Debtor witnesses and experts as well as third parties.  Despite the parties' good faith efforts to resolve discovery issues, however, certain discovery disputes remain.

### *Expert Materials and Depositions*

*First*, the Debtors have objected to producing all of the materials relied upon by its valuation expert, Peter Laurinaitis of PJT, and liquidation expert, Dave Baggett of Opportune.

█████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████████

████    The Objecting Parties are entitled to all of the information and materials that form the basis for Mr. Laurinaitis' and Mr. Baggett's opinions.  The materials cited in the Debtors' expert reports that have been requested and not produced include:

---

[2] The "Objecting Parties" include the Committee, the Ad Hoc Group of EPL Unsecured Noteholders, Wilmington Trust, National Association (as Indenture Trustee), the Ad Hoc Group of EGC Unsecured Noteholders, and the Official Committee of Equity Security Holders.



Additionally, the Debtors have limited all depositions to one day, even for those witnesses designated as experts and/or for multiple Rule 30(b)(6) topics.  The Objecting Parties have been working together to streamline the discovery and deposition requests to the Debtors, including coordinating to request a joint witness list and propounding a joint list of Rule 30(b)(6) topics.  The Objecting Parties also have coordinated on the topics covered at the depositions to make the time as efficient as possible for the Debtors and witnesses.  Nevertheless, there are at least five Objecting Parties with significant interests in these $3 billion cases, and each is entitled to depose the witnesses.  For the experts and witnesses designated as company representatives regarding multiple 30(b)(6) topics, one day simply is not enough for Objecting Parties to cover the many issues involved in these matters.

Though the Objecting Parties would benefit from additional time with multiple witnesses, they have agreed to limit many of the depositions to a day in an effort to resolve the issue cooperatively.  The Objecting Parties, however, ask that the Court compel the Debtors to make

2

Mr. Laurinaitis available for a second day of testimony given his significant roles:  (1) a fact witness in the  negotiations with the Second Lien Noteholders, (2) an expert who produced an 85 page expert report opining on the total enterprise value of the reorganized Debtors and the value of the warrant package proposed in the Plan; and (3) the Debtors' Rule 30(b)(6) corporate representative on multiple topics.  Moreover, when the Objecting Parties previously deposed Mr. Laurinaitis, they did not have the Debtors' or Third Parties' document productions or Mr. Laurinaitis' expert report, and the Equity Committee had not yet been appointed.[3]

The Debtors should be compelled to produce all of the materials relied upon and cited by their experts at PJT and Opportune in their expert reports and to produce Mr. Laurinaitis for a second day of testimony.  At a minimum, the Objecting Parties should have the opportunity to re-depose Mr. Laurinaitis on the improperly withheld materials as the Debtors refused to produce them prior to his deposition on August 22, 2016.

***Documents Requested from the Debtors***

As explained in the Committee's July 22, 2016 *Objection to Debtors' Emergency Motion for Status Conference Regarding Appropriate Scope of Discovery and for Entry of Discovery Scheduling Order* (ECF 844), the Debtors have repeatedly responded to the Objecting Parties' discovery requests by shifting the burden on the Objecting Parties to identify specific responsive documents.  The Objecting Parties have identified multiple categories of documents through its review of discovery produced to date and depositions, and have sought production of these specific documents from the Debtors.  The Debtors have not produced the following documents:

---

[3] The Objecting Parties also anticipate needing more than a day for witness John Schiller (the Debtors' CEO who is designated for multiple Rule 30(b)(6) topics) and David Baggett (the Debtors' expert on its liquidation analysis).  The Objecting Parties also are conferring with the Ad Hoc Group of Second Lien Noteholders as their counsel has indicated they are not agreeable to making the five members of the Ad Hoc Committee available for half-day depositions, despite the significant role that the Second Lien Noteholders have had in these cases.

- The Debtors' reconciliation of its Aries database reserve cases from 2014 to 2015, identified by witness Lee Williams, Director of Reserves as explaining some 400 EPL properties missing from the 2015 database as compared to the 2014 database;

- Documentation of the quarterly impairment testing performed by the Debtors' accounting group and its auditors, identified by Mr. Williams;

- The documents regarding evaluation of potential acquisitions, identified by witness Bruce Busmire, Chief Financial Officer;

- The Debtors' internal valuations of its East Bay assets sold and M21K transaction, identified by Mr. Busmire;

- The Debtors' estimation, as part of its insurance claim, of the value of its unencumbered tort claims, identified by Mr. Busmire;

- Documents related to the Debtors' insurance, including presentations and summaries by the Debtors' hurricane insurance broker;

- Communications between the Debtors and BOEM[4];

- Monthly 2015 financial statements for EPL (P&L, balance sheet, and cash flow); and

- Stand-alone financial statements for EGC for Dec 31, 2015, March 31 and June 30, 2016.

