**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| *In re* | ) | Chapter 11 |
| | ) | |
| ENERGY XXI LTD, *et al.*, | ) | Case No. 16-31928 (DRJ) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | **Re: Docket No. 1089** |

**STATEMENT OF THE AD HOC COMMITTEE OF SECOND LIEN NOTEHOLDERS**
**IN RESPONSE TO THE LETTER FROM THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS REGARDING STATUS CONFERENCE**
**AND REQUEST TO COMPEL PRODUCTION AND TESTIMONY FROM**
<u>**DEBTORS AND SECOND LIEN NOTEHOLDERS**</u>

The Ad Hoc Committee of Second Lien Noteholders (the "<u>Ad Hoc Committee</u>") hereby

submits this statement in response to the Objecting Parties' request (the "<u>Letter Request</u>") to

compel members of the Ad Hoc Committee to produce, by August 26, their internal valuation

materials never shared with parties outside of the Ad Hoc Committee.[1]  The Objecting Parties

make such request even though the Ad Hoc Committee has confirmed multiple times, including

in writing, that it does not intend to present affirmative valuation evidence in connection with

plan confirmation.  The subjective and private views of the Ad Hoc Committee as to the value of

the Debtors' assets are simply not relevant to whether the proposed plan (the "<u>Plan</u>") is

confirmable.  Further, the Objecting Parties' request is untimely, coming weeks after (i) the Ad

Hoc Committee made clear its position on this issue and (ii) began (and indeed completed)

producing documents clearly marked "Redacted – Internal Valuation."  The request for internal

---

[1]     The Objecting Parties are: the Official Committee of Unsecured Creditors (the "<u>Committee</u>"), the Ad Hoc
Group of EPL Unsecured Noteholders, Wilmington Trust, National Association (as Indenture Trustee), the Ad
Hoc Group of EGC Unsecured Noteholders, and the Official Committee of Equity Security Holders.

1

valuation material at this late hour seems calculated to cause delay.  The Ad Hoc Committee should not be forced to produce its internal valuation materials.

On July 25 and 26, 2016, the Objecting Parties served a total of 30 subpoenas on the Ad Hoc Committee and its financial advisor seeking documents concerning 58 topics, 18 of which related to the value of the Debtors or their assets.[2]  During the very first meet and confer calls on July 26, 2016, counsel for the Ad Hoc Committee noted that it did not intend to present any affirmative valuation evidence and would object to requests for the production of any internal valuation materials from any Ad Hoc Committee member or their financial advisor that were not shared with parties outside of the Ad Hoc Committee (the "Internal Valuations").  Ad Hoc Committee counsel explained that the Ad Hoc Committee's subjective views on valuation were irrelevant to plan confirmation.  Counsel for the Ad Hoc Committee followed up with an email providing case law supporting the Ad Hoc Committee's position and reiterated its position during subsequent meet and confers, including on July 30, August 1, and August 2, 2016.  The Ad Hoc Committee also raised its objection to producing Internal Valuations in its responses and objections, served on July 28, 2016, to 18 of the 30 subpoenas served on the individual members of the Ad Hoc Committee and their financial advisor.

Prior to and at the time of production, the Objecting Parties were aware of the Ad Hoc Committee's objection to the production of Internal Valuations.  This objection was also made clear on the face of the documents produced by the Ad Hoc Committee, in which numerous documents were plainly marked as "Redacted - Internal Valuation."  Despite the Ad Hoc Committee's continued assertions of its position and the production of the first redacted

---

[2]     *See, e.g.*, Ad Hoc Group of EGC Unsecured Noteholders Subpoena Request No. 8 ("All Documents concerning any assessment, evaluation, consideration, or analysis of the value of the assets comprising the Debtors' estates, including the value of the assets of EGC and/or EPL on a stand-alone basis, including without limitation the basis for any such valuations.").

valuation documents on August 9, 2016, no objections were raised by the Objecting Parties until August 21, 2016—almost two weeks later and only two days before the status conference.[3]

Despite their conclusory statements that the Internal Valuations are "highly relevant," the Objecting Parties have offered no support for their position. That is because any internal views of the value of the Debtors that the Ad Hoc Committee may have cannot be relevant to whether the Plan is confirmable. The Debtors and the Objecting Parties intend to present valuation evidence; the Ad Hoc Committee does not.

Courts have held that where a party is not an active participant in presenting evidence of the value of a company, the internal valuations of such party are of limited relevance. *See In re Genco Shipping & Trading Ltd., et al.*, Case No. 14-11108 (SHL), June 3, 2014 Hr'g Tr., at 63:6-10 ("Genco Tr.") (finding that "participation in the form of briefing and legal argument [on valuation] is permissible" so long as the party does not present its own valuation evidence);[4] *In re Energy Futures Holdings Corp.*, 513. B.R. 651, 663 (D.Del. Aug. 5, 2014) (refusing to compel discovery of valuation documents where the producing party did not "offer evidence regarding the solvency of the [] Debtors.").[5] Rather, the burden rests with the Debtors to demonstrate the value of the company. *Genco Tr.*, at 62:15-17. Where a party is not presenting

---

[3] The Objecting Parties also seek to compel the production of redacted "proprietary" information. At no point prior to receipt of the Objecting Parties' Letter did the Objecting Parties articulate the concerns about redaction of proprietary information they now raise or attempt to meet and confer regarding the same. Had the Objecting Parties made the concerns they now raise to the Court known, the Ad Hoc Committee would have explained that the redacted proprietary information includes Ad Hoc Committee members' investor identities, analyses of unrelated investments, and holdings in EXXI and unrelated investments. The Objecting Parties' holdings in EXXI have been disclosed in the Ad Hoc Committee's 2019 filing [Dkt. No. 291] and all other redacted proprietary information is not responsive to the subpoenas. The Protective Order was entered to protect relevant information related to the Debtors' business and plan confirmation; it does not serve the purpose of forcing producing parties to produce otherwise irrelevant, yet highly sensitive, information.

