IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY XXI LTD, *et al.*,[1] | Case No. 16-31928 |
| Debtors. | Jointly Administered |

EMERGENCY MOTION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR ORDER VACATING
DISCLOSURE STATEMENT ORDER PURSUANT TO FED. R. BANKR. P. 9024

(RELATES TO DOCKET NOS. 329, 805, AND 809)

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON SEPTEMBER 13, 2016 AT 9:00 A.M. IN COURTROOM 400, 4TH FLOOR, UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK AVENUE, HOUSTON ANSWERING EACH PARAGRAPH OF THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THIS PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY**

---

[1]     The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Anglo-Suisse Offshore Pipeline Partners, LLC (9562), Delaware EPL of Texas, LLC (9562), Energy Partners Ltd., LLC (9562), Energy XXI GOM, LLC (0027), Energy XXI Gulf Coast, Inc. (8595), Energy XXI Holdings, Inc. (1638), Energy XXI, Inc. (2108), Energy XXI Leasehold, LLC (8121), Energy XXI Ltd (9286), Energy XXI Natural Gas Holdings, Inc. (7517), Energy XXI Offshore Services, Inc. (4711), Energy XXI Onshore, LLC (0308), Energy XXI Pipeline, LLC (5863), Energy XXI Pipeline II, LLC (8238), Energy XXI Services, LLC (3999), Energy XXI Texas Onshore, LLC (0294), Energy XXI USA, Inc. (8552), EPL of Louisiana, L.L.C. (9562), EPL Oil & Gas, Inc. (9562), EPL Pioneer Houston, Inc. (9749), EPL Pipeline, L.L.C. (1048), M21K, LLC (3978), MS Onshore, LLC (8573), Natural Gas Acquisition Company I, LLC (0956), Nighthawk, L.L.C. (9562), and Soileau Catering, LLC (2767).  The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is:  1021 Main Street, Suite 2626, Houston, Texas 77002.

**CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The Official Committee of Unsecured Creditors (the "**Committee**") of Energy XXI Ltd. ("**Energy XXI**") and its affiliated debtors in possession (collectively, the "**Debtors**"), by and through its undersigned counsel, hereby files this *Motion of the Official Committee of Unsecured Creditors for Order Vacating Disclosure Statement Order Pursuant to Fed. R. Bankr. P. 9024* (this "**Motion**") seeking entry of an order substantially in the form attached hereto as <u>Exhibit 1</u>, vacating the *Order (A) Approving the Disclosure Statement and the Form and Manner of Service Related Thereto, (B) Setting Dates for the Objection Deadline and Hearing Relating to Confirmation of the Plan, and (C) Granting Related Relief* [Docket No. 805] (the "**Disclosure Statement Order**"), based upon newly discovered evidence. In support of this Motion, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1.     Deposition testimony has recently revealed that, contrary to statements contained within the *Third Amended Disclosure Statement for the Debtors' Proposed Joint Chapter 11 Plan of Reorganization* [Docket No. 809] (the "**Disclosure Statement**"), ████████████

████████████████████████████████████████████████████████████████████ █

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████ [3]

---

[2]     All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Proposed Plan.

[3]     Certain information contained herein and certain exhibits hereto have been designated as "Confidential Material" or "Highly Confidential Material" as defined in the Court's *Order Approving and Entering Stipulation and Protective Order*, entered on June 10, 2016 [Docket No. 469] (the "**Protective Order**"). Such information or exhibits, as applicable, have been redacted in the publicly filed version hereof and filed under seal pursuant to paragraph 3 of the Protective Order. Such redactions are made out of an abundance of caution and do not constitute

2.      Specifically, through such deposition testimony, the Committee has learned, among other things, that ████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████   ███████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

███████████████████████████[6]

3.      These revelations are, on a broader level, extremely troubling to say the least. Parties in interest have devoted considerable time and expense preparing for a contested hearing to consider confirmation of a Proposed Plan ██████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

---

an agreement or admission that the redacted exhibits or information in fact constitute "Confidential Material" or "Highly Confidential Material."   The Committee reserves the right to challenge the confidentiality of exhibits or exhibits redacted herein based on other parties' designations.

[4]      *See* ██████████████████████

[5]      *See* August 25, 2016 Deposition Transcript of George Morris ("Morris Dep."), 157:22 – 158:4, a copy of relevant portions of which is attached as Exhibit 2 hereto; August 26, 2016 Deposition Transcript of James Latimer ("Latimer Dep."), 142:15 – 142:19, a copy of relevant portions of which is attached as Exhibit 3 hereto.

[6]      *See* Morris Dep., 228:24 – 229:3, 230:8-23; Latimer Dep., 181:11 – 182:11.

███████████████████████████████████████████ This tactic employed by the Debtors strikes the Committee as an improper manipulation of the bankruptcy process in order to achieve a litigation advantage.

　　　　4.　　███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
█████████████████████████████████ This fact, standing alone, compels the granting of the relief sought in this Motion, especially in light of the nature of the information at issue.  In this regard, the materiality of the [mis]information is established by, among other facts, the fact that counsel to the Second Lien Noteholders refused to allow their witnesses to be questioned about it in the context of depositions recently taken with respect to the litigation surrounding the Proposed Plan on the basis that the information—obviously contrary to what is conveyed in the Disclosure Statement—is "material nonpublic information."[7]  That counsel for the Second Lien Noteholders refused to allow their clients to be made aware of the information underscores the conclusion that the information is not only material but is the type of information that is reasonably likely to affect an investment decision.

　　　　5.　　For these reasons, the Committee (through counsel) sent the Debtors' counsel a demand letter on August 29, 2016 in which it pointed out the foregoing serious and troubling issue and demanded that the Debtors withdraw the Proposed Plan immediately.  On September 2, 2016, the Debtors' counsel provided Committee counsel with a written response and refused to withdraw the Proposed Plan because, among other things, ████████████████████████

---

[7]　　*See* August 30, 2016 Deposition Transcript of Derrick Jumper ("Jumper Dep."), 47:7 – 49:23, a copy of relevant portions of which is attached as <u>Exhibit 4</u> hereto.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████ (b) of concerns over the consequences of delay if the Proposed Plan was withdrawn, as if that concern should somehow trump the fact of material inaccuracies in the Disclosure Statement.

6.      Notwithstanding the Debtors' attempts to brush aside the serious problems infecting their confirmation process, the Federal Rules of Bankruptcy Procedure provide a specific remedy where, as here, newly discovered material evidence is found.  Based upon these rules and the Court's inherent authority to reconsider its own orders under these circumstances, the Committee, through this Motion, respectfully requests that the Disclosure Statement Order be vacated and solicitation on this unsupported Proposed Plan be immediately halted.

7.      █████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████[8]

Accordingly, vacating the Disclosure Statement Order and ending solicitation of the ██████████

█████████████████ Proposed Plan as soon as possible actually furthers the Debtors' stated interest in avoiding delay.  In this regard, there is no reason to continue to delay the progress of this reorganization in order to allow the Debtors to continue to pursue a Proposed Plan which is not what has been described in the Disclosure Statement██████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

---

[8]      *See* Sept. 1, 2016 Deposition Transcript of John Schiller ("Schiller Sept. 1, 2016 Dep."), 415:10 – 417:13, a copy of relevant portions of which is attached as <u>Exhibit 5</u> hereto.

████ [9]

## EMERGENCY CONSIDERATION

8.     A status conference regarding the Proposed Plan is scheduled for September 13, 2016 at 9:00 a.m. CST (the "**September 13 Status Conference**") and a hearing to consider confirmation of the Proposed Plan is scheduled for September 21, 2016 at 11:00 a.m. CST (the "**Confirmation Hearing**").   As noted above, the Committee believes it is imperative to raise these issues for the Court at this time and to request the relief noted above before any more resources are needlessly wasted.  Thus, emergency consideration of this Motion is necessary, and the Committee requests the Court schedule the hearing on the Motion for September 13, 2016 at 9:00 a.m., contemporaneous with the September 13 Status Conference.

## JURISDICTION

9.     The United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief requested herein are section 105(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended and modified, the "**Bankruptcy Code**") and Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

**A.     General Background**

10.     On April 14, 2016 (the "**Petition Date**"), the Debtors commenced these cases (the "**Chapter 11 Cases**") by filing voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code in this Court.

---

[9]     *See* ████

11.     The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015, and the Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

12.     On April 26, 2016, the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") appointed five unsecured creditors to serve on the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 142].  On June 3, 2016, the U.S. Trustee appointed two additional unsecured creditors to serve on the Committee [Docket No. 395].[10]

**B.**     ██████████████████████████████████████████████

13.     As this Court is aware, the Debtors have a complex capital structure with different Debtors having different secured and unsecured obligations.   Among those obligations are (a) over $1.3 billion in outstanding unsecured funded debt (exclusive of unsecured notes repurchased by the Debtors) issued by EGC and/or EPL and (b) the $1.45 billion of secured notes issued by EGC to the Second Lien Noteholders (which, importantly, is not guaranteed by EPL or EPL's subsidiaries).  Especially worthy of mention for purposes of this discussion are (i) the $325 million intercompany note (the "**Intercompany Note**") issued by EPL in favor of EGC that EGC creditors claim (but EPL creditors dispute) evidences a secured second lien loan made by EGC to EPL concurrently with the offering of the Second Lien Notes on March 12, 2015, and (ii) the alleged intercompany book balances of approximately $256 million purportedly owed by EPL to EGC.

---

[10]     On July 5, 2016, Wellbore Fishing & Rental Tools, LLC resigned from the Committee, and was succeeded by Petroleum Solutions International, LLC [Docket No. 701].  The Committee presently consists of seven members: (i) Wilmington Trust, National Association, as successor indenture trustee with respect to the EGC Unsecured Notes; (ii) Axip Energy Services, LP; (iii) Fab-Con, Incorporated; (iv) Petroleum Solutions International, LLC; (v) B&J Martin, Inc.; (vi) Wilmington Savings Fund Society, FSB, as successor indenture trustee with respect to the Energy XXI 3.0% Senior Convertible Notes; and (vii) Delaware Trust Company, as successor indenture trustee with respect to the EPL 8.25% Senior Notes.

