**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **ENERGY XXI LTD., et al,** | § | **CASE NO. 16-31928** |
| | § | **(Chapter 11)** |
| | § | |
| **DEBTOR.** | § | **Jointly Administered** |
| | § | **Judge David R. Jones** |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**MOTION TO CERTIFY EQUITY INTEREST OWNERS OF**
**ENERGY XXI, LTD AS AN OFFICIAL CLASS AND**
**APPROVE THE EQUITY COMMITTEE'S CLAIM AS A CLASS CLAIM**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**ANY OBJECTION TO THIS MOTION SHALL BE FILED BY OCTOBER 28, 2016 AT 4:00 P.M. (SEE DOC. NO. 1510). A HEARING ON THIS MOTION IS SET FOR NOVEMBER 2, 2016 AT 9:00 A.M. AT 515 RUSK, 4TH FLOOR, COURTROOM 400, HOUSTON, TEXAS 77002.**

The Official Committee of Equity Security Holders ("Equity Committee"), hereby files this motion to certify Equity Interest Owners of Energy XXI, Ltd as an Official Class and Approve the Equity Committee's Claim as a Class Claim.  The grounds for this Motion are as follows:

1.      The Equity Committee moves for an Order certifying all equity security interest holders who had interests in Energy XXI, Ltd pre-petition as a Class pursuant to Federal Rules of Civil Procedure Rule 23 and Bankruptcy Rules of Civil Procedure Rule 7023 and 7023.1and that the class proof of claim filed by the Equity Committee which is identified Case No. 16-31928, Epiq Claims Registry No. 1195 be approved as a class claim (herein "Claim").

2.      Further, the Equity Committee requests that it be named as the Class representative.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) (2).  The statutory basis for the relief requested herein is Rule 23 of the Federal Rules of Civil Procedure, made applicable to this matter by Rules 7023, 7023.1 and 9014 of the Federal Rules of Bankruptcy Procedure.

4.      The nature of the proposed class (the "Class") and class members' claims present ideal circumstances to permit the use of class action procedures within these chapter 11 cases. The Class initially is defined as all equity holders of Energy XXI, Ltd.  The Debtor, Energy XXI, Ltd., is a publicly traded company with thousands of shareholders, both common and preferred.  The majority of shareholders hold common stock.

5.      The Debtors have provided different totals for the number of outstanding common shareholders.   There are over 97,000,000 shares which were purposed to be outstanding at the time of the Bankruptcy filing and thousands of shareholders.

6.     Each class member has claims based on identical facts, in that they are based on the purchase and ownership of shares of stock, common or preferred, in the Debtors.  The class is extraordinarily numerous.  The monetary claims for members of the Class in general are relatively small figures on a per-claimant basis, such that the ordinary bankruptcy bar date and proof of claim process would, as a practical matter, deprive class members of the kind of protections that Fed. R. Civ. P. 23, by operation of Bankruptcy Rule 7023 and 7023.1, is designed to prevent.

## FACTUAL BACKGROUND

7.    Energy XXI, Ltd., filed a voluntary Chapter 11 Petition on April 14, 2016.

8.    An Official Committee of Equity Security Holders ("Equity Committee") was ordered to be appointed on June 15, 2016.

9.    On June 17, 2016, the U.S. Trustee's Office filed a Notice of Appointment of the Committee of Equity Security Holders (Doc. No. 554).

10.   Equity Committees are allowed under 11 U.S.C. §1102(a)(2) to insure adequate representation of equity security holders. Therefore, the Equity Committee is duly appointed as a representative for equity interests.

11.   The proof of claim deadline was August 8, 2016, but later continued to August 22, 2016 (Doc. No. 963).

12.   A class proof of claim on behalf of all equity interest holders of Energy XXI Ltd. was filed on August 22, 2016. Case No. 16-31928, Epiq Claims Registry No. 1195.

13.   On September 7, 2016, the Official Committee of Unsecured Creditors ("UCC") filed a Motion to Vacate the Disclosure Statement. On September 12, 2016, the Equity Committee filed

a joinder which included additional grounds for the motion.

14. The factual allegations set forth in the sealed Motion to Vacate and Equity Committee's Joinder highlight some of the evidence showing that equity interests have potential claims related to mismanagement, lack of disclosure, and misrepresentations which could give rise to SEC claims. The allegations set forth therein are incorporated herein. *See*, Doc. No. 1236 and 1272 (redacted versions); 1237 and 1271 (unsealed).

15. In addition, the Debtors' have vacillated on issues such as whether debt was repurchased and no longer outstanding or whether the Debtors management can use the repurchased debt to vote on a Plan which strips equity of all rights while, on information and belief, attempting to preserve nearly 3% of the equity for the current management to be issued within 60 days of confirmation and at least 2% more for a Management Incentive Plan. Investors relied on the representations that the Debtors made suggesting the debt was repurchased and no longer outstanding. The allegations set forth limited objections to the Wilmington Trust and Delaware Trust claims related to the repurchased debt are incorporated herein as well. *See*, Doc. Nos. 1542 and 1543.

