**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 16-31928** |
| | § | |
| **ENERGY XXI LTD,** *et al.*, | § | **(Chapter 11)** |
| | § | |
| | § | **Jointly Administered** |
| **Reorganized Debtors.**[1] | § | **Related to Claim No. 1196 &** |
| | § | **Dkt. 2219** |

**REORGANIZED DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 1196
FILED BY CLAIMANT KENNEDY TASKER**

In accordance with the *Court's Order Granting Motion for Reconsideration and Clarification of its Order Sustaining Reorganized Debtors' Sixth Omnibus Objection* (Dkt. 2219) (the "***Reconsideration Order***"), the Reorganized Debtors respectfully state the following objections to Claim No. 1196 (the "***Tasker Proof of Claim***") filed by claimant Kennedy Tasker against Reorganized Debtor Energy XXI GOM, LLC ("***GOM***"):

1.      As stated in GOM's Original Answer to Plaintiff's First Amended Complaint (as such document may hereafter be amended or supplemented, the "***Answer***"), filed in Case No. 3:15-CV-00055 (S.D. Tex.) (the "***Proceeding***"), GOM denies any liability to Tasker and asserts several

---

[1] The above-captioned debtors and debtors in possession (prior to December 30, 2016, the "***Debtors***" and after December 30, 2016, the "***Reorganized Debtors***") in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are:  Anglo-Suisse Offshore Pipeline Partners, LLC (9562), Delaware EPL of Texas, LLC (9562), Energy Partners Ltd., LLC (9562), Energy XXI GOM, LLC (0027), Energy XXI Gulf Coast, Inc. (8595), Energy XXI Holdings, Inc. (1638), Energy XXI, Inc. (2108), Energy XXI Leasehold, LLC (8121), Energy XXI Ltd (9286), Energy XXI Natural Gas Holdings, Inc. (7517), Energy XXI Offshore Services, Inc. (4711), Energy XXI Onshore, LLC (0308), Energy XXI Pipeline, LLC (5863), Energy XXI Pipeline II, LLC (8238), Energy XXI Services, LLC (3999), Energy XXI Texas Onshore, LLC (0294), Energy XXI USA, Inc. (8552), EPL of Louisiana, L.L.C. (9562), EPL Oil & Gas, Inc. (9562), EPL Pioneer Houston, Inc. (9749), EPL Pipeline, L.L.C. (1048), M21K, LLC (3978), MS Onshore, LLC (8573), Natural Gas Acquisition Company I, LLC (0956), Nighthawk, L.L.C. (9562), and Soileau Catering, LLC (2767).  The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is:  1021 Main Street, Suite 2626, Houston, Texas 77002.

US 5575698

defenses to liability.  A copy of GOM's current Answer is attached hereto as Exhibit A and incorporated by reference in this objection.

2.      Under the Reconsideration Order, the Tasker Proof of Claim "shall be Allowed or Disallowed . . . in accordance with (and in the amount of) any final judgment or settlement in the Proceeding."  Reconsideration Order at 2.  The Reorganized Debtors thus object to the Tasker Proof of Claim to the extent that its stated amount ($1,300,000.00) differs from the amount of any final judgment or settlement in the Proceeding.  For the avoidance of doubt, the Reorganized Debtors deny any liability to Tasker and thus respectfully submit that the Tasker Proof of Claim should be Disallowed (as such term is defined in the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization) (Dkt. 1809, Ex. 1) in its entirety upon entry of a take-nothing judgment in GOM's favor in the Proceeding.

3.      The Reconsideration Order expressly does not "limit the Reorganized Debtors' ability to assert defenses, objections, or arguments in" the Proceeding.  Reconsideration Order at 2.  The Reorganized Debtors thus maintain and reserve all rights to defend themselves in the Proceeding, and further reserve the right to amend this objection to the extent necessary or appropriate.  Because the Tasker Proof of Claim will be Allowed or Disallowed in accordance with the final judgment or settlement in the Proceeding, the Reorganized Debtors respectfully submit that no hearing on this objection is necessary at the present time.