The Debtors should be compelled to produce these documents by August 26, 2016. The Objecting Parties further reserve their right to request additional documents as they are discovered in other depositions (as was the case in the Williams and Busmire depositions).[5]

---

[4] During the meet and confer process, the Debtors identified Ben Marchive as the EXXI employee most knowledgeable about communications between EXXI and BOEM and offered to make him available for a deposition. The Debtors, however, have not responded to the Objecting Parties' request to identify dates that Mr. Marchive is available to be deposed.

[5] Just yesterday—after the deadline for production of documents and a week of depositions—the Debtors produced over 18,000 pages of additional documents. The Objecting Parties have objected to this late production and have asked for additional information about what this production relates to. The Debtors also recently produced (after the deposition of one EPL director) minutes of the Board of Directors of EXXI, EPL and EGC for the period after April 2016. The documents, however, have overbroad and unwarranted redactions covering all or virtually all relevant content, including apparently all discussions involving the Debtors' financial advisor, PJT. The Objecting Parties will continue to confer with the Debtors regarding these and any other additional issues that arise and reserve the right to seek additional relief at the August 23 status conference to the extent that these additional issues are not resolved.

4

***Documents Requested from Ad Hoc Group of Second Lien Noteholders***

Finally, the Objecting Parties have been working with counsel for the Ad Hoc Group of Second Lien Noteholders, who is coordinating the Second Lien Noteholders' responses to the Committee's subpoenas for documents. Many of the documents produced by the Second Lien Noteholders contain redactions, and counsel informed the Committee that the redactions include not only privileged information but also information that is purportedly "proprietary" or that is "reflective of internal valuation." The Court, upon agreement by the parties, has entered a protective order for exactly this situation: to protect proprietary and other confidential information. The Second Lien Noteholders also have withheld in full their internal valuations of the Debtors' assets, claiming that such documents are non-responsive and that producing them would be unduly burdensome. In fact, the internal valuations of a lender who seeks to take over a company pursuant to a Restructuring Support Agreement are highly relevant. Furthermore, the internal valuation documents that the Parties seek are a narrow, discrete set of documents, easily identifiable by the Second Lien Noteholders, and any additional production burden would be minimal. There is no basis for the Second Lien Noteholders to withhold this responsive and highly relevant information, particularly given the importance of valuation in these cases.

The Second Lien Noteholders should be compelled to produce unredacted versions of any such responsive documents and all such withheld documents by August 26, 2016.

\*\*\*

The Committee respectfully submits this letter on behalf of the Objecting Parties summarizing the outstanding discovery disputes pursuant to the Court's July 25, 2016 scheduling order, and will be prepared to provide additional detail and address any questions that the Court may have at the August 23, 2016 status hearing. As discovery is ongoing, the Objecting Parties reserve the right to raise additional discovery issues with the Court.

Dated: August 21, 2016

**LATHAM & WATKINS LLP**

*/s/ Christopher Harris*
Mitchell A. Seider (TX 18000550)
Christopher Harris (*pro hac vice*)
Adam J. Goldberg (*pro hac vice*)
Adam S. Ravin (*pro hac vice*)
885 Third Avenue
New York, New York 10022-4834
Tel:     212-906-1200
Fax:     212-751-4864
Email: mitchell.seider@lw.com
          christopher.harris@lw.com
          adam.goldberg@lw.com
          adam.ravin@lw.com

-and-

**HELLER, DRAPER, PATRICK, HORN &
DABNEY, L.L.C.**

*/s/ Tristan Manthey*
William H. Patrick III (*pro hac vice*)
Tristan Manthey (TX 24042731)
Cherie Dessauer Nobles  (*pro hac vice*)
650 Poydras Street, Suite 2500
New Orleans, Louisiana  70130
Tel:  504-299-3345
Fax: 504-299-3399

*Counsel for Official Committee of Unsecured
Creditors*