[4] If helpful to the Court, counsel for the Ad Hoc Committee would be happy to provide the Court with hard or electronic copies of any of the transcripts cited herein.

[5] *In re Dolan Co.*, Case No. 15-11357 (BLS), Aug. 14, 2015 Tr., at 21:24-22:5 ("I have, in a number of instances, consistently held that [the internal valuation] inquiry is not appropriate until and unless Bayside becomes an active participant in presenting evidence and testimony to the Court regarding the value of the company.").

valuation evidence, courts have cautioned against "opening the floodgates to having many . . . individual, separate trials about valuation where everybody's individual views are expressed." *Genco Tr.*, at 61:3-5.  Indeed, the individual valuation views of the Ad Hoc Committee members are no more relevant than the views of each member of the Committee, the Ad Hoc Group of EPL Unsecured Noteholders or the Ad Hoc Group of EGC Unsecured Noteholders.

The Ad Hoc Committee's Internal Valuations are also improper lay witness testimony under Federal Rule of Evidence 701 and therefore inadmissible.  Lay witness testimony is "rationally based on the perception of the witness" and "not based on scientific, technical, or other specialized knowledge."  Fed. R. Evid. 701(a), (c).  Courts have cautioned against lay witness testimony on valuation because it raises the concern of "being too speculative to be helpful to a clear understanding of the fact at issue as required by Rule 701."  *Genco Tr.*, at 65:20-22; *see also In re MarketXT Holdings Corp.*, 2011 WL 1422012, at *6 (Bankr. S.D.N.Y. Jan 7, 2011) (cautioning against the "simple expedient of proffering an expert in lay witness clothing.").  Indeed, "[g]iven the inherently subjective and fact-intensive nature of valuation and projection of profits, . . . testimony from non-experts" regarding these issues should be "excluded as improper lay opinion."  *In re MarketXT Holdings Corp.*, 2011 WL 1422012, at *6.[6]

Not only do the Objecting Parties seek to compel documents that are irrelevant and burdensome, the Objecting Parties also have requested depositions of all five members of the Ad Hoc Committee (although no 30(b)(6) notices have yet been served).  Such depositions are guaranteed to be duplicative and unnecessary.  Counsel to the Ad Hoc Committee repeatedly has made clear that they would produce for deposition several members of the Ad Hoc Committee, and that they would consider further depositions on a case-by-case basis.  The Objecting Parties,

---

[6]     *Genco Tr.*, at 66:1-5 ("[V]aluing a business requires the exercise of well-informed judgment and experts, [because of the] terribly subjective and fact-intensive nature of valuation, projection of profits[,] the testimony from nonexperts regarding profit can be excluded as improper lay opinion.").

however, have said little to justify taking the deposition of *every* member of the Ad Hoc Committee.  And while the Objecting Parties have indicated a willingness to limit the depositions to half-a-day each, this does little to reduce the burden—each witness will need to be fully prepared to answer all questions posed regardless of the length of the deposition.

The burden of deposing every member of the Ad Hoc Committee far outweighs any possible benefit to the Objecting Parties.  Pursuant to the current discovery schedule, approximately 30 depositions will be taken in connection with Plan confirmation.  Given the excessive number and compressed timeframe of the depositions, deposing every member of the Ad Hoc Committee is overly burdensome to the Ad Hoc Committee.  Moreover, preparation and defense of the additional depositions would require a significant amount of attorney time while unnecessarily wasting estate resources.  By contrast, there is little, if any, discernible benefit of deposing all five members of the Ad Hoc Committee.  The Objecting Parties can seek topical testimony from several members of the Ad Hoc Committee without deposing the entire group.  Because the Objecting Parties seek unnecessary, burdensome and cumulative discovery without good cause, they should not be permitted to depose every member of the Ad Hoc Committee.

The Ad Hoc Committee respectfully requests that the Court deny the relief sought by the Objecting Parties in the Letter Request.

Dated: August 22, 2016        **MILBANK, TWEED, HADLEY & McCLOY LLP**

By: */s/ Andrew M. Leblanc*
Dennis F. Dunne
Samuel A. Khalil
28 Liberty Street
New York, NY 10005
Telephone:    (212) 530-5000
Facsimile:    (212) 530-5219
ddunne@milbank.com
skhalil@milbank.com

Andrew M. Leblanc
Aaron L. Renenger
1850 K Street NW, Suite 1100
Washington, DC 20002
Telephone:    (202) 835-7500
Facsimile:    (202) 835-7586
aleblanc@milbank.com
arenenger@milbank.com

**NORTON ROSE FULBRIGHT US LLP**

Louis R. Strubeck
State Bar No. 19425600
2200 Ross Avenue, Suite 3600
Dallas, TX   75201
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200
louis.strubeck@nortonrosefulbright.com

William R. Greendyke
State Bar No. 08390450
Jason L. Boland
State Bar No. 24040542
Bob B. Bruner
State Bar No. 24062637
1301 McKinney Street, Suite 5100
Houston, Texas 77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246
william.greendyke@nortonrosefulbright.com
jason.boland@nortonrosefulbright.com
bob.bruner@nortonrosefulbright.com

*Counsel for the Ad Hoc Committee*

6

## **CERTIFICATE OF SERVICE**

I certify that on August 22, 2016, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Bob B. Bruner*
One of Counsel