14.     Notwithstanding this complicated and hopelessly conflicted corporate structure, the principal negotiations with the Second Lien Noteholders over the restructuring were led by Schiller and James LaChance, chairman of the Energy XXI board of directors ███████████ ████████████████████████████████. During this time frame, the boards of directors of EGC and EPL consisted of the same two individuals (Schiller and Busmire), who are the Chief Executive Officer and Chief Financial Officer, respectively, of the Debtors.  Schiller is also an Energy XXI director.[11]   As such, until a few weeks before the Petition Date, no meaningful distinction existed between the boards of EPL and its corporate parent, EGC.  It was not until the negotiations were already largely completed for the framework for a restructuring that George C. Morris was appointed to the EGC board on March 29, 2016 and James R. Latimer was appointed to the EPL board on March 8, 2016 as independent directors (such individuals, collectively, the "**Independent Directors**").

15.     ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

---

[11]     *See* Disclosure Statement at 30.

█████████████████████████████████████████████████████████

16.   ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████ [12] ████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████████ [13] ██████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████ [14] ████████████████████████████████

██████████████████████████████████

17.   ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[12]   *See* EXXI-PJT-BK-0000917 (Feb. 24, 2016 email from counsel for Debtors to counsel for Second Lien Noteholders ███████████████████████████████ at EXXI-PJT-BK-0000918, a copy of which is attached as Exhibit 6 hereto.

[13]   *See* Latimer Dep., Ex. 11 at 4, a copy of which is attached as Exhibit 7 hereto.

[14]   *See id.*, Ex. 12 at 1-2, a copy of which is attached as Exhibit 8 hereto; *id.*, Ex. 13 at 2, a copy of which is attached as Exhibit 9 hereto.



18. And yet none of the foregoing information is set forth in the Disclosure Statement.

---

[15] *See id.*, Ex. 12 at 1; *id.*, 91:14 – 92:4

Schiller Sept. 1, 2016 Dep., 347:14-19

[16] *See* August 29, 2016 Deposition Transcript of James LaChance ("LaChance Dep."), 131:16 – 132:5

, a copy of relevant portions of which is attached as Exhibit 10 hereto.

[17] *See* Morris Dep., 116:10-20.

[18] *See*



## C.   **Entry of Disclosure Statement Order**

19.    Since its appointment, the Committee has repeatedly urged the Debtors to disregard the onerous timetable set forth in the Restructuring Support Agreement and instead focus their time and energy negotiating with the Committee and other unsecured creditor groups towards a confirmable plan.  The Debtors declined that request, leaving the Committee and other unsecured creditor groups with no alternative to litigation.

20.    On May 20, 2016, the Debtors filed (a) a plan of reorganization along the lines contemplated under the Restructuring Support Agreement [Docket No. 327], (b) a corresponding disclosure statement [Docket No. 328] and (c) the *Motion for Entry of an Order (A) Approving the Disclosure Statement and the Form and Manner Service Related Thereto, (B) Setting Dates for the Objection Deadline and Hearing Relating to Confirmation of the Plan, and (C) Granting Related Relief* [Docket No. 329] (the "**Disclosure Statement Motion**").  Both the originally filed plan and the corresponding disclosure statement were amended several times, including following the Court's comments and the Committee's objection to the Disclosure Statement Motion.[20]  Following several additional modifications that were made after the hearing to consider approval of the Disclosure Statement, the Court entered the Disclosure Statement Order which, among other things, approved the Disclosure Statement.  The Debtors commenced

---

[19]    *See* ▓▓▓▓▓▓

[20]    The Committee filed the *Objection of the Official Committee of Unsecured Creditors to Debtors' Motion for Approval of the Debtors' Proposed Disclosure Statement and Certain Solicitation and Notice Procedures* [Docket No. 732] (the "**Disclosure Statement Objection**").  The Disclosure Statement Objection is incorporated herein by reference.

solicitation of the Proposed Plan on or about July 22, 2016, and the voting deadline with respect to the Proposed Plan is currently set at 5:00 p.m. CST on September 14, 2016.

21. 



[22]

**D.      Information Recently Learned from the Independent Directors in Discovery Process**

22.      In connection with the ongoing discovery in preparation for the Confirmation Hearing, on August 25, 2016, the deposition of Morris (EGC's independent director) was taken and on August 26, 2016, the deposition of Latimer (EPL's independent director) was taken. Based on evidence developed through such deposition testimony, the Committee has recently learned that:

---

[21]      *See* 

[22]      *See*



23. ███████████████████████████████████████

---

██████████████████████████████████████████████ [28] ████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████ [29]

24.    The significance and materiality of this information is perhaps best underscored by the reaction that certain parties in interest have had to its disclosure.  Specifically, counsel to the Second Lien Noteholders have concluded that this information is "material nonpublic information" and, on the basis of such conclusion, have refused to allow their witnesses to be questioned about it in the context of the depositions that have been taken with respect to the litigation surrounding the Proposed Plan.[30]   That conclusion clearly demonstrates that the information is not only material but is the type of information that is reasonably likely to affect an investment decision.  ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████ [31]  Thus, clearly key parties in interest (or their advisors) in the Chapter 11 Cases—and, indeed, the very parties who are pushing the hardest for confirmation of the Proposed Plan—have in the context of depositions admitted to the significance of the recent statements by the Independent Directors.

**E.    The Committee's Demand Letter and the Debtors' Response**

25.    On August 29, 2016, the Committee (through counsel) sent a letter to counsel to the Debtors (a) pointing out its aforementioned concerns regarding the troubling testimony

---

[28]    *See* Latimer Dep., 142:15 – 142:19 ████████████████████████████████████

████████████████████████████████████

[29]    *See id.*, 178:13 – 179:14.

[30]    *See*, *e.g.*, Jumper Dep., 47:7 – 49:23.

[31]    *See* Schiller Sept. 1, 2016 Dep., 415:10 – 417:13 ████████████████████████████

█████████████████

provided by the Independent Directors, (b) noting that the continued pursuit of confirmation of the Proposed Plan would be inconsistent with the fiduciary duties of the respective boards of EPL and EGC, and (c) requesting that the Debtors immediately withdraw the Proposed Plan (the "**Demand Letter**").  A true and correct copy of the Demand Letter is attached hereto as <u>Exhibit 11</u>.

26.     On September 2, 2016, the Committee's counsel received a response from the Debtors' counsel (the "**Debtors' Response Letter**") in which the Debtors did not (as they cannot) anywhere directly dispute that the Independent Directors' recent testimony rendered false certain material statements in the Disclosure Statement.  A true and correct copy of the Debtors' Response Letter is attached hereto as <u>Exhibit 12</u>.  Instead, the Debtors spent significant time in their response focusing on the fact that the withdrawal of the Proposed Plan would cause significant delay and undermine the Debtors' ability to confirm the Proposed Plan.  The Debtors apparently believe—mistakenly—that the need for accuracy in the Disclosure Statement (and the reasons that such accuracy is required) can be ignored when compared to the Debtors' interest in getting the Proposed Plan confirmed even if the votes obtained with respect to such Proposed Plan are predicated upon a materially inadequate and misleading Disclosure Statement ██████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████[32]   The Committee believes that the testimony

of the Independent Directors speaks for itself and, when viewed objectively, requires that the

Disclosure Statement Order be vacated. ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

27.     The Committee shares the Debtors' desire, if possible, to achieve a fully-

consensual, modified plan and would also like to avoid unnecessary delay.  But the Committee

believes that vacating the Disclosure Statement Order and thereby ending solicitation on the

Proposed Plan now is a better approach to accomplishing that goal than wasting more time and

money preparing for the Confirmation Hearing on the Proposed Plan.  The Debtors seem to

ignore the fact that the chances of achieving a settlement are not increased by forcing the parties

to work around the clock over the next two weeks on litigation preparation for a Confirmation

Hearing ████████████████████████████████████   In that regard, there

is a mountain of work that needs to be done before the confirmation hearing, including: (a) the

need to complete depositions of numerous fact witnesses and expert witnesses, including nine or

more expert witnesses,[33] (b) the need to finalize and file additional expert reports, and (c) the

---



[32]     Under the Debtors' logic, ████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████ *See* Morris Dep., 210:8-
11 (emphasis added).  █████████████████████████████████████
████████████████████████

[33]     Such depositions include depositions of the Committee's three experts, the three experts of the ad hoc
group of EPL noteholders, the expert of the successor indenture trustee with respect to the EGC Unsecured Notes
and the ad hoc group of EGC noteholders, plus depositions of any experts offered by the Debtors in rebuttal
(presumably at least one expert from each of PJT Partners LP and Opportune LLP).

need to devote substantial time preparing for the Confirmation Hearing itself (i.e., preparing pre-trial submissions, preparing witnesses to testify, preparing opening statements, filing motions in limine, etc.).

28.     Clearly, the additional costs of preparing for confirmation, already huge, will be enormous, and the distraction of such preparation process will make getting to a deal less, not more likely.  Not only will lawyers and other professionals need to devote their attention to litigation (not negotiations), but positions will likely harden and the increased fees of the professionals will make the cost of any settlement that much more expensive and, therefore, that much less likely to occur.  And even if this were not true—and if vacating the Disclosure Statement Order created a brief delay in the Debtors' emergence from bankruptcy—the fact remains that the Disclosure Statement is materially misleading as written and that mandates as a matter of law that the Disclosure Statement Order be vacated even if doing so did create a brief delay.