16. At the hearing on September 13, 2016, the Equity Committee and other parties agreed to focus on settlement efforts with all parties agreeing that a global plan mediation was appropriate. Ultimately, the Court selected a mediator and mediation was commenced on September 28, 2016, with continued settlement efforts continuing thereafter.

17. The Debtors and other parties informally agreed to suspend motions and conducting depositions to focus on settlement talks last week. The Debtors filed a Scheduling Order modifying the dates in the case and pushing back the confirmation hearing until November 2, 2016 which was entered by the Court. *See,* Doc. No. 1510.

18.    The Debtors' current Plan provides broad releases to the Debtors' officers and directors, as well as other third parties. Such releases, if approved, are detrimental and discriminatory to equity interests. The releases if granted could potentially foreclose the equity interests from asserting derivative claims to recoup their losses.  The current Plan provides for no distribution to the equity interest holders.  The deadline to object to the First Amended Plan is October 25, 2016 at 12:00 p.m.

19.    There is a scant amount of information available to the typical equity security holder regarding the potential claims that are being proposed to be released by the Plan.   Prior to the Bankruptcy filing, the Debtors failed to disclose numerous issues. For example, at the time that the Bankruptcy was filed, the Debtors were subject to a SEC investigation which had not been publicly disclosed to shareholders and which could give rise to claims by equity interest holders related to the withholding of material information.

20.   The Third Amended Disclosure Statement, as Supplemented, paints a broad stroke to describe the claims that the Debtors propose to release via the Plan and is not sufficient for equity security holders to identify whether they have potential claims which would require the filing of a proof of claim.

21.    It was not until after concerns were raised in the Bankruptcy at the hearing to appoint an Equity Committee and the Court raised concerns with the lack of disclosure, that the Debtors publicly disclosed for the first time that they Debtors were subject to a Securities and Exchange Commission ("SEC") investigation.

22.    A protective order was entered in the case to facilitate discovery. A substantial number of documents have been produced as "confidential" and/or "highly confidential" under the terms of the protective order. As such, the ordinary equity interest holders would not have access to such

records to evaluate any claims they may have which would need to be preserved by the filing of a proof of claim.  The equity interest holders would not be in a position to have specific knowledge regarding any particular claims which have not been disclosed.

23.   The SEC filed a proof of claim in the amount of $3.9 million. But, there was no supporting documentation. This further leaves the equity interest holders with little information to determine what claims may exist. The SEC informed the Equity Committee that it is not at liberty to disclose the basis for their claim given the Debtors are still subject to investigation.

24.   The Equity Committee propounded a subpoena duces tecum on the SEC for records related to the claims being released in the plan and/or discrimination of equity by management. The SEC responded to the discovery requests declining to provide any records given its investigative privilege and ongoing investigation. The SEC's response further suggested records could also be obtained by other parties.

25.   Records were obtained from other parties related to the SEC's inquiry. But, nearly all the records are marked confidential or highly confidential. However, the records which have been produced suggest equity interests have unliquidated claims for material misrepresentations to shareholders, potential insider trading, corporate waste, management discrimination against equity for personal benefit, mismanagement of employee stock plans, breach of fiduciary duty, breach of contract, self-dealing by officers and directors, etc.

26.   The Equity Committee worked in concert with the UCC and other creditors to conduct discovery related to the plan confirmation to preserve the rights of equity interests. The parties worked to prevent duplication of efforts. However, additional discovery will be necessary for the Equity Committee to fully know the magnitude and damages calculations for the Claim.

27.   The Claim was filed to preserve the unliquidated claims of equity interest holders which would otherwise be argued to have been lost absent the filing of the class claim.

28.   In this case, when the Debtors filed bankruptcy, there was no shareholder derivative litigation pending and no class had been certified for shareholders in any pending litigation.

29.   The Equity Committee, through counsel, has identified issues unique to equity interests which give rise to claims, but which the Debtors propose to release as part of the Plan.

30.   It was only as of September 23, 2016, in the Supplement to the Third Amended Disclosure Statement, that the Debtors publicly acknowledged for the first time that the Debtors suspended the Employee Stock Purchase Plan as of April 1, 2016. This was material information withheld from shareholders which could give rise to damages in litigation involving ERISA claims, claims under the Securities Act or tortious claims. Had shareholders known that the Company was suspending its stock purchase plan, it is likely other shareholders would have sold their shares at that time.

31.   Given the inconsistencies in the Debtors' financial records and pleadings, on September 26, 2016, the Equity Committee propounded a subpoena duces tecum to the Debtors' auditor. The Equity Committee is still attempting to get the records from the Debtors' auditors. The auditors objected to the document requests and provided no records. The Equity Committee then filed a motion to compel on October 16, 2016.  The motion to compel is scheduled for October 21, 2016. The Equity Committee and auditors are continuing to discuss the matter to work on an amicable resolution to resolve the discovery dispute.

## LEGAL ARGUMENT

32.     The procedural requirements for filing and prosecuting a class claim in a bankruptcy case are not settled. *In re Mortgage & Realty Trust*, 125 B.R. 575, 579 (Bankr. C.D. Cal. 1991) ("MRT Case").