### CONCLUSION

For these reasons, the Reorganized Debtors respectfully ask the Court, upon entry of a final judgment in the Proceeding, to Disallow the Tasker Proof of Claim to the fullest extent consistent with such final judgment and to grant the Reorganized Debtors such other and further relief to which they are entitled.

Dated: April 3, 2018
Houston, Texas

**VINSON & ELKINS LLP**

By:  */s/ Jordan W. Leu*
Harry A. Perrin (TX 15796800)
Bradley R. Foxman (TX 24065243)
Reese A. O'Connor (TX 24092910)
First City Tower
1001 Fannin Street, Suite 2500
Houston, TX 77002-6760
Tel:  713.758.2222
Fax:  713.758.2346
hperrin@velaw.com; bfoxman@velaw.com;
roconnor@velaw.com

- and -

Paul E. Heath (TX 09355050)
Jordan W. Leu (TX 24070139)
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, TX 75201
Tel:  214.220.7700
Fax: 214.999.7787
pheath@velaw.com
jleu@velaw.com

- and -

David S. Meyer (admitted *pro hac vice*)
Jessica C. Peet (admitted *pro hac vice*)
Lauren R. Kanzer (admitted *pro hac vice*)
666 Fifth Avenue, 26th Floor
New York, NY 10103-0040
Tel:  212.237.0000
Fax: 212.237.0100
dmeyer@velaw.com; jpeet@velaw.com;
lkanzer@velaw.com

**ATTORNEYS FOR THE
REORGANIZED DEBTORS**

3

## CERTIFICATE OF SERVICE

I certify that on April 3, 2018, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

_/s/ Jordan W. Leu_
One of Counsel

US 5575698

4

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

KENNEDY TASKER §
§
     Plaintiff, §
§
vs. §
§                          Civil Action No. 3:15-CV-00055
CHEVRON U.S.A., INC. AND ENERGY § JURY
XXI GOM, LLC. §
§
     Defendant. §

### DEFENDANT, ENERGY XXI GOM, LLC'S ORIGINAL ANSWER
### TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW ENERGY XXI GOM, LLC, Defendant herein, and answers the

allegations contained within the separately numbered paragraphs of Plaintiff's First

Amended Complaint as follows:

**I.**

1.     Defendant has insufficient knowledge to admit or deny the allegations in

paragraph 1 of Plaintiff's First Amended Complaint.

2.     Defendant has insufficient knowledge to admit or deny Plaintiff's residence

as alleged in paragraph 2 of Plaintiff's First Amended Complaint.

3.     Defendant has insufficient knowledge to admit or deny the allegations in

paragraph 3 of Plaintiff's First Amended Complaint.

4.     Defendant admits the allegations in paragraph 4 of Plaintiff's First

Amended Complaint.

5. Defendant admits it owned and operated South Pass Platform 49-A. Defendant has insufficient knowledge to admit or deny the remaining allegations in paragraph 5 of Plaintiff's First Amended Complaint.

6. With regard to paragraph 6 of Plaintiff's First Amended Complaint, Defendant admits it owned the platform at the time of the incident in question. Defendant denies the remaining allegations in paragraph 6 of Plaintiff's First Amended Complaint.

7. Defendant denies the allegations contained within paragraph 7 of Plaintiff's First Amended Complaint.

8. With regard to paragraph 8 of Plaintiff's First Amended Complaint, Defendant admits it owned the platform at the time of the incident in question. Defendant denies the remaining allegation contained within paragraph 8 of Plaintiff's First Amended Complaint.

9. Defendant has insufficient knowledge to admit or deny the allegations in paragraph 9 of Plaintiff's First Amended Complaint.

10. Defendant denies the allegations in paragraph 10 of Plaintiff's First Amended Complaint.

11. No response is required for the allegations in paragraph 11 of Plaintiff's First Amended Complaint.

12. Defendant denies the allegations made in the prayer of Plaintiff's First Amended Complaint.

**FIRST DEFENSE**

13.    Defendant avers the affirmative defense of contributory negligence and for which any alleged damages should be barred or reduced accordingly.