29.     ████████████████████████████████████████████████████████
████████████████████████████████████████████████[34]  In light of this testimony and the testimony of the Independent Directors, the sooner the Proposed Plan is withdrawn, the sooner a confirmable plan can be negotiated and approved—which is consistent with (not contrary to) the interest in avoiding delay that the Debtors articulate in the Debtors' Response Letter.

## **RELIEF REQUESTED**

30.     Based upon the foregoing, the Committee hereby requests that this Court enter an order substantially in the form attached hereto as Exhibit 1, vacating the Disclosure Statement

---

[34]     See Schiller Sept. 1, 2016 Dep., 415:10 – 417:13.

Order.  If the Debtors wish to continue to seek confirmation of the Proposed Plan, the Debtors will be free to thereafter amend the Disclosure Statement to correct the foregoing material misstatements and, if such amended Disclosure Statement is approved by this Court thereafter, commence resolicitation of the Proposed Plan, subject to all rights the Committee may have to object to any of the foregoing on any basis.

## BASIS FOR RELIEF

### A.     The Bankruptcy Rules Expressly Provide that a Court May Vacate an Order on the Basis of Misrepresentations or Newly Discovered Evidence

31.     The testimony recently provided by the Independent Directors clearly shows that various critical statements contained within the Disclosure Statement are not true.  The Debtors' inclusion of such untrue statements renders the Disclosure Statement materially misleading and threatens the overall integrity of the solicitation process commence with respect to the Proposed Plan.  The Bankruptcy Rules provide a specific remedy for addressing this type of problem.

32.     Specifically, Bankruptcy Rule 9024 incorporates Rule 60 of the Federal Rules of Civil Procedure, which provides, in relevant part, that "the court may relieve a party. . . from a final judgment, order, or proceeding for the following reasons:  . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).

33.     There are several independent bases upon which this rule may be employed. First, the aforementioned recent deposition testimony of the Independent Directors is "newly discovered evidence" which the Committee could not have been aware of at the time of the hearing to consider approval of the Disclosure Statement.   Courts have found that newly

discovered evidence, as contemplated by Rule 60(b), is "evidence which was in existence at the time of the trial of which the moving party was excusably ignorant and which would likely produce a different result." *See*, *e.g.*, *In re Seisay*, 61 B.R. 940, 945 (Bankr. S.D.N.Y. 1986). Both of those factors have clearly been met here. ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████

34.     In addition, subsection (3) of Rule 60(b) is satisfied because the deposition testimony of the Independent Directors shows that the Disclosure Statement contains material inaccuracies which were relied upon when the Court entered the Disclosure Statement Order. While the Committee does not currently assert by this Motion that the inaccuracies in the Disclosure Statement amount to fraud, "[r]elief under Rule 60 is not dependent upon a showing of deliberate falsehood in regard to misrepresentation." *In re Halladay Enters., Inc.*, 5 B.R. 83, 86 (Bankr. S.D. Tex. 1980) (*citing Bros, Inc. v. W. E. Grace Manufacturing Company*, 351 F.2d 208 (5th Cir. 1965)).   Rule 60(b)(3) also calls for an order to be vacated on the basis of "misrepresentation" ████████████████████████████████████████████

████████████████████████████████████████████

35.     Moreover, the Court's authority to vacate an order under Rule 60(b) is not

dependent on a movant satisfying any of the enumerated grounds set forth in the rule:

> The rule is broadly phrased and many of the itemized grounds are overlapping, freeing Courts to do justice in hard cases where the circumstances generally measure up to one or more of the itemized grounds. Subsection (6) has been construed as intending to "make available those grounds which equity has long recognized as a basis for relief."

*Laguna Royalty Co. v. Marsh*, 350 F.2d 817, 823 (5th Cir. 1965) (*citing Bros, Inc. v. W. E. Grace Mfg. Co.*, 320 F.2d 594, 608 (5th Cir. 1963); 3 *Barron & Holtzoff, Federal Practice & Procedure* §§ 1329 (Wright ed. 1958)); *see also In re Spears*, 352 B.R. 79, 83 (Bankr. N.D. Tex. 2006) (noting a "bias in both the rule and the Code to 'get it right'" in setting aside an agreed order premised on what "could [] be characterized as a mutual mistake").

36.     The deposition testimony of the Independent Directors demonstrates the overlapping nature of subsections (2) and (3) of Rule 60(b) as the testimony of the Independent Directors constitutes newly discovered evidence which shows that the Disclosure Statement is misleading as currently drafted.  Because of the rule's broad phrasing, the Disclosure Statement Order can be vacated pursuant to Bankruptcy Rule 9024, regardless of whether the testimony of the Independent Directors is characterized as newly discovered evidence or as evidence of misrepresentations.

**B.      The Court has Inherent Authority to Reconsider a Prior Order**

37.     In addition to the bases for vacating an order pursuant to Rule 60(b), the Court also has inherent authority to reconsider its prior orders.  Whether such authority derives from "the bankruptcy judge's 'ancient and elementary power to reconsider' his own orders," *In re Lintz W. Side Lumber, Inc.*, 655 F.2d 786, 789 (7th Cir. 1981) (*citing In re Pottasch Bros. Inc.*, 79 F.2d 613, 616 (2d Cir. 1935)), or section 105(a) of the Bankruptcy Code, which provides that "[n]o provision of this title providing for the raising of an issue by a party in interest shall be

construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process," there can be no doubt that the Court has the authority to reconsider its entry of the Disclosure Statement Order in light of this new information regarding the Independent Directors. *See also Lintz*, 655 F.2d at 789 ("It is now well settled that a bankruptcy judge has the power to reexamine and revise an order which he entered during the pendency of bankruptcy proceedings.") (*citing In re Meter Maid Industries, Inc.*, 462 F.2d 436 (5th Cir. 1972); *Frasch v. Wilson*, 413 F.2d 69 (9th Cir. 1969)).  In fact, courts considering a motion to reconsider a prior order often take note of their inherent authority.  *See, e.g.*, *In re Bulson*, 327 B.R. 830, 849 (Bankr. W.D. Mich. 2005) (denying a motion seeking alteration of an order pursuant to Bankruptcy Rule 9023 but invoking the bankruptcy court's authority under section 105(a) to revoke a prior order because it was procured by fraud); *In re Lower Bucks Hosp.*, 471 B.R. 419, 459 n.60 (Bankr. E.D. Pa. 2012) (finding "a de facto request for reconsideration of the DS Approval Order" to be "an appropriate case in which to exercise the court's inherent power to reconsider a prior order").  Lastly, it warrants mention that Paragraph 62 of the Disclosure Statement Order expressly provided that "[t]his Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order."

38.    Because the Disclosure Statement Order was entered based on material information and representations that have since been shown to be inaccurate, it is appropriate for the Court to exercise its power to reconsider the order.  This is particularly true here as the nature of the misstatements, as discussed above and seemingly acknowledged by counsel to the Second Lien Noteholders, goes to the very heart of issues that a creditor might consider when determining whether or not to cast its vote in favor of the Proposed Plan. *See, e.g., In re ISC*

21

*Bldg. Materials, Inc.*, 2011 Bankr. LEXIS 2036 (Bankr. S.D. Tex. Feb. 10, 2011) (*citing In re*

*Monnier Bros.*, 755 F.2d 1336, 1342 (8th Cir. 1985)) ("The primary purpose of a disclosure

statement is to give creditors and interest holders the information they need to decide whether to

accept the plan."); 7-1125 Collier on Bankruptcy P 1125.01 (16th ed. rev. 2016) ("Section

1125(a)(1) requires that the disclosure statement contain . . . such information as would enable a

hypothetical reasonable investor to make an informed judgment about the plan.").

### C.    Vacating or Reconsidering the Disclosure Statement Order is Consistent with the Purposes of the Code

39.    Regardless of the technical procedural mechanism that this Court believes

appropriate to utilize, the Committee submits that the end result—the cessation of solicitation on

this Proposed Plan because of the untrue statements contained in the current Disclosure

Statement—is entirely consistent with the holdings of other courts in related contexts.

40.    In this regard, courts have recognized that where material misstatements or

inaccuracies in a disclosure statement exist, it is inappropriate to move forward with solicitation

or confirmation. *See e.g. Comput. Task Grp., Inc. v. Brotby (In re Brotby)*, 303 B.R. 177, 194

(B.A.P. 9th Cir. 2003) (finding that financial projections in the disclosure statement were not

misleading or false, but noting that, "[o]bviously, the use of misleading or false information in a

disclosure statement may be so serious as to invalidate the voting by creditors as to a plan,

requiring a new round of voting after necessary corrections to the disclosure statement are

made.").

41.    In light of the foregoing, continuing the solicitation process for the Proposed Plan

under a materially inaccurate Disclosure Statement, and, indeed, continuing to pursue

confirmation of the ███████████████████████████████████████████████████

███████████████████████ Proposed Plan, is improper and constitutes a waste of estate assets

(particularly as any amended plan will likely require resolicitation).  As such, it is appropriate for the Court to vacate or reconsider its entry of the Disclosure Statement Order.

## **RESERVATION OF RIGHTS**

42.     The Committee reserves its right to supplement this Motion and expressly reserves all rights, claims, arguments, defenses, and remedies with respect to any other issue in these Chapter 11 Cases.

## **NOTICE AND NO PRIOR REQUEST**

43.     Notice of this Motion has been provided to all parties on the Master Service List as of September 5, 2016.  In light of the nature of the relief requested in this Motion, the Committee submits that no further notice is necessary.

44.     No prior application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests that the Court (a) enter an order substantially in the form attached hereto as <u>Exhibit 1</u>, vacating the Disclosure Statement Order, requiring the Debtors to correct certain inaccurate and materially misleading facts contained therein, and, if such amended Disclosure Statement is approved by this Court thereafter, commence resolicitation of the Proposed Plan, and (b) granting the Committee such other relief as the Court deems just and proper.