33.     In the MRT case, the Court found that a motion to certify the class was premature until an objection to the class claim was filed. In that case, the Court imposed a deadline on the debtor to object to the claim, after which class action counsel promptly brought the certification motion now before the Court. *Id.*

34.     This motion is being filed in abundance of caution given the deadline for motions related to claims set forth in the *Order (A) Adjourning the Confirmation Hearing and Extending Related Deadlines and (B) Extending the Filing Exclusivity Period and Soliciting Exclusivity Period* (Doc. No. 1510, ¶ 19).

35.     The Debtors have not objected to the Claim filed by the Equity Committee. When an objection is made to a filed proof of claim, a contested matter arises. *See*, Bankruptcy Rule 3007. Absent an adversary proceeding, the first opportunity a claimant has to move under Bankruptcy Rule 9014, to request application of Bankruptcy Rule 7023, occurs when an objection is made to a proof of claim. Prior to that time, invocation of Rule 23 procedures would not be ripe, because there is neither an adversary proceeding nor a contested matter.  *In re Charter Co.*, 876 F.2d 866, 874 (11th Cir. Fla. 1989).  The *Charter* case has been relied upon by the Southern District of Texas when considering class actions in Bankruptcy.  *See, Rodriguez v. Countrywide Home Loans, Inc*., 421 B.R. 341, 354 (S.D. Tex. 2009).

36.     Class claims are consistent with the Bankruptcy Code. The Equity Committee is a fiduciary to equity security holders. It is common for fiduciaries to file **claims** on behalf of their

beneficiaries. *See Fezler v. Davis (In re Davis),* 194 F.3d 570, 575 (5th Cir. 1999) (holding that plaintiff, administratix of decedent's estate, had standing to pursue nondischargeability complaint against debtor on behalf of other beneficiaries); *In re MF Global, Inc.,* 512 B.R. 757 (Bankr. S.D.N.Y. 2014) (allowing former employees of bankruptcy debtor to file class proof of claim*); In re Kaiser Grp. Int'l, Inc.,* 278 B.R. 58, 67 (Bankr. D. Del. 2002); and, *In re Pac. Sunwear of Cal., Inc.,* 2016 Bankr. LEXIS 2579, *14 (Bankr. D. Del. June 22, 2016) (class proof of claim for employee claims allowed under California law).

37.     The Fifth Circuit has not addressed whether a class proof of claim even is permissible. *Teta v. Chow (In re TWL Corp.),* 712 F.3d 886, 892 (5th Cir. 2013).

38.     Pursuant to Rule 7023 the Equity Committee seeks certificate of the class of similarly situated equity security holder claimants and a finding that the Claim is deemed a class claim.

### A.     The Requirements for Class Claim Relief are Met Here.

39.     To the extent necessary, the Equity Committee and Class Members can demonstrate a prima facie showing of their ability to obtain class certification for  the purposes of the applicability of Bankruptcy Rule 7023.

40.     A claimant must satisfy the four elements of Rule 23(a), as well as the requirements of Rule 23(b), to certify a class.  While the claimant need not prove the merits of his or her claim at this stage, they must provide more than bare allegations or conclusory statements to satisfy the requirements of Rule 23.  *Morrison v. Booth*, 763 F.2d 1366,  1371 (11th Cir. 1985). Rule 23(a) states as follows:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the

representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

41.     Rule 23(a) requires a showing of: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *See, e.g., Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997); *Johnston v. HBO Film Mgmt.*, 265 F.3d at 183.

### (a)      Rule 23(a)(1) - Numerosity

"The first requirement for maintaining a class action is that the class be "so numerous that joinder of all members would be impracticable." Fed. R. Civ. P. 23(a)(1). The requirement of numerosity does not require that joinder be impossible but instead dictates that joinder of all the parties is impracticable when the procedure would be "inefficient, costly, time-consuming, and probably confusing." *Ardrey v. Federal Kemper Ins. Co.*, 142 F.R.D. 105, 111 (E.D. Pa. 1992). A court may make "common sense assumptions" in order to support the finding of numerosity. *Snider v. Upjohn Co.*, 115 F.R.D. 536, 539 (E.D. Pa. 1987) (quoting *Wolgin v. Magic Marker Corp.*, 82 F.R.D. 168, 171 (E.D. Pa. 1979)). Numerosity generally is met if a proposed class has at least 40 members. *Perez v. Safety-Sys., Inc.*, 253 F.R.D. 508, 518 (N.D. Cal. 2008); see also *Harris v. Palm Springs Alpine Estates*, 329 F.2d 909, 913–14 (9th Cir. 1964)."[1] This requirement is easily satisfied. Here the Class Members consist of thousands of equity security holders.