**SECOND DEFENSE**

14.    Defendant avers the damages about which Plaintiff complains, which Defendant denies, were caused solely by the acts or omissions of a third party not under the control of Defendant.

**THIRD DEFENSE**

15.    Defendant avers the damages about which Plaintiff complains, which Defendant denies, were the result of a new and independent cause in no way connected to the conduct of Defendant.  Defendant acted reasonable and appropriate at all material times.

**FOURTH DEFENSE**

16.    Defendant avers that the condition complained of was not unreasonably dangerous, nor did Defendant have actual or constructive knowledge of the alleged condition.

**FIFTH DEFENSE**

17.    Defendant avers that according to Section 18.091 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, Plaintiff's alleged earnings, loss of earning capacity, loss of contributions of a pecuniary value, and/or loss of inheritance must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal and/or state income tax law.

3

## SIXTH DEFENSE

18.     Defendant would show according to Section 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE recovery of medical and health care related expenses should be limited to the amount actually paid or incurred.

## SEVENTH DEFENSE

19.     Defendant would show Plaintiff's injuries and/or damages, if any, were caused or contributed to, in whole or in part, by the failure of Plaintiff to mitigate his damages.

## EIGHTH DEFENSE

20.     Pleading further and subject to the foregoing, without waiving same, in the event competent evidence is brought forward that Plaintiff suffered from a pre-existing condition, not caused by any action or inaction on the part of Defendant, Defendant would show that Plaintiff is entitled only to any exacerbation of that preexisting condition, but not for the condition itself.

## RESERVATION OF RIGHT TO AMEND

Defendant reserves its right to further amend its Answer and assert counterclaims, cross claims or other claims after it has had an opportunity to more closely investigate these claims as is its right and privilege under the Federal Rules of Civil Procedure.

## PRAYER

WHEREFORE, Defendant Energy XXI GOM, LLC, prays that the Court enter judgment that Plaintiff Kennedy Tasker and any other person or entity making a claim against Defendant, take nothing against it, that the Court dismiss all such claim(s) with

4

prejudice. Defendant also prays for all other relief to which it may be entitled at law or equity.

Respectfully Submitted,

DONATO, MINX, BROWN & POOL, P.C.

/s/  *Robert D. Brown*

Robert D. Brown
Attorney in Charge
TBN: 031647158/Fed. ID 12854
3200 Southwest Freeway, Suite 2300
Houston, TX  77027
Phone:  (713) 877-1112
Fax:  (713) 877-1138
bbrown@donatominxbrown.com

**ATTORNEY FOR DEFENDANT
ENERGY XXI GOM, LLC**

OF COUNSEL:

DONATO, MINX, BROWN & POOL, P.C.
James T. Sunosky
TBN 24033372
3200 Southwest Freeway, Suite 2300
Houston, TX  77027
Phone:  (713) 877-1112
Fax:  (713) 877-1138
mjett@donatominxbrown.com

**ATTORNEY FOR DEFENDANT
ENERGY XXI GOM, LLC**

## <u>CERTIFICATE OF SERVICE</u>

This will certify that a true and correct copy of the foregoing has been forwarded to all parties pursuant to the Federal Rules of Civil Procedure via electronic filing on June 23, 2015.

| | |
|---|---|
| ***Plaintiff's Counsel:***<br>Caj D. Boatright<br>Arnold & Itkin, LLP<br>6009 Memorial Drive<br>Houston, Texas 77007 | cboatright@arnolditkin.com |
| Rex Townsley<br>The Townsley Law Firm, LLP<br>3102 Enterprise Blvd.<br>Lake Charles, LA 70601 | rex@townsleylawfirm.com |
| ***Chevron U.S.A., Inc.'s Counsel:***<br>James T. Brown<br>Jeanie Tate Goodwin<br>Legge, Farrow, Kimmit, McGrath & Brown LLP<br>5151 San Felipe, Suite 400<br>Houston, Texas 77056<br>(713) 917-0888<br>(713) 953-9470 – Fax | JimBrown@leggefarrow.com |

/s/  *Robert D. Brown*
Robert D. Brown