Dated:  September 7, 2016

**LATHAM & WATKINS LLP**

*/s/ Mitchell A. Seider*
Mitchell A. Seider (TX 18000550)
Adam J. Goldberg (*admitted pro hac vice*)
Adam S. Ravin (*admitted pro hac vice*)
885 Third Avenue
New York, NY 10022-4834
Tel:     212-906-1200
Fax:     212-751-4864
Email: mitchell.seider@lw.com
           adam.goldberg@lw.com
           adam.ravin@lw.com

-and-

**HELLER, DRAPER, PATRICK, HORN & DABNEY, L.L.C.**

*/s/ William H. Patrick III*
William H. Patrick III (*admitted pro hac vice*)
Tristan Manthey (TX 24042731)
Cherie Dessauer Nobles (*admitted pro hac vice*)
650 Poydras Street, Suite 2500
New Orleans, Louisiana  70130
Tel:     504-299-3345
Fax:     504-299-3399
Email:  wpatrick@hellerdraper.com
           tmanthey@hellerdraper.com
           cnobles@hellerdraper.com

*Counsel for Official Committee of Unsecured Creditors*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 7, 2016, the foregoing was served on all parties entitled to service via the Court's Electronic Filing System, and by first class mail, postage prepaid, upon all parties on the Master Service List (as of September 5, 2016), a copy of which is attached hereto.

*/s/ William H. Patrick, III*
William H. Patrick, III

**<u>EXHIBIT 1</u>**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| ENERGY XXI LTD, *et al.*,[1] | Case No. 16-31928 |
| Debtors. | Jointly Administered |

## ORDER VACATING DISCLOSURE STATEMENT ORDER
## PURSUANT TO FED. R. BANKR. P. 9024

Upon the Motion[2] filed by the Official Committee of Unsecured Creditors (the

"**Committee**") of Energy XXI Ltd. ("**Energy XXI**") and its affiliated debtors in possession

(collectively, the "**Debtors**"), for entry of an order (the "**Order**") vacating the Disclosure

Statement Order [Docket No. 805] based upon newly discovered evidence, all as more fully set

forth in the Motion; and the Court having jurisdiction over the matters raised in the Motion

pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with

Article III of the United States Constitution; and the Court having found that venue of this

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1]     The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Anglo-Suisse Offshore Pipeline Partners, LLC (9562), Delaware EPL of Texas, LLC (9562), Energy Partners Ltd., LLC (9562), Energy XXI GOM, LLC (0027), Energy XXI Gulf Coast, Inc. (8595), Energy XXI Holdings, Inc. (1638), Energy XXI, Inc. (2108), Energy XXI Leasehold, LLC (8121), Energy XXI Ltd (9286), Energy XXI Natural Gas Holdings, Inc. (7517), Energy XXI Offshore Services, Inc. (4711), Energy XXI Onshore, LLC (0308), Energy XXI Pipeline, LLC (5863), Energy XXI Pipeline II, LLC (8238), Energy XXI Services, LLC (3999), Energy XXI Texas Onshore, LLC (0294), Energy XXI USA, Inc. (8552), EPL of Louisiana, L.L.C. (9562), EPL Oil & Gas, Inc. (9562), EPL Pioneer Houston, Inc. (9749), EPL Pipeline, L.L.C. (1048), M21K, LLC (3978), MS Onshore, LLC (8573), Natural Gas Acquisition Company I, LLC (0956), Nighthawk, L.L.C. (9562), and Soileau Catering, LLC (2767).  The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is:  1021 Main Street, Suite 2626, Houston, Texas 77002.

[2]     Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

the Court having found proper and adequate notice of the Motion and hearing thereon has been given and that no other or further notice is necessary; and after having given due deliberation upon the Motion, and all of the proceedings had before the Court in connection with the Motion, it is HEREBY ORDERED THAT:

1.      The Motion is **GRANTED** as set forth herein.

2.      Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9024, the Disclosure Statement Order [Docket No. 805] is hereby vacated.

3.      The Debtors shall notify all recipients of the "solicitation package" that the Debtors used to solicit votes with respect to the Proposed Plan that the Disclosure Statement Order has been vacated, solicitation with respect to the Proposed Plan has been terminated as of the date upon which this Order was entered, and any ballots previously submitted in connection with such solicitation will not be counted and shall be deemed void *ab initio*.

4.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5.      The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.


Dated:  September ___, 2016
Houston, Texas


_____
**UNITED STATES BANKRUPTCY JUDGE**

## EXHIBIT 2

**Transcript of Relevant Portions of Morris Deposition**

**<u>EXHIBIT 3</u>**

**Transcript of Relevant Portions of Latimer Deposition**

## EXHIBIT 4

**Transcript of Relevant Portions of Jumper Deposition**

## EXHIBIT 5

**Transcript of Relevant Portions of Schiller Deposition**

**<u>EXHIBIT 6</u>**

**EXXI-PJT-BK-0000917 – 0000919**

**EXHIBIT 7**

**Latimer Deposition Exhibit No. 11**

## EXHIBIT 8

**Latimer Deposition Exhibit No. 12**

**<u>EXHIBIT 9</u>**

**Latimer Deposition Exhibit No. 13**

**EXHIBIT 10**

**Transcript of Relevant Portions of LaChance Deposition**

# EXHIBIT 11

**Committee's Demand Letter**

**Latham & Watkins LLP**

Mitchell A. Seider
885 Third Avenue
New York, NY 10022
Direct Dial: (212) 906-1637
mitchell.seider@lw.com

**Heller, Draper, Patrick, Horn & Dabney, LLC**

William H. Patrick III
650 Poydras Street, Suite 2500
New Orleans, LA 70130
Direct Dial: (504) 299-3345
wpatrick@hellerdraper.com

August 29, 2016

**<u>VIA ELECTRONIC MAIL</u>**

Harry A. Perrin                           David S. Meyer
Vinson & Elkins LLP                       Vinson & Elkins LLP
1001 Fannin Street, Suite 2500            666 Fifth Avenue, 26th Floor
Houston, Texas 77002-6760                 New York, New York 10103-0040

      Re:    <u>In re Energy XXI Ltd, et al. (collectively, "**Energy XXI**")</u>

Harry & David:

      As you know, we are co-counsel to the Official Committee of Unsecured Creditors (the "**<u>Committee</u>**") appointed in Energy XXI's chapter 11 cases.

      Reference is made to: (i) the *Debtors' Proposed Joint Chapter 11 Plan of Reorganization* [Docket No. 810] (the "**<u>Proposed Plan</u>**"); (ii) the *Debtors' Third Amended Disclosure Statement for the Debtors' Proposed Joint Chapter 11 Plan of Reorganization* [Docket No. 809] (the "**<u>Disclosure Statement</u>**"); and (iii) the Restructuring Support Agreement dated as of April 11, 2016 (the "**<u>RSA</u>**") by and among Energy XXI and its affiliated debtors (the "**<u>Debtors</u>**") and certain holders of the 11% senior second lien notes issued by EGC (the "**<u>Second Lien Notes</u>**" and the holders thereof party to the RSA, the "**<u>Second Lien Ad Hoc Group</u>**").

      For the reasons set forth herein, the Committee hereby demands that the Debtors withdraw the Proposed Plan immediately.

      Based on evidence developed through deposition testimony, the Committee has recently learned that (among numerous other deficiencies):

    (i)



    (ii)

(iii) 

(iv)

(v)

The Committee believes that continuing the solicitation process for the Proposed Pla constitutes waste of estate assets

---

[1]     The Debtors did not respond to these proposals (which, incidentally, may not have left management in place if consummated).

[2]


Page 3

(particularly as any amended Plan will likely require resolicitation), and is inconsistent with the fiduciary duties of the respective boards of EPL and EGC.

Accordingly, the Committee demands that the Debtors' withdraw the Proposed Plan immediately.

The Committee reserves all, and waives none, of its rights, claims, remedies, and interests.

We look forward to your prompt reply.

Sincerely,

*Mitch Seider*

Mitchell A. Seider
of LATHAM & WATKINS LLP

*William H. Patrick III*

William H. Patrick III
of HELLER, DRAPER, PATRICK, HORN &
DABNEY, LLC

**<u>EXHIBIT 12</u>**

**Debtors' Response Letter**

# Vinson&Elkins

September 2, 2016

***Sent Via Electronic Mail***:

Mitchell A. Seider
Latham & Watkins LLP
885 Third Avenue
New York, NY 10022
Direct Dial: (212) 906-1637
mitchell.seider@lw.com

William H. Patrick III
Heller, Draper, Patrick Horn & Dabney, LLC
650 Poydras Street, Suite 2500
New Orleans, LA 70130
Direct Dial: (504) 299-3345
wpatrick@hellerdraper.com

Re:    *In re Energy XXI Ltd.*, *et al.,* (the "***Debtors***") Case No. 16-31928 (the "***Cases***") and
       the Demand Letter dated August 29, 2016 (the "***Letter***") from the Official Committee
       of Unsecured Creditors (the "***Committee***")

Dear Mitch and Billy:

       We are in receipt of the Committee's Letter and note your reservation of your rights
and remedies therein.  We do not agree, however, that the proposed withdrawal of the
*Debtors' Proposed Joint Chapter 11 Plan of Reorganization* [Docket No. 810] (the "***Plan***")
at this point is an appropriate course of action, a proper exercise of the fiduciary duties of any
of the Debtors' boards of directors, or in the best interests of the Debtors' estates.  At a
minimum, withdrawal of the Plan would significantly delay the Debtors' emergence from
chapter 11. As we have continually stated in our pleadings and communications with all
stakeholders, such postponement would exacerbate administrative costs, distress trade
creditors and employees, and jeopardize the support of the Bureau of Ocean Energy
Management and Exxon for the reorganization. Additionally, withdrawal of the Plan could
lead to the termination of the Restructuring Support Agreement (the "***RSA***") by the ad hoc
group of second lien noteholders, whose support is necessary for an expeditious and value-
maximizing reorganization.  Delay could also lead the first lien lenders to withdraw their
support of the Plan and impede the consummation of an exit facility.