### (b)      Rule 23(a)(2) – Commonality

Rule 23(a)(2) requires a showing of the existence of "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This "threshold of commonality is not high." *In re School Asbestos Litig.*, 789 F.2d 996, 1010 (3d Cir. 1986). All class members need not share identical claims, as "factual differences among the claims of the putative class members do not defeat certification." *Baby Neal v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994). "The commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." *Id.* at 56; *Krell v. Prudential Ins. Co. of Am.*

---

[1] *In re Pac. Sunwear of Cal., Inc.*, USBC Del., Case No. 16-10882, Doc. No. 378, p. 15 *et seq.*

*(In re  Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions)*, 148 F.3d 283, 310 (3d Cir. 1998).[2]

The litigation in this bankruptcy action raises the following common questions of fact and law: (a)  whether the class members hold one or more shares of stock in Energy XX Ltd; (b) whether the class members have suffered injury as a result of the Debtors' actions; and (c) whether the class members are entitled to monetary damages,  restitution and/or recovery of civil penalties.  Thus, commonality is satisfied.

### (c)      Rule 23(a)(3) – Typicality

The typicality requirement of Rule 23(a)(3) is a "permissive  standard."  *In re Juniper Networks Secs. Litig.*, 264 F.R.D. 584, 589 (N.D. Cal. 2009). "Typicality does not mean that the claims of the class representative[s] must be identical or substantially identical to those of absent class members." *Stanton v. Boeing Co.*, 327 F.3d 938,  957 (9th Cir. 2003) (internal quotation marks and citations omitted). Rather, they only need to  be "reasonably co-extensive with those of absent class members." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1988).[3]

The Equity Committee members and class members satisfy the typicality standard because their claims are identical or substantially similar to those of absent class members, deriving from the same set of facts and legal theories.  The class members  are all equity security holders of the Energy XXI Ltd and suffered as a result of Debtors' actions.  Thus, the Equity Committee is appointed to represent the equity interests of Energy XXI Ltd.

### (d)      Rule 23(a) (4) - Adequacy of Representation

Rule 23(a) (4) requires that "the representative party will fairly and adequately  protect the interests of the class."  " To meet Rule 23 requirements [for adequate representation], the court must find that class representatives, their counsel, and the relationship between the two are adequate to protect the interests of absent class members. *Unger v. Amedisys Inc.,* 401 F.3d 316,

---

[2] *Id.* At p. 16.
[3] Id. At. p. 17

321 (5th Cir. 2005). Counsel must be both competent and zealous in representing class interests. *See, e.g., Feder v. Elec. Data Sys. Corp.,* 429 F.3d 125, 130 (5th Cir. 2005)." *In re Heartland Payment Sys.*, 851 F. Supp. 2d 1040, 1055 (S.D. Tex. 2012).

Here, the Equity Committee comprises an adequate class representative ("Class Representative") because the Equity Committee has a basic understanding of the Claim and have demonstrated a willingness to sacrifice the time necessary to serve as class representatives. The Equity Committee was appointed by the United States Trustee. Moreover, the Equity Committee and Class Members' counsel is board certified in Bankrutpcy, competent, zealous and adequate to represent the Class given its experience in Bankruptcy and to the extent applicable, the class, is considering retaining additional plaintiff litigation for any portion of the unliquidated claim where contingency fee counsel is appropriate upon certification of the class.

### (e)     Rule 23(b)

Once an action satisfies the prerequisites of Rule 23(a), the party seeking class certification must establish it meets one of the three elements of Rule 23(b). In this case, the Equity Committee and Class Members seek certification of the class claim under Rule 23(b)(2) and 23(b)(3). In the present case, the Debtors' have opposed acting to preserve the claims which would inure to the benefit of the shareholders and propose to release such claims. Further, common questions of law and fact predominate over the class members because as equity security holders of Energy XXI, Ltd. they all are commonly situated and given the Equity Committee was previously appointed it shows that the issues regarding management of the action, the control of the Equity Committee or concentration of the claims has effectively been conceded with the Court appointing the Equity Committee. Further, the class members claim relate in large part to whether there are claims to provide a distribution from the bankruptcy estate and/or whether the Debtors' or the other proposed

released parties engaged in actions which violated securities laws.  These are common questions subject to common proof.  *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).

42.     Class certification should be granted and the Claim deemed to be a class claim.

43.     Alternatively, in the event the Court denies class certification, then it should establish a reasonable time within which the individual putative class members are allowed to file individual proofs of claim. *Teta v. Chow (In re TWL Corp.),* 712 F.3d 886, 899 (5th Cir. Tex. 2013) *citing to Gentry v. Siegel, 668 F.3d 83, 91 (4th Cir. 2012); see also In re Am. Reserve Corp.*, 840 F.2d 487, 493 (7th Cir. 1988) ("If the bankruptcy judge denies the request to certify a class, then each creditor must file an individual proof of claim . . . .").

44.     The Equity Committee reserves all rights to further supplement, amend or modify this Motion and files it out of an abundance of caution given the unsettled case law on Bankruptcy class claims in the Fifth Circuit and deadlines set forth in the Scheduling Order, Doc. No. 1510.

WHEREFORE, the Official Committee of Equity Security Holders, on behalf of Equity Committee and all others similarly situated, respectfully request entry of an order or orders:

(i)      Granting an Order for Class Certification authorizing the Equity Committee to represent the Class Members and that the Claim be deemed a class claim;

(ii)     that the Court appoint the undersigned as Class counsel without prejudice to the Class retaining additional counsel; and

(iii)    granting such other relief as is just and appropriate.