       Furthermore, we fundamentally disagree with your Letter's characterization of the
deposition testimony of the independent directors (together, the "***Independent Directors***") of
Energy XXI Gulf Coast, Inc. ("***EGC***") and EPL Oil & Gas, Inc., ("***EPL***"). In particular, we
dispute your Letter's assertions relating to the Independent Directors' opinions regarding the
RSA, the Plan, and the *Debtors' Third Amended Disclosure Statement for the Debtors'
Proposed Joint Chapter 11 Plan of Reorganization* [Docket No. 809] (the "***Disclosure
Statement***"). The Independent Directors, along with the other directors and officers of the
Debtors, take seriously their fiduciary obligation to evaluate all opportunities to maximize

**Vinson & Elkins LLP   Attorneys at Law**

Austin  Beijing  Dallas  Dubai  Hong Kong  Houston  London  Moscow  New York
Palo Alto  Richmond  Riyadh  San Francisco  Taipei  Tokyo  Washington

Trammell Crow Center, 2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
**Tel** +1.214.220.7700 **Fax** +1.214.220.7716  **www.velaw.com**

V&E

value for the Debtors' estates and to seek an equitable resolution of the Cases.



Properly understood, the Independent Directors' deposition comments encourage the Debtors to continue their efforts to increase support for the Plan through direct engagement and negotiation with all stakeholders.

We agree and are actively working towards this goal. As we communicated to you on August 30, 2016, we look forward to meeting with the Committee and other key creditor constituencies in New York on September 8, 2016. To the extent our negotiations result in agreement among the parties to modify the Plan, such amendments are not only possible but commonplace in chapter 11 proceedings. Litigating a motion to withdraw the Plan would hinder these constructive efforts by further entrenching parties in their opposing views. We maintain that engagement, not withdrawal, is the appropriate course of action at this time.

Given the Independent Directors' continued support for further negotiations, the Debtors' ongoing efforts to broker a consensual Plan, and the considerable progress that we believe will be achieved by continuing our dialogue with the Committee in particular, we respectfully ask that you rescind your demand for withdrawal of the Plan. We also ask that you continue to work in earnest towards a consensual resolution of your concerns with the Debtors and all other parties to the Cases.

We are available to discuss the above at your convenience.

Sincerely,

/s/ David Meyer

David Meyer

Additional Parties cc'd.

G. Michael O'Leary,
Robin Russell, and
John F. Higgins

ADAMS AND REESE LLP
(COUNSEL TO REGIONS BANK)
ATTN: JOHN M. DUCK
701 POYDRAS STREET, SUITE 4500
NEW ORLEANS, LA 70139

ADAMS AND REESE LLP
(COUNSEL TO REGIONS BANK)
ATTN: JAMES R. AUSTIN
CHASE NORTH TOWER
450 LAUREL STREET, SUITE 1900
BATON ROUGE, LA 70801

ADAMS AND REESE LLP
(COUNSEL TO C & D PRODUCTION SPECIALIST CO., INC.)
ATTN: ROBIN B. CHEATHAM
ONE SHELL SQUARE
701 POYDRAS STREET, SUITE 4500
NEW ORLEANS, LA 70139

ADRIATIC MARINE, L.L.C.
C/O LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
ATTN: STEWART F. PECK
601 POYDRAS STREET, SUITE 2775
NEW ORLEANS, LA 70130

ADRIATIC MARINE, L.L.C.
C/O LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
ATTN: BENJAMIN W. KADDEN
601 POYDRAS STREET, SUITE 2775
NEW ORLEANS, LA 70130

ALLEN & GOOCH, A LAW CORPORATION
(COUNSEL TO T. BAKER SMITH, LLC)
ATTN: CADE EVANS
2000 KALISTE SALOOM ROAD, SUITE 400
LAFAYETTE, LA 70508

ALLEN & GOOCH, A LAW CORPORATION
(COUNSEL TO MOORES PUMP & SERVICES, INC., FIRE  &
SAFETY SPECIALIST,INC., WHITCO PUMP & EQUIPMENT)
ATTN: CADE EVANS
2000 KALISTE SALOOM ROAD, SUITE 400
LAFAYETTE, LA 70508

ANDERSON LEHRMAN BARRE & MARAIST, LLP
(COUNSEL TO ARCHROCK PARTNERS OPERATING, L.L.C &
ARCHROCK SERVICES, L.P.)
ATTN: KEVIN M. MARAIST
GASLIGHT SQUARE
1001 THIRD STREET, SUITE 1
CORPUS CHRISTI, TX 78404

ANDREWS KURTH LLP
(COUNSEL TO THE SPECIAL COMMITTEE OF THE BOARD OF
ENERGY XXI GULF COAST, INC.)
ATTN: ROBIN RUSSELL, ASHLEY GARGOUR
600 TRAVIS, SUITE 4200
HOUSTON, TX 77002

ANDREWS MYERS, P.C.
(COUNSEL TO SUBSURFACE CONSULTANTS & ASSOCIATES)
ATTN: LISA M. NORMAN
3900 ESSEX LANE, SUITE 800
HOUSTON, TX 77027-5198

Master Service List (as of 09/05/2016 16:00:01)

ASCENSION CAPITAL GROUP
ATTN: BMW FINANCIAL SERVICES NA, LLC DEPARTMENT
ACCOUNT: XXXXX5533
P.O. BOX 201347
ARLINGTON, TX 76006

B & J MARTIN, INC.
ATTN: GAIL M. MARTIN
18104 WEST MAIN STREET
GALLIANO, LA 70354

BRACEWELL LLP
(COUNSEL TO ENI PETROLEUM US LLC)
ATTN: WILLIAM A. WOOD, III
711 LOUISIANA STREET, SUITE 2300
HOUSTON, TX 77002

BUREAU OF OCEAN ENERGY MANAGEMENT (BOEM)
GULF OF MEXICO OCS REGION
1201 ELMWOOD PARK BLVD
NEW ORLEANS, LA 70123-2394

BUREAU OF OCEAN ENERGY MANAGEMENT (BOEM)
OFFICE OF PUBLIC AFFAIRS
1849 C STREET, NW
WASHINGTON, DC 20240

BUREAU OF SAFETY AND ENVIRONMENTAL ENFORCEMENT
GULF OF MEXICO OCS REGION
1201 ELMWOOD PARK BLVD.
NEW ORLEANS, LA 70123-2394

BUREAU OF SAFETY AND ENVIRONMENTAL ENFORCEMENT
1849 C STREET, NW
WASHINGTON, DC 20240

CHANNEL VIEW INDEPENDENT SCHOOL DISTRICT
SHELDON INDEPENDENT SCHOOL DISTRICT
CROSBY INDEPENDENT SCHOOL DISTRICT
C/O OWEN M. SONIK
PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P.
1235 NORTH LOOP WEST, SUITE 600
HOUSTON, TX 77008

COLE SCHOTZ P.C.
(COUNSEL TO WILMINGTON TRUST, N.A. AS INDENTURE TRUSTEE)
ATTN: MICHAEL D. WARNER, ESQ.
301 COMMERCE STREET, SUITE 1700
FORT WORTH, TX 76102

DAIMLER TRUST
C/O BK SERVICING, LLC
P.O. BOX 131265
ROSEVILLE, MN 55113-0011

Master Service List (as of 09/05/2016 16:00:01)

DELAWARE TRUST COMPANY
AS SUCCESSOR INDENTURE TRUSTEE
ATTN: SANDRA E. HORWITZ
2711 CENTERVILLE ROAD
WILMINGTON, DE 19808

DIAMOND MCCARTHY LLP
(COUNSEL TO ISLAND OPERATING COMPANY, INC.)
ATTN: KYUNG S. LEE, WILLIAM HOTZE
909 FANNIN STREET, 15TH FLOOR
TWO HOUSTON CENTER
HOUSTON, TX 77010

DORE LAW GROUP, P.C.
(COUNSEL TO WOOD GROUP PSN, INC.)
ATTN: CARL DORE, JR.
17171 PARK ROW, SUITE 160
HOUSTON, TX 77084

DORE LAW GROUP, P.C.
(COUNSEL TO WOOD GROUP PSN, INC.)
ATTN: KIM LEWINSKI
17171 PARK ROW, SUITE 160
HOUSTON, TX 77084

DORE LAW GROUP, P.C.
(COUNSEL TO WOOD GROUP PSN, INC.)
ATTN: ZACHARY S. MCKAY
17171 PARK ROW, SUITE 160
HOUSTON, TX 77084

DUVAL, FUNDERBURK, STUNDBERY, RICHARD & WATKINS
(COUNSEL TO R. & R. BOATS INC.)
ATTN: STANWOOD R. DUVAL
101 WILSON AVENUE (70364)
P.O. BOX 3017
HOUMA, LA 70361

DUVAL, FUNDWEBUNK, SUNDBERY, RICHARD & WATKINS
(COUNSEL TO GULFSTREAM SERVICES, INC.)
ATTN: STANWOOD R. DUVAL
101 WILSON AVENUE (70364)
P.O. BOX 3017
HOUMA, LA 70361

FAB-COM, INCORPORATED
ATTN: BOBBY J. GILES, STACY BENANDI
P.O. BOX 520
GONZALES, LA 70707

FIELDWOOD ENERGY LLC
ATTN: ROBERT J. SERGESKETTER
2000 W. SAM HOUSTON PKWY S, SUITE 1200
HOUSTON, TX 77042

GARDERE WYNNE SEWELL LLP
(COUNSEL TO QUAILS TOOLS, L.P.)
ATTN: MICHAEL S. HAYNES, MATTHEW J. PYEATT
1601 ELM STREET, SUITE 3000
DALLAS, TX 75201