DATED:        October 17, 2016

Respectfully submitted,

HOOVER SLOVACEK LLP

By:/s/Deirdre Carey Brown
EDWARD L. ROTHBERG
State Bar No. 17313990
DEIRDRE CAREY BROWN
State Bar No. 24049116
brown@hooverslovacek.com
Galleria Tower II
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: (713) 977-8686
Facsimile: (713) 977-5395

**ATTORNEYS FOR OFFICIAL COMMITTEE
OF EQUITY SECURITY HOLDERS**

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2016, a true and correct copy of the foregoing Equity Committees' Motion was served via the Court's ECF notification system to the parties listed below at the email addresses listed below.

H Kent Aguillard on behalf of Creditor Bristow U.S. LLC
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Industrial & Oilfield Services, Inc.
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Dale Lindsey, Jr.
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Harvis Johnson, Jr.
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Jami M. Becnel
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Marci L. Becnel
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Marvin Peter LeBlanc, Jr.
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Nichalos Miller
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

H Kent Aguillard on behalf of Creditor Patrick R. Becnel, Jr.
kaguillard@yhalaw.com, gneumeyer@yhalaw.com

Charles A Beckham, Jr on behalf of Creditor Exxon Mobil Corporation
beckhamc@haynesboone.com, kenneth.rusinko@haynesboone.com

Christopher Robert Belmonte on behalf of Interested Party Moody's Analytics Inc
cbelmonte@ssbb.com

David Mark Bennett on behalf of Creditor Nexen Petroleum Offshore USA Inc.
david.bennett@tklaw.com,
gracie.gonzales@tklaw.com;tj.crittendon@tklaw.com;Shannon.Savage@tklaw.com

David Mark Bennett on behalf of Creditor Nexen Petroleum U.S.A. Inc.
david.bennett@tklaw.com,

gracie.gonzales@tklaw.com;tj.crittendon@tklaw.com;Shannon.Savage@tklaw.com

Duane J Brescia on behalf of Creditor Seitel Data, Ltd.
duane.brescia@strasburger.com,
susan.millsapps@strasburger.com,donna.krupa@strasburger.com,bkrtcynotices@strasburger.com

Brandon Augustus Brown on behalf of Creditor Advanced Fire & Safety, LLC
bbrown@stewartrobbins.com, kheard@stewartrobbins.com

Brandon Augustus Brown on behalf of Creditor Production Inland Crews, LLC
bbrown@stewartrobbins.com, kheard@stewartrobbins.com

Robert Bernard Bruner on behalf of Creditor Ad Hoc Committee of Second Lien Noteholders
bob.bruner@nortonrosefulbright.com

Matthew D Cavenaugh on behalf of Creditor Capital One, N.A.
mcavenaugh@jw.com

Matthew D Cavenaugh on behalf of Creditor Dauphin Island Gathering Partners
mcavenaugh@jw.com

Matthew D Cavenaugh on behalf of Creditor Dauphin Island Gathering System, LLC
mcavenaugh@jw.com

Matthew D Cavenaugh on behalf of Creditor Ultra Petroluem
mcavenaugh@jw.com

Sonia Anne Chae on behalf of Interested Party Sonia Chae U.S. Securities & Exchange
Commission
chaes@sec.gov, chaes@sec.gov

Robin B Cheatham on behalf of Creditor C&D Production Specialist Co., Inc.
robin.cheatham@arlaw.com, vicki.owens@arlaw.com

Louis C Cisz, III on behalf of Creditor California Public Employees' Retirement System
lcisz@nixonpeabody.com

Scott Thomas Citek on behalf of Creditor Ecoserv, LLC
scitek@lammsmith.com

Carl Dore, Jr on behalf of Creditor Wood Group PSN, Inc.
carl@dorelawgroup.net, vmartinez@dorelawgroup.net

James Scott Douglass on behalf of Interested Party James Scott Douglass
jsd@aol.com

John M Duck on behalf of Creditor Regions Bank
kathy.dahlgreen@arlaw.com

Hector Duran on behalf of U.S. Trustee US Trustee
Hector.Duran.Jr@usdoj.gov

Stanwood R Duval on behalf of Creditor Gulfstream Services, Inc.
stan@duvallawfirm.com

David Robert Eastlake on behalf of Creditor Oceaneering International, Inc.
eastlaked@gtlaw.com, jamrokg@gtlaw.com

Epiq Bankruptcy Solutions LLC
nmrodriguez@epiqsystems.com

Bradley Roland Foxman on behalf of Debtor EPL Pipeline, L.L.C.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor 4.Anglo-Suisse Offshore Pipeline Partners, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Delaware EPL of Texas, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor EPL Oil & Gas, Inc.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor EPL Pioneer Houston, Inc.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor EPL of Louisiana, L.L.C.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy Partners Ltd., LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI GOM, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Gulf Coast, Inc.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Holdings, Inc.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Leasehold, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Ltd
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Natural Gas Holdings, Inc.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Offshore Services, Inc.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Onshore, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Pipeline II, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Pipeline, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Services, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI Texas Onshore, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI USA, Inc.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Energy XXI, Inc.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor M21K, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor MS Onshore, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Natural Gas Acquisition Company I, LLC
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Nighthawk, L.L.C.
bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Bradley Roland Foxman on behalf of Debtor Soileau Catering, LLC

bfoxman@velaw.com, sbarden@velaw.com;eneuman@velaw.com

Robert P Franke on behalf of Creditor Hanover Insurance Company
robert.franke@strasburger.com, mina.alvarez@strasburger.com