GARDERE WYNNE SEWELL LLP
(COUNSEL TO WEATHERFORD INTERNATIONAL, INC.)
ATTN: MICHAEL S. HAYNES, MATTHEW J. PYEATT
1601 ELM STREET, SUITE 3000
DALLAS, TX 75201

GREENBERG TRAURIG, LLP
(COUNSEL TO OCEANEERING INTERNATIONAL, INC.)
ATTN: SAHRI L. HEYEN, DAVID R. EASTLAKE
1000 LOUISIANA STREET, SUITE 1700
HOUSTON, TX 77002

H. KENT AGUILLARD
(COUNSEL TO INDUSTRIAL & OILFIELD SERVICES, INC.)
P.O. BOX 391
EUNICE, LA 70535

HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, PC
(COUNSEL TO TRANSCONTINENTAL GAS PIPE LINE COMPANY
LL, DISCOVERY GAS TRANSMISSION, LLC AND DISCOVERY
PRODUCER SERVICES, LLC)
ATTN: STEVEN W. SOULE, ESQ., JOHN T. RICHER, ESQ.
320 SOUTH BOSTON AVENUE, SUITE 200
TULSA, OK 74103-3706

HAYNES AND BOONE, LLP
(COUNSEL TO EXXON MOBIL CORPORATION)
ATTN: KELLI S. NORFLEET
1221 MCKINNEY STREET, SUITE 2100
HOUSTON, TX 77010

HAYNES AND BOONE, LLP
(COUNSEL TO EXXON MOBIL CORPORATION)
ATTN: CHARLES A BECKHAM, JR.
1221 MCKINNEY STREET, SUITE 2100
HOUSTON, TX 77010

HELLER, DRAPER, PATRICK, HORN & DABNEY, L.L.C.
(COUNSEL TO THE UNSECURED CREDITORS COMMITTEE)
ATTN: TRISTAN MANTHEY
650 POYDRAS STREET, SUITE 2500
NEW ORLEANS, LA 70130

HELLER, DRAPER, PATRICK, HORN & DABNEY, L.L.C.
(COUNSEL TO THE UNSECURED CREDITORS COMMITTEE)
ATTN: CHERIE DESSAUER NOBLES
650 POYDRAS STREET, SUITE 2500
NEW ORLEANS, LA 70130

HELLER, DRAPER, PATRICK, HORN & DABNEY, L.L.C.
(COUNSEL TO THE UNSECURED CREDITORS COMMITTEE)
ATTN: WILLIAM H. PATRICK, III
650 POYDRAS STREET, SUITE 2500
NEW ORLEANS, LA 70130

HOOVER SLOVACEK LLP
(COUNSEL TO OFFICIAL COMMITEE OF EQUITY HOLDERS)
ATTN: EDWARD L. ROTHBERG
GALLERIA TOWER II
5051 WESTHEIMER, SUITE 1200
HOUSTON, TX 77056

HOOVER SLOVACEK LLP
(COUNSEL TO OFFICIAL COMMITTEE OF EQUITY HOLDERS)
ATTN: DEIDRE CAREY BROWN
GALLERIA TOWER II
5051 WESTHEMER, SUITE 1200
HOUSTON, TX 77056

INTERNAL REVENUE SERVICE
ATTN: CENTRALIZED INSOLVENCY OPERATION
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

INTERNAL REVENUE SERVICE
ATTN: CENTRALIZED INSOLVENCY OPERATION
2970 MARKET ST.
PHILADELPHIA, PA 19104-5016

INTERNAL REVENUE SERVICE
ATTN: RICHARD A. KINCHELOE
UNITED STATES ATTORNEY'S OFFICE
SOUTHERN DISTRICT OF TEXAS
600 E. HARRISON, SUITE 201
BROWNSVILLE, TX 78520-5106

J. SCOTT DOUGLASS
ATTORNEY AT LAW
1811 BERING DRIVE, SUITE 420
HOUSTON, TX 77057

JACKSON WALKER L.L.P.
(COUNSEL TO CAPITAL ONE, N.A.)
ATTN: BRUCE J. RUZINSKY
1401 MCKINNEY, SUITE 1900
HOUSTON, TX 77010

JACKSON WALKER L.L.P.
(COUNSEL TO CAPITAL ONE, N.A.)
ATTN: LISA A. POWELL
1401 MCKINNEY, SUITE 1900
HOUSTON, TX 77010

JOHN A. MOUTON, III
(COUNSEL TO CARDINAL COIL TUBING, LLC,
VESCO RENTAL & PRESSURE CONTROL, LLC AND
CARDINAL SLICKLINE, LLC)
P.O. BOX 82438
LAFAYETTE, LA 70598

JOHNSON DELUCA KURISKY & GOULD, P.C.
(COUNSEL TO ENERGY XXI GOM, LLC, W & T OFFSHORE,
VI, LLC AND EN VEN ENERGY VENTURES, LLC)
ATTN: BRADLEY L. DELUCA
4 HOUSTON CENTER
1221 LAMAR, SUITE 1000
HOUSTON, TX 77010

JONES WALKER LLP
(COUNSEL TO GULF ISLAND, LLC)
ATTN: MARK A. MINTZ
201 ST. CHARLES AVENUE, SUITE 5100
NEW ORLEANS, LA 70170-5100

KILMER CROSBY & WALKER PLLC
(COUNSEL TO FIELDWOOD ENERGY LLC, FIELDWOOD ENERGY
OFFSHORE LLC)
ATTN: BRIAN A. KILMER
5100 WESTHEIMER, 2ND FLOOR
HOUSTON, TX 77056

KILPATRICK TONWSEND & STOCKTON LLP
(COUNSEL TO WILMINGTON TRUST, NA)
ATTN: TODD C. MEYERS, ESQ.
PAUL M. ROSENBLATT, ESQ.
1100 PEACHTREE STREET NE, SUITE 2800
ATLANTA, GA 30309-4530

KILPATRICK TOWNSEND & STOCKTON LLP
(COUNSEL TO WILMINGTON TRUST, NA)
ATTN: GIANFRANCO FINIZIO, ESQ.
THE GRACE BUILDING
1114 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-7703

KING, KREBS & JURGENS, P.L.L.C.
(COUNSEL TO PHI, INC.)
ATTN: HENRY A. KING
201 ST. CHARLES AVENUE, 45TH FLOOR
NEW ORLEANS, LA 70170

KING, KREBS & JURGENS, P.L.L.C.
(COUNSEL TO PHI, INC.)
ATTN: JEFFREY M. BURMASTER
201 ST. CHARLES AVENUE, 45TH FLOOR
NEW ORLEANS, LA 70170

LAMM & SMITH, P.C.
(COUNSEL TO ECOSERV, LLC)
ATTN: SCOTT T. CITEK
3730 KIRBY DRIVE, SUITE 650
HOUSTON, TX 77098

LANGLEY LLP
(COUNSEL TO ASPEN AMERICAN INSURANCE COMPANY)
ATTN: GINA D. SHEARER
1301 SOLANA BLVD.
BUILDING 1, SUITE 1545
WESTLAKE, TX 76262

LANGLEY LLP
(COUNSEL TO CHUBB GROUP OF INSURANCE COMPANIES)
ATTN: GINA D. SHEARER
1301 SOLANA BLVD.
BUILDING 1, SUITE 1545
WESTLAKE, TX 76262

LANGLEY LLP
(COUNSEL TO LIBERTY MUTUAL INSURANCE COMPANY)
ATTN: GINA D. SHEARER
1301 SOLANA BLVD.
BUILDING 1, SUITE 1545
WESTLAKE, TX 76262

LATHAM & WATKINS LLP
(COUNSEL TO THE UNSECURED CREDITORS COMMITTEE)
ATTN: ADAM S. RAVIN
885 THIRD AVENUE
NEW YORK, NY 10022

LATHAM & WATKINS LLP
(COUNSEL TO THE UNSECURED CREDITORS COMMITTEE)
ATTN: JUSTIN A. LEVY
885 THIRD AVENUE
NEW YORK, NY 10022

LATHAM & WATKINS LLP
(COUNSEL TO THE UNSECURED CREDITORS COMMITTEE)
ATTN: HEATHER A. WALLER
330 NORTH WABASH AVENUE, SUITE 2800
CHICAGO, IL 60611

LATHAM & WATKINS LLP
(COUNSEL TO THE UNSECURED CREDITORS COMMITTEE)
ATTN: DEREK J. LINKOUS
330 NORTH WABASH AVENUE, SUITE 2800
CHICAGO, IL 60611

LAW OFFICE OF PATRICIA WILLIAMS PREWITT
(COUNSEL TO VENICE ENERGY SERVICES, TENNESSEE GAS
PIPELINE COMPANY, LLC)
ATTN: PATRICIA WILLIAMS PREWITT
10953 VISTA LAKE COURT
NAVASOTA, TX 77868

LAW OFFICE OF PATRICIA WILLIAMS PREWITT
(COUNSEL TO EP ENERGY E&P COMPANY, LP)
ATTN: PATRICIA WILLIAMS PREWITT
10953 VISTA LAKE COURT
NAVASOTA, TX 77868

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
(COUNSEL TO HARRIS COUNTY, CYPRESS-FAIRBANKS ISD)
P.O. BOX 3064
HOUSTON, TX 77253-3064

LISKOW & LEWIS
(COUNSEL TO TGS-NOPEC GEOPHYSICAL COMPANY)
ATTN: MICHAEL D. RUBENSTEIN
1001 FANNIN STREET, SUITE 1800
HOUSTON, TX 77002

LOCKE LORD LLP
(SPECIAL COUNSEL TO THE DEBTORS)
ATTN: STEVEN W. GOLDEN
600 TRAVIS STREET, SUITE 2800
HOUSTON, TX 77002

LOCKE LORD LLP
(SPECIAL COUNSEL TO THE DEBTORS)
ATTN: PHILIP G. EISENBERG
600 TRAVIS STREET, SUITE 2800
HOUSTON, TX 77002