Adam J. Goldberg on behalf of Creditor Committee Official Committee of Unsecured Creditors
adam.goldberg@lw.com

Thomas H Grace on behalf of Interested Party DNOW, L.P.
thgrace@vorys.com, sghaskins@vorys.com;kbconiglio@vorys.com

Thomas H Grace on behalf of Interested Party National Oilwell Varco, L.P.
thgrace@vorys.com, sghaskins@vorys.com;kbconiglio@vorys.com

Tara L Grundemeier on behalf of Creditor Cypress-Fairbanks ISD
houston_bankruptcy@publicans.com

Tara L Grundemeier on behalf of Creditor ATTN. TARA L. GRUNDE HARRIS COUNTY
houston_bankruptcy@publicans.com

Jennifer Jaye Hardy on behalf of Creditor Wells Fargo Bank, N.A.
jhardy2@willkie.com, mao@willkie.com

Christopher Richard Harris on behalf of Creditor Committee Official Committee of Unsecured Creditors
christopher.harris@lw.com

Michael S Haynes on behalf of Creditor Quail Tools, L.P.
mhaynes@gardere.com, koliver@gardere.com;jcharrison@gardere.com

Michael S Haynes on behalf of Creditor Weatherford International, Inc.
mhaynes@gardere.com, koliver@gardere.com;jcharrison@gardere.com

Paul E Heath on behalf of Debtor Anglo-Suisse Offshore Pipeline Partners, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Delaware EPL of Texas, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor EPL Oil & Gas, Inc.
pheath@velaw.com

Paul E Heath on behalf of Debtor EPL Pioneer Houston, Inc.
pheath@velaw.com

Paul E Heath on behalf of Debtor EPL Pipeline, L.L.C.

pheath@velaw.com

Paul E Heath on behalf of Debtor EPL of Louisiana, L.L.C.
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy Partners Ltd., LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI GOM, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Gulf Coast, Inc.
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Holdings, Inc.
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Leasehold, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Ltd
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Natural Gas Holdings, Inc.
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Offshore Services, Inc.
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Onshore, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Pipeline II, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Services, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI Texas Onshore, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI USA, Inc.
pheath@velaw.com

Paul E Heath on behalf of Debtor Energy XXI, Inc.
pheath@velaw.com

Paul E Heath on behalf of Debtor M21K, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor MS Onshore, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Natural Gas Acquisition Company I, LLC
pheath@velaw.com

Paul E Heath on behalf of Debtor Nighthawk, L.L.C.
pheath@velaw.com

Paul E Heath on behalf of Debtor Soileau Catering, LLC
pheath@velaw.com

John F Higgins, IV on behalf of Interested Party Special Committee of the Board of EPL Oil &
Gas, Inc.
jhiggins@porterhedges.com, ksteverson@porterhedges.com;emoreland@porterhedges.com

William James Hotze on behalf of Creditor Island Operating Company, Inc.
whotze@diamondmccarthy.com, lsimon@diamondmccarthy.com

Dennis L. Jenkins on behalf of Creditor Ad Hoc Group of EPL Noteholders
dennis.jenkins@wilmerhale.com

Dennis L. Jenkins on behalf of Interested Party Unaffiliated Holders of the 8.25% Senior Notes
due 2018 issued by EPL Oil & Gas, Inc.
dennis.jenkins@wilmerhale.com

Benjamin W Kadden on behalf of Creditor Adriatic Marine, L.L.C.
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor B&J Martin, Inc.
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor Dynamic Production Services, Inc.
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor Fab-Con, Inc.
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor Fluid Crane & Construction, Inc.
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor Gulf Resource Management, Inc.

bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor Louisiana Machinery Company, LLC
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor SeaTran Marine, LLC
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor United Construction Services, LLC
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Benjamin W Kadden on behalf of Creditor United Fire & Safety, Inc.
bkadden@lawla.com, jbriggett@lawla.com;speck@lawla.com;mnguyen@lawla.com

Brian A Kilmer on behalf of Creditor Fieldwood Energy LLC
bkilmer@kcw-lawfirm.com, bkilmer@ecf.courtdrive.com

Henry Arthur King on behalf of Creditor PHI, Inc.
hking@kingkrebs.com,
cwomack@kingkrebs.com;dbaldass@kingkrebs.com;jburmaster@kingkrebs.com

Tyler Nathaniel Layne on behalf of Interested Party U.S. Bank National Association, as
Indenture Trustee
tyler.layne@wallerlaw.com, chris.cronk@wallerlaw.com