LOOPER GOODWINE, PC
(COUNSEL TO ENVEN ENERGY VENTURES, LLC)
ATTN: PAUL J. GOODWINE
650 POYDRAS STREET, SUITE 2400
NEW ORLEANS, LA 70130

Master Service List (as of 09/05/2016 16:00:01)

LUTHER DICKIE ABEL  - ATTORNEY
(COUNSEL TO INA BLACK - A SHAREHOLDER)
408 SOUTH 4TH STREET
GADSDEN, AL 35901

M & J VALVE SERVICES, INC.
ATTN: MICHAEL F. MILEY, GENERAL COUNSEL
110 GILL DRIVE
LAFAYETTE, LA 70507

MILBANK, TWEED, HADLEY & MCCLOY LLP
(COUNSEL TO AD HOC COMMITTEE OF 2ND LIEN NOTEHOLD)
ATTN: DENNIS F. DUNNE, SAMUEL A. KHALIL
28 LIBERTY STREET
NEW YORK, NY 10005-1413

MILBANK, TWEED, HADLEY & MCCLOY LLP
ATTN: SAMUEL A. KHALIL
ATTN: MATTHEW BROD
28 LIBERTY STREET
NEW YORK, NY 10005-1413

MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO
(COUNSEL TO WILMINGTON SAVINGS FUND SOCIETY, FSB
AS SUCCESSOR INDENTURE TRUSTEE)
ATTN: PAUL J. RICOTTA, ESQ.
ONE FINANCIAL CENTER
BOSTON, MA 02111

MONTGOMERY BARNETT, L.L.P.
(COUNSEL TO FUGRO CHANCE, INC.)
ATTN: STEPHEN L. WILLIAMSON, MICHAEL E. LANDIS
3300 ENERGY CENTRE
1100 POYDRAS STREET
NEW ORLEANS, LA 70163

NIXON PEABODY LLP
(COUNSEL TO CALIFORNIA PUBLIC EMPLOYEES'
RETIREMENT SYSTEM)
ATTN: LOUIS J. CISZ, III, ESQ.
ONE EMBARCADERO CENTER, 18TH FLOOR
SAN FRANCISCO, CA 94111

NIXON PEABODY LLP
(COUNSEL TO CALIFORNIA PUBLIC EMPLOYEES'
RETIREMENT SYSTEM)
ATTN: DANIEL M. DEATON
300 S. GRAND AVENUE, SUITE 4100
LOS ANGELES, CA 90071-3151

NORTON ROSE FULBRIGHT US LLP
(COUNSEL TO AD HOC COMMITTEE OF 2ND LIEN NOTEHOLD)
ATTN: LOUIS R. STRUBECK
2200 ROSS AVENUE, SUITE 3600
DALLAS, TX 75201

NORTON ROSE FULBRIGHT US LLP
(COUNSEL TO AD HOC COMMITTEE OF 2ND LIEN NOTEHOLD)
ATTN: WILLIAM R. GREENDYKE, JASON L. BOLAND,
1301 MCKINNEY STREET, SUITE 5100
HOUSTON, TX 77010-3095

NORTON ROSE FULBRIGHT US LLP
(COUNSEL TO AD HOC COMMITTEE OF 2ND LIEN NOTEHOLD)
ATTN: BOB B. BRUNER
1301 MCKINNEY STREET, SUITE 5100
HOUSTON, TX 77010-3095

OFFICE OF NATURAL RESOURCE REVENUE
15109 HEATHROW FOREST PKWY STE 200
HOUSTON, TX 77032-3887

OFFICE OF NATURAL RESOURCE REVENUE
1849 C STREET NW, MAIL STOP 4211
WASHINGTON, DC 20240

OFFICE OF THE UNITED STATES TRUSTEE
515 RUSK STREET, SUITE 3516
HOUSTON, TX 77002

ONEBANE LAW FIRM
(COUNSEL TO FLOW PETROLEUM SERVICES, INC.)
ATTN: CRAIG A. RYAN
1200 CAMELLIA BOULEVARD, SUITE 300
P.O. BOX 3507
LAFAYETTE, LA 70502-3507

PHELPS DUNBAR LLP
(COUNSEL TO BARRY GRAHAM OIL SERVICE LLC)
ATTN: MICHAEL E. STREICH
500 DALLAS STREET, SUITE 1300
HOUSTON, TX 77002

PHELPS DUNBAR LLP
(COUNSEL TO BARRY GRAHAM OIL SERVICE LLC)
ATTN: EVANS MARTIN MCLEOD & DAVID I. CLAY, II
365 CANAL STREET, SUITE 2000
NEW ORLEANS, LA 70130-6534

PORTER HEDGES LLP
(COUNSEL TO AXIP ENERGY SERVICES, LP)
ATTN: ERIC ENGLISH, ESQ.
1000 MAIN STREET, 36TH FLOOR
HOUSTON, TX 77002

PORTER HEDGES LLP
(COUNSEL TO EPL SPECIAL COMMITTEE)
ATTN: JOHN F. HIGGINS, AARON J. POWER
1000 MAIN STREET, 36TH FLOOR
HOUSTON, TX 77002

PROSPERITY BANK N.A.
C/O ADAM R. SWONKE
WELLS & CUELLAR, P.C.
440 LOUISIANA, SUITE 718
HOUSTON, TX 77002

QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.
(COUNSEL TO RLI INSURANCE COMPANY)
ATTN: TIMOTHY A. YORK
2001 BRYAN STREET, SUITE 1800
DALLAS, TX 75201

RCP INC.
ATTN: MATTHEW G. WYLIE
GENERAL COUNSEL
801 LOUSIANA STREET, SUITE 200
HOUSTON, TX 77002

REICH, ALBUM & PLUNKET, L.L.C.
(COUNSEL TO BORDELON MARINE, INC.)
ATTN: ROBERT S. REICH, ESQ.
3850 NORTH CAUSEWAY BOULEVARD
LAKEWAY CENTER II, SUITE 1000
METAIRIE, LA 70002

REICH, ALBUM & PLUNKETT, L.L.C.
(COUNSEL TO OFFSHORE LIFTBOATS, L.L.C.)
ATTN: ROBERT S. REICH, ESQ.
3850 NORTH CAUSEWAY BOULEVARD
LAKEWAY CENTER II, SUITE 1000
METAIRIE, LA 70002

REICH, ALBUM & PLUNKETT, L.L.C.
(COUNSEL TO OFFSHORE LIFTBOATS, L.L.C.)
ATTN: LAWRENCE R. PLUNKETT, JR., ESQ.
3850 NORTH CAUSEWAY BOULEVARD
LAKEWAY CENTER II, SUITE 1000
METAIRIE, LA 70002

REICH, ALBUM & PLUNKETT, L.L.C.
(COUNSEL TO BORDELON MARINE, INC.)
ATTN: LAWRENCE R. PLUNKETT, JR., ESQ.
3850 NORTH CAUSEWAY BOULEVARD
LAKEWAY CENTER II, SUITE 1000
METAIRIE, LA 70002

RIDDLE WILLIAM P.S.
(COUNSEL TO MICROSOFT CORPORATION AND MICROSOFT
LEASING, GP)
ATTN: MARIA A. MILANO
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154

RIVER RENTAL TOOLS, INC.
C/O PIVACH, PIVACH, HUFFT, THRIFFILEY & DUNBAR LLC
ATTN: TIMOTHY THRIFFILEY, ESQ.
8311 HIGHWAY 23, SUITE 104
BELLE CHASSE, LA 70037

ROPES & GRAY LLP
(COUNSEL TO DELAWARE TRUST COMPANY AS SUCCESSOR
INDENRURE TRUSTEE)
ATTN: MARK R. SOMERSTEIN, ESQ.
1211 AVENUE OF THE AMERICAS
NEW YORK, NY 10036

RUSH, RUSH & CALOGERO
(COUNSEL TO DIAMOND OIL FIELD SUPPLY, INC.)
ATTN: CHARLES M. RUSH
202 MAGNATE DRIVE
LAFAYETTE, LA 70508

S. MAYER LAW PLLC
(COUNSEL TO STONE ENERGY)
P.O. BOX 6542
HOUSTON, TX 77265

SATTERLEE STEPHENS BURKE & BURKE LLP
(COUNSEL TO MOODY'S ANALYTICS, INC.)
ATTN: CHRISTOPHER R. BELMONTE, ESQ.
PAMELA A. BOSSWICK, ESQ.
230 PARK AVENUE
NEW YORK, NY 10169

SECURITIES AND EXCHANGE COMMISSION - REGIONAL
OFFICE
ATTN: BANKRUPTCY DEPT
BROOKFIELD PLACE
200 VESEY STREET STE. 400
NEW YORK, NY 10281-1022

SECURITIES AND EXCHANGE COMMISSION - REGIONAL
OFFICE
ATTN: BANKRUPTCY DEPT
ONE PENN CENTER
1617 JFK BLVD. STE. 520
PHILADELPHIA, PA 19103

SNOW SPENCE GREEN LLP
(COUNSEL TO SNOW SPENCE GREEN LLP & WESTERNGECO,
LLC)
ATTN: PHIL F. SNOW
2929 ALLEN PARKWAY, SUITE 2800
HOUSTON, TX 77019

STATE OF TEXAS COMPTROLLER OF PUBLIC ACCOUNTS
ATTN: JAY W. HURST
ASSISTANT ATTORNEY GENERAL
OFFICE OF THE TEXAS ATTORNEY GENERAL
BANKRUPTCY & COLLECTIONS DIVISION MC 008
P.O. BOX 12548
AUSTIN, TX 78711-2548

STEWART ROBBINS & BROWN, LLC
(COUNSEL TO ADVANCE FIRE & SAFETY, LLC)
ATTN: BRANDDON A. BROWN, RYAN J. RICHMOND
620 FLORIDA STREET, SUITE 100
BATON ROUGE, LA 70801