David Edward Lemke on behalf of Interested Party U.S. Bank National Association, as Indenture
Trustee
david.lemke@wallerlaw.com, cathy.thomas@wallerlaw.com;chris.cronk@wallerlaw.com

Kim Ellen Lewinski on behalf of Creditor Wood Group PSN, Inc.
klewinski@dorelawgroup.net

Demetra L Liggins on behalf of Creditor Nexen Petroleum Offshore USA Inc.
Demetra.Liggins@tklaw.com,
patricia.flores@tklaw.com;Nashira.Parker@tklaw.com;tj.crittendon@tklaw.com;Shannon.Savag
e@tklaw.com

Benjamin W. Loveland on behalf of Interested Party Unaffiliated Holders of the 8.25% Senior
Notes due 2018 issued by EPL Oil & Gas, Inc.
Benjamin.loveland@wilmerhale.com

Tristan E Manthey on behalf of Creditor Wellbore Fishing & Rental Tools, LLC
tmanthey@hellerdraper.com,
kfritscher@hellerdraper.com;cnobles@hellerdraper.com;lbush@hellerdraper.com

Tristan E Manthey on behalf of Creditor Committee Official Commitee of Unsecured Creditors

tmanthey@hellerdraper.com,
kfritscher@hellerdraper.com;cnobles@hellerdraper.com;lbush@hellerdraper.com

Kevin M Maraist on behalf of Creditor Archrock Partners Operating, L.L.C. and Archrock
Services, L.P.
kmaraist@albmlaw.com

Zachary S McKay on behalf of Creditor Wood Group PSN, Inc.
zmckay@dorelawgroup.net

Todd C Meyers on behalf of Interested Party Wilmington Trust, National Association, as
Indenture Trustee
tmeyers@kilpatricktownsend.com,
lcanty@kilpatricktownsend.com;mwilliams@kilpatricktownsend.com;gfinizio@kilpatricktowns
end.com;mhindman@kilpatricktownsend.com

Maria A Milano on behalf of Creditor Microsoft Corporation and Microsoft Licensing GP
mmilano@riddellwilliams.com

Mark Mintz on behalf of Creditor Gulf Island, LLC
mmintz@joneswalker.com, sliberio@joneswalker.com;hstewart@joneswalker.com

Matthew Armin Moeller on behalf of Creditor All Coast, LLC
matthew@moellerfirm.com

John A Mouton, III on behalf of Creditor Cardinal Coil Tubing, LLC
john@jmoutonlaw.com

John A Mouton, III on behalf of Creditor Vesco Rental & Pressure Control, LLC
john@jmoutonlaw.com

Lisa Marie Norman on behalf of Creditor Subsurface Consultants & Associates, LLC
lnorman@andrewsmyers.com, bratliff@andrewsmyers.com

Reese Andrew O'Connor on behalf of Debtor EPL Pipeline, L.L.C.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor 4.Anglo-Suisse Offshore Pipeline Partners, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Anglo-Suisse Offshore Pipeline Partners, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Delaware EPL of Texas, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor EPL Oil & Gas, Inc.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor EPL Pioneer Houston, Inc.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor EPL Pipeline, L.L.C.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor EPL of Louisiana, L.L.C.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy Partners Ltd., LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI GOM, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Gulf Coast, Inc.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Holdings, Inc.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Leasehold, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Ltd
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Natural Gas Holdings, Inc.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Offshore Services, Inc.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Onshore, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Pipeline II, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Pipeline, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Services, LLC

roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI Texas Onshore, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI USA, Inc.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Energy XXI, Inc.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor M21K, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor MS Onshore, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Natural Gas Acquisition Company I, LLC
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Nighthawk, L.L.C.
roconnor@velaw.com

Reese Andrew O'Connor on behalf of Debtor Soileau Catering, LLC
roconnor@velaw.com

Jean Paul Picou Overton on behalf of Creditor Warrior Energy Services Corporation
jeanpaul.overton@superiorenergy.com

Stewart F Peck on behalf of Creditor Adriatic Marine, L.L.C.
speck@lawla.com

Stewart F Peck on behalf of Creditor B&J Martin, Inc.
speck@lawla.com

Stewart F Peck on behalf of Creditor Dynamic Production Services, Inc.
speck@lawla.com

Stewart F Peck on behalf of Creditor Fab-Con, Inc.
speck@lawla.com

Stewart F Peck on behalf of Creditor Fluid Crane & Construction, Inc.
speck@lawla.com

Stewart F Peck on behalf of Creditor Gulf Resource Management, Inc.
speck@lawla.com

Stewart F Peck on behalf of Creditor Industrial & Oilfield Services, Inc.
speck@lawla.com

Stewart F Peck on behalf of Creditor Louisiana Machinery Company, LLC
speck@lawla.com

Stewart F Peck on behalf of Creditor SeaTran Marine, LLC
speck@lawla.com

Stewart F Peck on behalf of Creditor United Fire & Safety, Inc.
speck@lawla.com

Lisa Ann Powell on behalf of Creditor Capital One, N.A.
lpowell@jw.com, lkcook@jw.com;pnickerson@jw.com