STRASBURGER & PRICE, L.L.P.
(COUNSEL TO HANOVER INSURANCE COMPANY)
ATTN: ROBERT P. FRANKE, DUNCAN L. CLORE
901 MAIN STREET, SUITE 4400
DALLAS, TX 75202-3794

STRASBURGER & PRICE, L.L.P.
(COUNSEL TO HANOVER INSURANCE COMPANY)
ATTN: CHRISTOPHER R. WARD
2801 NETWORK BOULEVARD, SUITE 600
FRISCO, TX 75034

STRASBURGER & PRICE, LLP
(COUNSEL TO SEITEL DATA, LTD.)
ATTN: DUANE J. BRESCIA
720 BRAZOS, SUITE 700
AUSTIN, TX 78701

STRASBURGER & PRICE, LLP
(COUNSEL TO SEITEL DATA, LTD.)
ATTN: ANDREW EDSON
901 MAIN STREET, SUITE 4400
DALLAS, TX 75201-3794

SUPERIOR ENERGY SERVICES, INC.
OBO WARRIOR ENERGY SERVICES CORPORATION AND
SUPERIOR ENERGY SERVICES L.L.C.
ATTN: JEAN PAUL P. OVERTON - ASST. GENERAL COUNSEL
1001 LOUISIANA STREET, SUITE 2900
HOUSTON, TX 77002

SUPERIOR ENERGY SERVICES, INC.
OBO OF WARRIOR ENERGY SERVICES CORPORATION
ATTN: JEAN PAUL P. OVERTON - ASST. GENERAL COUNSEL
1001 LOUISIANA STREET, SUITE 2900
HOUSTON, TX 77002

SUPERIOR PROCESSING SERVICES CORPORATION
C/O ADAM R. SWONKE
WELLS & CUELLAR, P.C.
440 LOUISIANA, SUITE 718
HOUSTON, TX 77002

TGS-NOPEC GEOPHYSICAL COMPANY
ATTN: LEGAL DEPARTMENT
10451 CLAY ROAD
HOUSTON, TX 77041

THE MOELLER FIRM LLC
(COUNSEL TO AL COAST, LLC)
ATTN: MATTHEW A. MOELLER
650 POYDRAS STREET, SUITE 1207
NEW ORLEANS, LA 70130

THOMPSON & KNIGHT LLP
(COUNSEL TO NEXEN PETROLEUM OFFSHORE USA INC. AND
NEXEN PETROLEUM U.S.A. INC.)
ATTN: DAVID M. BENNETT
1722 ROUTH STREET, SUITE 1500
DALLAS, TX 75201

THOMPSON & KNIGHT LLP
(COUNSEL TO NEXEN PETROLEUM OFFSHORE USA INC. AND
NEXEN PETROLEUM U.S.A. INC.)
ATTN: DEMETRA L. LIGGINS
333 CLAY STREET, SUITE 3300
HOUSTON, TX 77002

U.S. BANK, N.A.
5555 SAN FELIPE STREET, SUITE 1150
HOUSTON, TX 77056

U.S. BANK, N.A.
5555 SAN FELIPE STREET, SUITE 1150
HOUSTON, TX 77056

U.S. SECURITIES AND EXCHANGE COMMISION
BANKRUPTCY DEPARTMENT
OFFICE OF INVESTOR EDUCATION AND ASSISTANCE
100 F ST NE
WASHINGTON, DC 20549

U.S. SECURITIES AND EXCHANGE COMMISSION
ATTN: SONIA CHAE
175 WEST JACKSON BLVD., SUITE 900
CHICAGO, IL 60604

UNITED STATES DEPARTMENT OF THE INTERIOR
DEPARTMENT OF JUSTICE
COMMERCIAL LITIGATION BRANCH, CIVIL DIVISION
ATTN: BENJAMIN C. MIZER
PRINCIPAL DEPUTY ASSISTANT ATTORNEY GENERAL
1100 L STREET, NW
WASHINGTON, DC 20530

VINSON & ELKINS LLP
(COUNSEL TO THE DEBTORS)
C/O EPIQ BANKRUPTCY SOLUTIONS LLC
777 THIRD AVENUE, 12TH FLOOR
NEW YORK, NY 10017

VORYS, SATER, SEYMOUR AND PEASE LLP
(COUNSEL TO NATIONAL OILWELL VARCO, L.P.)
ATTN: THOMAS H. GRACE
700 LOUISIANA STREET, SUITE 4100
HOUSTON, TX 77002

VORYS, SATER, SEYMOUR AND PEASE LLP
(COUNSEL TO DNOW, L.P. D/B/A DISTRIBUTION NOW)
ATTN: THOMAS H. GRACE
700 LOUISIANA STREET, SUITE 4100
HOUSTON, TX 77002

WALKER WILCOX MATOUSEK, LLP
(COUNSEL FOR DOLPHIN ENERGY EQUIPMENT, LLC)
ATTN: CHARLES B. WALTHER
1001 MCKINNEY, SUITE 2000
HOUSTON, TX 77002

WALKER WILCOX MATOUSEK, LLP
(COUNSEL TO DOLPHIN ENERGY EQUIPMENT, LLC)
ATTN: TONY L. DRAPER
1001 MCKINNEY, SUITE 2000
HOUSTON, TX 77002

WALLER LANSDEN DORTCH & DAVIS, LLP
(COUNSEL TO U.S. BANK NATIONAL ASSOCIATION)
ATTN: DAVID E. LEMKE, TYLER N. LAYNE
511 UNION STREET, SUITE 2700
NASHVILLE, TN 37219

WALLER LANSDEN DORTCH & DAVIS, LLP
(COUNSEL TO U.S. BANK NATIONAL ASSOCIATION)
ATTN: MORRIS D. WEISS
100 CONGRESS AVENUE, SUITE 1800
AUSTIN, TX 78701

WEINSTEIN RADCLIFF PIPKIN LLP
(COUNSEL TO PHILADELPHIA INDEMNITY INSURANCE CO.)
ATTN: GREGORY M. WEINSTEIN
8350 N. CENTRAL EXPRESS WAY, SUITE 1550
DALLAS, TX 75206

WELLBORE FISHING & RENTAL TOOLS, LLC
ATTN: ANTHONY BELLINA
9868 E. MAIN STREET
HOUMA, LA 70363

WELLS FARGO BANK, N.A.
ATTENTION: BETSY JOCHER
1000 LOUISIANA STREET, 9TH FLOOR
MAC T0002-090
HOUSTON, TX 77002

WELLS FARGO BANK, N.A.
WILLKIE FARR & GALLAGHER LLP
ATTN: ANA M. ALFONSO, ESQ.
787 SEVENTH AVENUE
NEW YORK, NY 10019

WELLS FARGO BANK, N.A.
WILLKIE FARR & GALLAGHER LLP
ATTN: JENNIFER J. HARDY, ESQ.
600 TRAVIS ST., SUITE 2310
HOUSTON, TX 77002

WESTERNGECO
(COUNSEL TO SNOW SPENCE GREEN LLP & WESTERN GECO, LLC)
ATTN: K. RACHELLE GOLDMAN
10001 RICHMOND AVE
HOUSTON, TX 77042

WHITE & CASE LLP
(COUNSEL TO THE AD HOC GROUP OF EGC NOTEHOLDERS)
ATTN: THOMAS E. LAURIA
SOUTHEAST FINANCIAL CENTER
200 SOUTH BISCAYNE BOULEVARD, SUITE 4900
MIAMI, FL 33131-2532

WHITE & CASE LLP
(COUNSEL TO THE AD HOC GROUP OF EGC  NOTEHOLDERS)
ATTN: J. CHRISTOPHER SHORE, GREGORY M. STARNER, HARRISON L. DENMAN, ANDREW ZATZ
1155 AVENUE OF THE AMERICAS
NEW YORK, NY 10036-2787

WILLKIE FARR & GALLAGHER LLP
(COUNSEL TO WELLS FARGO BANK NA AS 1ST LIEN ADMIN)
ATTN: JENNIFER J. HARDY
600 TRAVIS STREET, SUITE 2310
HOUSTON, TX 77002

WILMER CUTLER PICKERING HALE AND DORR LLP
(COUNSEL TO AD HOC GROUP OF 8.25% SENIOR NOTEHOLD AND SUCCESSOR INDENTURED TRUSTEE UNDER 2/14/2011)
ATTN: DENNIS L. JENKINS, BENJAMIN W. LOVELAND
60 STATE STREET
BOSTON, MA 02109

WILMER CUTLER PICKERING HALE AND DORR LLP
(COUNSEL TO DELAWARE TRUST CORPORATION AS
SUCCESSOR TRUSTREE UNDER INDENTURED DATE 2/14/11)
ATTN: PHILIP D. ANKER, ANDREW GLANTZ
7 WORLD TRADE CENTER
250 GREENWICH STREET
NEW YORK, NY 10007

WILMINGTON SAVINGS FUND SOCIETY, FSB
AS SUCCESSOR INDENTURE TRUSTEE
ATTN: PATRICK HEALY
500 DELAWARE AVENUE, 11TH FLOOR
WILMINGTON, DE 19801

WILMINGTON TRUST, N.A.
15950 N. DALLAS PARKWAY, SUITE 550
DALLAS, TX 75248

WILMINGTON TRUST, N.A.
15950 N. DALLAS PARKWAY, SUITE 550
DALLAS, TX 75248

WILMINGTON TRUST, N.A.
15950 N. DALLAS PARKWAY, SUITE 550
DALLAS, TX 75248

WILMINGTON TRUST, N.A.
15950 N. DALLAS PARKWAY, SUITE 550
DALLAS, TX 75248

WILMINGTON TRUST, N.A.
15950 N. DALLAS PARKWAY, SUITE 550
DALLAS, TX 75248