Patricia Williams Prewitt on behalf of Creditor EP Energy E&P Company, LP
pwp@pattiprewittlaw.com

Patricia Williams Prewitt on behalf of Creditor Venice Energy Services and Venice Gathering System
pwp@pattiprewittlaw.com

Adam S Ravin on behalf of Creditor Committee Official Commitee of Unsecured Creditors
adam.ravin@lw.com

Robert S Reich on behalf of Creditor Bordelon Marine, Inc.
rreich@rapllclaw.com,
mordonez@rapllclaw.com;lplunkett@rapllclaw.com;hchandler@rapllclaw.com;lgros@rapllclaw.com;mwyatt@rapllclaw.com;rlatuso@rapllclaw.com

Robert S Reich on behalf of Creditor Offshore Liftboats, LLC
rreich@rapllclaw.com,
mordonez@rapllclaw.com;lplunkett@rapllclaw.com;hchandler@rapllclaw.com;lgros@rapllclaw.com;mwyatt@rapllclaw.com;rlatuso@rapllclaw.com

Ryan J Richmond on behalf of Creditor Advanced Fire & Safety, LLC
rrichmond@stewartrobbins.com, ryan.richmond.cmecf@gmail.com;kheard@stewartrobbins.com

Ryan J Richmond on behalf of Creditor Production Inland Crews, LLC
rrichmond@stewartrobbins.com, ryan.richmond.cmecf@gmail.com;kheard@stewartrobbins.com

Robin Russell on behalf of Interested Party Special Committee of the Board of Energy XXI Gulf Coast, Inc.
rrussell@andrewskurth.com

Bruce J. Ruzinsky on behalf of Creditor Capital One, N.A.
bruzinsky@jw.com, ygalvin@jw.com

Craig A Ryan on behalf of Creditor Flow Petroleum Services, Inc.
ryan@onebane.com

Ryan Michael Seidemann on behalf of Creditor State of Louisiana, Dept. of Natural Resources, OMR
seidemannr@ag.state.la.us, lentoc@ag.state.la.us

Mitchell A Seider on behalf of Creditor Committee Official Commitee of Unsecured Creditors
mitchell.seider@lw.com

Gina D Shearer on behalf of Creditor Aspen American Insurance Company
gshearer@l-llp.com, tbarrera@l-llp.com;gshearer@ecf.courtdrive.com

Gina D Shearer on behalf of Creditor Chubb Group of Insurance Companies including Westchester Fire Insurance Company
gshearer@l-llp.com, tbarrera@l-llp.com;gshearer@ecf.courtdrive.com

Gina D Shearer on behalf of Creditor Liberty Mutual Insurance Company
gshearer@l-llp.com, tbarrera@l-llp.com;gshearer@ecf.courtdrive.com

Barnet B Skelton, Jr on behalf of Creditor Nexen Petroleum Offshore USA Inc.
barnetbjr@msn.com

Phil F Snow, Jr on behalf of Creditor WesternGeco LLC
philsnow@snowspencelaw.com,
janissherrill@snowspencelaw.com;lauraterrell@snowspencelaw.com

Owen Mark Sonik on behalf of Creditor Sheldon Independent School District
osonik@pbfcm.com, tpope@pbfcm.com;osonik@ecf.inforuptcy.com;houbank@pbfcm.com

Adam Raines Swonke on behalf of Creditor Prosperity Bank, N.A.
aswonke@wellscuellar.com

Adam Raines Swonke on behalf of Creditor Superior Natural Gas Corporation
aswonke@wellscuellar.com

Adam Raines Swonke on behalf of Creditor Superior Processing Services Corporation
aswonke@wellscuellar.com

Timothy Thriffiley on behalf of Creditor River Rental Tools, Inc.
tthriffiley@pivachlaw.com

US Trustee

USTPRegion07.HU.ECF@USDOJ.GOV

Michael D Warner on behalf of Interested Party Wilmington Trust, National Association, as
Indenture Trustee
mwarner@coleschotz.com, klabrada@coleschotz.com

Gregory M Weinstein on behalf of Creditor Philadelphia Indemnity Insurance Companies
gweinstein@weinrad.com

Morris Dean Weiss on behalf of Interested Party U.S. Bank National Association, as Indenture
Trustee
morris.weiss@wallerlaw.com, sherri.savala@wallerlaw.com;annmarie.jezisek@wallerlaw.com

Stephen Lynn Williamson on behalf of Creditor Fugro Chance, Inc.
swilliamson@monbar.com, mokeefe@monbar.com

William Alfred Wood, III on behalf of Creditor Eni Petroleum US LLC
Trey.Wood@bracewelllaw.com

Matthew G Wylie on behalf of Creditor RCP Inc
mwylie@wylie-law.com

Timothy A York on behalf of Creditor RLI Insurance Company
tyork@qslwm.com, nchancellor@qslwm.com

Victor Weitao Zhao on behalf of Interested Party United States Department of the Interior
victor.w.zhao@usdoj.gov


*/s/ Deirdre Carey Brown*
DEIRDRE CAREY BROWN